PARRA VICTOR
(Name)

P.O. Box. 799002
(Address)

San Diego CA. 92179
(City, State, Zip)

P-58682
(CDC Inmate No.)

2254    1983 ✓
**FILING FEE PAID**
Yes ___ No ✓
**IFP MOTION FILED**
Yes ✓ No ___
**COPIES SENT TO**
Court ✓ ProSe ___

FILED

2008 JAN 31 PM 2: 31

CLERK US DI... ....
SOUTHERN DISTRICT OF CALIFORNIA

BY _RM_ _____ DEPUTY

# United States District Court
## Southern District of California

PARRA VICTOR _____ ,
(Enter full name of plaintiff in this action.)

                                    Plaintiff,

v.

R. HERNANDEZ _____ ,
R. LIMON _____ ,
W. LILES _____ ,
A.L. COTA        et. al, ,
(Enter full name of each defendant in this action.)
P. COWAN
Dept. of Corrections.

                                    Defendant(s).

)
)
)
)    '08 CV 0191 H CAB
)    Civil Case No. _____
)    (To be supplied by Court Clerk)
)
)
)    Complaint under the
)    Civil Rights Act
)    42 U.S.C. § 1983
)
)
)
)

**A. Jurisdiction**

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.
Suplemental Jurisdiction 28 U.S.C. 1367.

**B. Parties**

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, PARRA VICTOR
(print Plaintiff's name)
_____ , who presently resides at Richard J. Donovan Correctional
(mailing address or place of confinement)
Facility. P.O. Box. 799002, San Diego CA. 92179 _____ , were violated by the actions
of the below named individuals. The actions were directed against Plaintiff at (RJD) State Prison
Facility 2 Unit 6 and 7 and 8. on (dates) 9-25-06, throug , and April 2007.
(institution/place where violation occurred)          (Count 1)        (Count 2)        (Count 3)

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant _R. Hernandez_ resides in _San Diego County_,
          (name)                              (County of residence)
and is employed as a _Prison Warden_. This defendant is sued in
                      (defendant's position/title (if any))
his/~~her~~ ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: _He is legaly responsible for the operation of the prison and the_
_welfare of the prisoners, including plaintiff._

Defendant _R. Limon_ resides in _San Diego County_,
          (name)                              (County of residence)
and is employed as a _Correctional Officer_. This defendant is sued in
                      (defendant's position/title (if any))
his/~~her~~ ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: _He is employeed by the CDC at all times mention here in._

Defendant _W. Liles_ resides in _San Diego County_,
          (name)                              (County of residence)
and is employed as a _Correctional Officer_. This defendant is sued in
                      (defendant's position/title (if any))
his/~~her~~ ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: _He was employed by the CDC at all times mention here in_

Defendant _A.L. Cota_ resides in _San Diego County_,
          (name)                              (County of residence)
and is employed as a _Correctional Officer_. This defendant is sued in
                      (defendant's position/title (if any))
his/~~her~~ ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: _He was employed by the CDC at all times mention herein_

※ Defendant P.Cowan resides at San Diego County and is employed as a Warden assistant for Facility 2 where plaintiffs rights were violated. He is sued in his individual capacity. At all times mentioned here in he was acting under color of California law. as an employee of the CDC.

※ The California Department of Corrections and Rehabilitations is a state agency and vicariously liable under state torts only perpetrated by the above defendants.

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1:  The following civil right has been violated: *(Freedom from cruel and unusual*
(E.g., right to medical care, access to courts,
*Punishment) And (Freedom from retaliation for the exercise of a Constitutional Right)*.
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:  [Include all facts you consider important to Count 1.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

1.  Defendants R. Limon, W. Liles, And A.L. Cota, have violated plaintiffs civil Right to be free from cruel and unusual Punishment when they enforced Operational Plan #85 and order plaintiff to share a cell with Inmate I. Duran T-20968 a General Population (GP) Inmate.

2. Plaintiff on September 25, 2006 was ordered by Limon and Liles to double cell with inmate Duran. Plaintiff was Classified as [Safety Concerns].

3. Plaintiff was ordered to signed a double cell cell agreement or he would be placed on Yard hold and move to Unit 8 where no yard, Library or other created services are available

4. Plaintiff explained to Limon that Duran was not compatible with him and would assault plaintiff, he was in a different Yard group.

5. Limon Treatened plaintiff with the issuance of a Rule Violation Report (RVR) if he did not signed the agreement.

6. Plaintiff agreed to double cell with duran with the condition that plaintiff would not signe the agreement and will file a suit if plaintiff was assaulted. RVR at Exb A. was then issued.

7. Defendant Limon, Liles and AL. Cota enforced plan # 85 and effectedly deprive plaintiff of outdoor exercise yard from september 25, 2006 to April 2007.

8. From September 25 to January 1, 2007 plaintiff received no Yard at all. From January 1, 2007 to April, 2007 plaintiff was allowed less that 5 hour of yard a week.

9. Plaintiff Eighth Amendment Right, Freedom from cruel and unusual punishment was violated by defendants Liles, Limon and AL. Cota when they deprived plaintiff of outdoor exercise yard. Plaintiff also Exercised his right to protection from bodily harm Civil Code Sec. 43 I retaliation for plaintiffs exercise of his rights defendants took adverse action see par 1 - 8. violating plaintiffs First Amendment right U.S. Con. to engage in the exercise of a protected right derived by Civil Code Sec. 43.

Count 2: The following civil right has been violated: _Freedom From cruel and Unusual_
(E.g., right to medical care, access to courts,
_Punishment. (deliberate Indifference)_
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:  [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

10. Defendants Limon, Liles, A.L. Cota, P. Cowan, And R. Hernandez have deprived plaintiff of his Eighth Amendment Right U.S. Cons. Freedom from cruel and unusual punishment when they housed plaintiff a mentally ill patient in atipical conditions and were deliberate Indifferent.

11. Defendants R. Hernandez. Prison warden, P. Cowan Assistant Warden for Yard 2 and A.L. Cota Facility 2 Captain have created conditions of isolation and enviromental deprivation presenting substantial risk to mentaly ill inmates when they house mentaly ill prisoners at Unit 8. A 24 hour lock down Unit and do not do anything to ameliorate the offending 24 hour lockdown.

12. Plaintiff filed an Inmate Appeal On October 10,2006. see Exhibit B. And advised defendants of the atipical harship at Unit 8.

13. defendants A.L. Cota, Cowan and Hernandez created in Unit 8 a 24 hour lockdown where the only time Inmates exit their cells are at shower days. three days out of the week, there is no schedule for yard or access to yard, Law Library or access to recreational reading books.

14. defendants at all times were aware plaintiff sufered the likely hood of decompensation (see Exb A at 29 line 8-9. 128 G "Classification Chrono") Plaintiff has an enciety disorder.

15. On January 1, 2007 After 80 days plaintiff was given the chance to be housed at Unit 7. where less than five hours a week were aforded of out door exercise yard. see Exb B at 26.

16. Due to defendants failure to ameliorate plaintiffs condition of isolation plaintiff sufered anciety atacks, feelings of fear, anguish and inferiority humiliating and debasing plaintiff.

17. Defendants Limon and Liles were deliverate indifferent when they new plaintiff would receive no yard and his mental illness posed a risk in a 24 hour lockdown. like Unit 8.

18. The above defendants, and all of them deprived plaintiff of his U.S. Amen. Eighth. Freedom from cruel and unusual punishment when they were deliverate indifferent to plaintiffs likelyhood of decompensation mental illnes and subjected him to their created 24 hour isolation and did nothing to ameliorate the 24 hour lockdown. And seven months of less that 5 hours of yard per week.

<u>Count 3</u>:  The following civil right has been violated: <u>Freedom from Cruel and Unusual</u>
<u>Punishment.</u>
(E.g., right to medical care, access to courts,
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment,
etc.)

<u>Supporting Facts</u>:  [Include all facts you consider important to Count 3.  State what happened clearly and in
your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant,
*by name*, did to violate the right alleged in Count 3.]

19. Defendants Limon, liles and Cota. have violated plaintiffs U.S. Eighth Amendment Constitu-
tional right Freedom from cruel and unusual punishment when they deprived plaintiff of a basic
human need of exercise in an outdor yard in order to obtain his signature and weive his right to
be free from assault from other inmate protection arrising out of his [safety conserns] Clasification
and state created interest in liverties obtained at unit 6.

20. Defendants attemted to obtain plaintiffs signature and double cell him with Inmate Duran by
torturous methods suspending his right to outdoor exercise yard and instituting a 24 hour
isolation on him. Causing plaintiff to sufer anciety, depresion, humiligtion and head aches
interfering with daily activities and depriving plaintiff of sleep at night. exacervaiting plaintiffs
mental illness. without first obtaining or securing a formal adjudication of guilt

21. Defendants plaised plaintiff in an unexcapable predicament either risk being assaulted by
inmate Duran or lose exercise yard opportunities.

22. Defendants Limon and Liles ultimate Catch-22 deprived plaintiff of his classification [safety
conserns] inherent protection from assault.

23. Defendants Torturous methods of deprivation of exercise yard to obtain a signature deprived
plaintiff of freedom from cruel and unusual punishment by punishing plaintiff without first
securing and adjudication of guilt in violation of the eighth Amendment to the U.S. Cons.

(Continue at 8)

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b) Name of the court and docket number: _____

_____

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____

(d) Issues raised: _____

_____

_____

_____

_____

(e) Approximate date case was filed: _____

(f) Approximate date of disposition: _____

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.   If your answer is "No", briefly explain why administrative relief was not sought.

See Exhibit B Inmate Appeal CDC 602 Exhausted through all levels of review   Log No. RJD-06-1179

Also enclosed is a Government Claim form. Log No. 568459 as Exhibit D

_____

_____

_____

_____

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

    1. An injunction preventing defendant(s): _____ *See Page 16 - 17* _____

_____

_____

_____

    2. Damages in the sum of $ _____ .

    3. Punitive damages in the sum of $ _____ .

    4. Other:_____

_____

**F. Demand for Jury Trial**

    Plaintiff demands a trial by ☒ Jury  ☐ Court.  (Choose one.)

**G.  Consent to Magistrate Judge Jurisdiction**

    In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

    The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

    You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate   **OR**   ☐ Plaintiff requests that a district judge
    judge jurisdiction as set forth                         be designated to decide dispositive
    above.                                        matters and trial in this case.

*January 23, 2008*                 *Victor Parra Jr.*
Date                                Signature of Plaintiff

§ 1983 SD Form
(Rev. 4/06)

FOURTH CAUSE OF ACTION

( Freedom From Unreasonable ... Seizures.)

1

2  24. Defendants Limon, Liles and Cota violated plaintiffs fourth Amendment Right to be free

3  from unreasonable seizures, when they arbitrarily seized plaintiff at Unit 6 and removed him

4  in retaliation for refusing to give them his signature

5  25. Plaintiffs removal and placement at Unit 8 exceeded the legitimate purpose of detention and

6  any legitimate justification defendants had to transfer plaintiff to Unit 8. which is not

7  designed to be administered as an Administrative Segregation.

8  26. Defendants seisure of plaintiff and confinement at Unit 8 exceeded the scope of the initial

9  request to double cell because at Unit 8 plaintiff would still be single celled.

10 27. The detention of plaintiff at Unit 8 even after complying with the double cell request

11 see Exhibit A at 2 line 5 to 7. was in violation of the requirements of the double cell form

12 at Exhibit C'.  As stated by Lieutenant G. Pederson;

13 "... All available information sources were not review and no
   substantive attempt was mad to verity or disprove his [plaintiffs]

14 claims." at Exb A page 2 line 8-11.

15 28. Defendants arbitrary seizure of plaintiff at Unit 8 exceeding the purpose to double cell him

16 and detain him at Unit 8 even after plaintiff complyed with the double cell request. violated

17 plaintiffs Fourth Amendment to the U.S. Constitution. To be free from Unreasonable Seizures.

18 FIFTH CAUSE OF ACTION

19 ( Federal Due Process )

20 29. Defendants Limon and Liles have violated plaintiffs fourtteenth Amendment rights to due process

21 by placing plaintiff in a prison Unit imposing atypical and significant harship for 80 days.

22 30. Defendants placed plaintiff at Unit 8 at the prison without first conducting a review of inmate

23 statements that inmate duran was incompatible and of plaintiffs and Durans case factor on the

24 central files as required by the double cell review and finding a compatible cell partner.

25 31. Lieutenant G. Pederson found defendants misconduct "a due process violation" Exb A at 2 line

26 10.

27 32. Plaintiff had aquired the interest afforded to him at Unit 6 of access to outdoor exersice yard

28 on. Monday, tuesday, wenesday, thursday and Saturday from 7:00pm. to 8:45pm.

33. Plaintiff had access to the Law Library and recreational reading books at Unit 6.

34. Defendants Limon, Liles and Cota imposed atypical and significant hardship on plaintiff when plaintiff loss the above liberty interest for 80 days do to placement at Unit 8.

35. Defendants failure to conduct the required case factors review before placing plaintiff in a 24 hour isolation deprived plaintiff of liberty interests at Unit 6. Creating restrictions on ordinary incidents of prison life in violation his fourteenth amendment right to due process before being deprived of such liberties.

SIXTH CAUSE OF ACTION

(Federal Due Process)

36. Defendants Limon, Liles, Cota, Cowan and Hernandez have violated plaintiffs Due process right under the U.S. Cons. Fourteenth Amendment by charging him with violating Operational plan (OP) # 85. Without first giving constructive or actual NOTICE to plaintiff that he was expected to abide (OP)# 85 and failure to do so would result in a 24 hour isolation and transfer to a harsh lockup Unit.

37. Plaintiff was charge with violating (O.P.)# 85 see Exb A at 1.

38. (O P)# 85 is not a rule or regulation printed in the California Code of Regulations (CCR) Title 15 or any other source of notice to plaintiff of what conduct is expected or prohibited by (OP) # 85.

39. When plaintiff asked to be inform of the contents of (OP) # 85 see Exhibit B at section B. he was denied. See Exb B at 17. Under APPEAL RESPONSE. Then he was told if he wanted a copy of (OP)# 85 to pay for it see Exb B at 15 last two lines.

40. Defendants Lack of Notice of what the rule prohibits or the consequences on breaking the (OP) 85 violates plaintiffs Due process of law

41. (OP) 85. Reach innocent conduct by plaintiff provided by his classification [safety concerns] to refused to be housed with (GP) inmates.

42. Defendants failure to give notice to plaintiff of what conduct is prohibited and expected by plan 85 deprived plaintiff of his fourteenth Amendment right to due process of Law.

9

### SEVENTH CAUSE OF ACTION
(Federal Due Process)

43. Defendants Limon, Liles and Cota have violated plaintiff's fourteenth Amendment Right to due process of Law. by depriving plaintiff of outdoor exercise, access to Law Library and recreational reading books as punishment before securing a formal adjudication of guilt.

44. Plaintiff refused to give defendants Limon, Liles and Cota his signature to preserve his right to sue should he be injured by Inmate Duran.

45. Defendants then punish plaintiff with loss of yard see ExbA. and a 24 hour isolation before securing an adjudication of guilt

46. Defendants torturous punishment before giving plaintiff a hearing to defend himself violated plaintiff's due process rights, not to be deprived of liverty without due process.

### EIGTH CAUSE OF ACTION
State Created Liberty Interest.

47. Defendants, Limon, Liles, Cota, Cowan and Hernandez have deprived plaintiff of his state created liberty interest protected by the United States Constitution Fourteenth Amendment when they deprived plaintiff of the aquired protection from great bodily harm, derived from his classification [safety concerns] when they refused plaintiff the benefits of Title 15 section 3341.5 (a)(5) and (6) and (7) [Protection from GP Inmates and other enemies] and punish plaintiff for asserting those benefits and refused to signed a double cell agreement.

48. Warden defendant Hernandez and his assistant for Facility 2 P. Cowan, Facility 2 Captain A.L. Cota. (Ad-Seg) sergeant W. liles and all officers including R. Limon defendant, have a policy of mixing General Population Inmates with Safety Concerns and Sensitive Needs Yard (Protected Custody) Inmates, which has led to numerous assaults, Inmate on Inmate.

49. Plaintiff has been double celled with (GP) Inmates Mark Sandova and Albin Robinson In (Ad-Seg) in the past. they were inactive. Sandova Was Puertorican and Robinson black.

50. Plaintiff was asked to double celled with Inmate Duran who was (G.P.). Plaintiff knew Duran was an active gang member (southern hispanic desruptive group)

51. Defendants deprived plaintiff of the venefit in the liberty interes of protection aquired do to the state created classification [Safety Concerns] when they plaintiff in the unexcapoble

1  choice of. Agree to double cell with Duran or else be subject to the 24 hour isolation policy.

2  52. Defendants denial of the state created liberty in plaintiffs classification of protection without

3  first performing an inquiery into the case factors of plaintiff and Duran to assesed compatible

4  factors as required by the double cell review Exb 'C'. violated plaintiffs Fourteenth Amendment

5  Right to do process in the state created classification liverty interest of protection.

NINTH CAUSE OF ACTION

6

7  ( State - Freedom From Unreasonable Seizure )

8  53. Defendants Limon, Liles, Cota and Cowan have violated plaintiffs rights under the California

9  constitution Article I, section 13 Freedom from Unreasonable Seizure when defendants Cowan and

10  Cota devised a plan to housed single cell Inmates at Unit 8 and Limon, Liles and Cota acted on the

11  plan and applied it at Unit 6 of Facility 2 and without reason removed plaintiff out of Unit 6 to

12  housed him at a 24 hour isolation Unit 8. (Plaintiff has Complied With (CTCA).)

13  54. Defendants Limon and Liles atempted to secure plaintiffs signature on a double cell review form to

14  house plaintiff with inmate Duran.

15  55. Plaintiff refused to give them the signature but agreed to move with duran subject to a Law suit

16  should duran harm plaintiff.

17  56. Defendants Limon, Liles, Cota and P. Cowan have enforced a plan to remove Inmates from Units

18  6 and 7 and place them at Unit 8 a 24 hour isolation Unit. coerced them inmates to signed the

19  double cell agreements in order to either avoid or secure release from Unit 8.

20  57. Plaintiff agreed to double cell but refuse to signed the agreement, defendants then arvitrarily with

21  no reason and no legitimate penological interest seized plaintiff out of Unit 6 and isolated him at Unit 8.

22  58. By prolonging plaintiffs seizure at Unit 8 and removing him from 6 withoutany justification

23  defendants violated plaintiff California Constitutional rights to be free from Unreasonable Seizures.

TENTH CAUSE OF ACTION

24

25  ( State - Interferance With the Exercise of Civil Rights. )

26  59. Plaintiff has Complied With the requirements of the California Tort Claims Act (CTCA)

27  60. Plaintiff has a right of protection from bodily restrain or harm Cal. Civil Code. 43.

28  61. Defendants Limon and Liles placed plaintiff in an unexcapable predicament and tryed to

1  double celled plaintiff with an Inmate who posed a treat to plaintiff due to plaintiffs classification

2  of [Safety Concerns].

3  62. Plaintiff exercised his right under California Civil Code section 43 to protect himself from

4  harm and refused to signe the double cell agreement.

5  63. Defendants Limon and Liles then retaliated against plaintiff for exercising his right of protection

6  and perform an adverse transfer to a 24 hour isolation Unit and denied plaintiff exercise

7  yard privileges starting September 25, 2006 to April 2007.

8  64. By denying yard and transfering plaintiff because of the exercise of his right to protection from

9  harm defendants violated plaintiffs entitlement under Civ. Code 43 and Interfered with

10  the exercise of his Civil Rights. And are therefore liable Under California Civil Code Section

11  52 (a) and Government Code of Cal. Section 820 (a)

12  65. California Department of Corrections and Rehabilitation (CDC) is therefor liable pursuant

13  to California Government Code section. 815. 2 (a)

14                    ELEVENTH CAUSE OF ACTION

15            (State – Interferance with the Exercise of Civil Rights)

16  66. Plaintiff has complied with the (CCTCA) Requirements and file a Claim No. G568459

17  67. Plaintiff has a liverty interest in access to outside exercise yard created by the California Code

18  of Regulations (CCR) Title 15 section. 3331 (h), 3343 (h) and 3322 (c)

19  68. As stated on Paragraps 59 to 65 supra. Defendants Interfered with the exercise of plaintiffs

20  Civil Right to access the outdoor exercise yard.

21  69. Defendants Limon, Liles, Cota and Cowan and Hernandez use of denying yard to inmates (see

22  Exhibit A par. 1 line 8 and Inmate Robinson's RVR Exb B at 29 par. 1 at line 10. In order to

23  coerced them to signe a double cell agreement interfered with plaintiff Civil Rights and are

24  therefore liable pursuant to Cal. Civil Code Section 52 and Gov. Code Section 820 (a)

25  70. The CDC is therefore liable pursuant to Gov. Code Section 815.2 (a).

26                    TWELFTH CAUSE OF ACTION

27            (State – Interference With the Exercise of Civil Rights)

28  71. Plaintiff has complied with the (CCTCA) Requirements and filed a Claim No. G568459

12

72. Plaintiff has a liverty interest and Civil Right Created by (CCR) Section 3331 (i) and 3343(i) access to recreational reading material.

73. As stated on Par, 59 to 65 supra. defendants denied plaintiff such civil rights for 80 days at Unit 8.

74. Defendants Limon, Liles, Cota, Cowan and Hernandez 24 hour isolation and interferance with the civil righ of plaintiff access to recreational reading materials in Ad-Seg derived from the above CCR sections makes them Liable pursuant to Civ. Code 52 and Gov. Code Sec. 820(a)

75. The CDC is therefore liable pursuant to Gov. Code. 815.2 (a).

### THIRTEENTH CAUSE OF ACTION
( state - Interference with the Exercise of Civil Rights )

76. Plaintiff has complied with the requirements of the (CTCA) and filed Claim No. G S68459

77. Plaintiff has a civil right created by (CCR) section 31 20 (a) access to Law Library.

78. As stated on par, 59 to 65 supra defendants denied plaintiff such civil Right for 80 days at Unit 8.

79. Defendants Limon, Liles, Cota, Cowan and Hernandez 24 hour isolation and interference the exersice of such civil right makes them liable pursuant to Civil Code 52 and Gov. Code 820(a)

80. The CDC is therefore liable pursuant to Gov. Code . 815.2 (a).

### FOURTEENTH CAUSE OF ACTION
( State tort - Violation of Mandatory Duties )

81. Plaintiff has complied with the requirements of the (CTCA) and filed Claim No. G S68459

82. Defendants Limon, Liles, Cota, Cowan and Hernandez have a mandatory duty on California Civil Code Section 1708 to abstain from... infringing upon any persons ... rights ...

83. As stated on Causes of action One to Fourteenth defendants and all of then infringed upon plaintiff rights as stated on par 1 to 80 supra.

84. Pursuant to Government Code Section 815.6. defendants violated the rules stated on the state causes of action 8th through Fourteenth which were designed to protect plaintiff. CCR. 3341.5 (a)(5) and (6) . Cal. Civ. Code 43 CCR. 3331(i) and (h),.3343 (i) and (h) 3322 (c) and 3330 (b) Conditions of Ad-Seg. breach of these rules caused the injury suffered. There fore defendants are liable pursuant to Gov. Code. 820(a) and 815.6

1  85. The CDC is therefore liable pursuant to Gov. Code Section 815.2 (a)

2                    FIFTEENTH CAUSE OF ACTION

3                     ( State tort - Negligence )

4  86. Plaintiff has complied with the requirements of the (CTCA).

5  87. Defendants Limon and Liles and Cota, tryed to secured plaintiff signature to double celled

6  him with another inmate, Duran Ivan.

7  88. Plaintiff advised them he was not compatible with Duran.

8  89. Defendants failed to perform the required review of compatability as it is required by

9  the CDC Form. Exb 'C'.

10  90. As a result plaintiff sufered the deprivation of access of exercise yard, recraational reading

11  material, Law Library. and a 24 hour isolation at Unit 8.

12  91. Defendants breach a duty imposed on them by Civil Code Section 1714. and the review form

13  for double cell.

14  92. Defendants negligent acts was the substantial factor in bringing about the injury stated at

15  par. 90. supra. The is no rule of law relieving defendants from liability.

16  93. Therefore defendants are liable pursuant to Gov. Code 820 (a)

17  94. The CDC is also liable pursuant to Gov. Code 820 (a), and 815.2 (a)

18                    SIXTEENTH CAUSE OF ACTION

19                     ( State tort - Negligence )

20  95. Plaintiff has complied with the requirements of the (CTCA).

21  96. Plaintiff was given a Rule Violation Report (RVR) for violating (OP) # 85. Exb A.

22  97. Defendants Limon, Liles, Cota, Cowan and Hernandez have enforced the plan without giving

23  notice to plaintiff of what conduct (OP) # 85 prohibits and the consequenses of violating it.

24  98. Defendants, have a duty to use ordinary care imposed on them by Civil Code section 1714.

25  99. Defendants negligently deprived plaintiff of exercise yard when (OP) # 85 does not requires

26  that yard be used as punishment.

27  100. Defendant breach of Civ. Code 1714 and their failure to use care when applying (OP) # 85

28  was the proximate cause of plaintiffs injuries descrived at por. 90 supra.

                              14

1  101. Therefore defendants are liable pursuant to Gov. Code 820 (a)

2  102. The CDC is liable pursuant to Gov. Code 815.2 (a)

3               SEVENTEENTH CAUSE OF ACTION

4              ( State - Breach of Mandatory duties )

5  103. Plaintiff complied with the requirements of (CTCA) and file a claim.

6  104. Defendants Hernandez, Cowan and Cota have a mandatory duty imposed on them by Government Code

7  section 11340.5 (a) requireing them to adop the guidelines of rule making and not enforce (OP) #85

8  untill interested persons have the opportunity to provide input therefore giving notice of what conduct

9  is prohibited or expected.

10 105. The guidelines of Gov. Code 11340.5(a) was designed in part to give plaintiff notice of what conduct

11 is regulated by (OP) #85.

12 106. The Breach of duty of Hernandez, Cowan and Cota to enforce (OP) #85 at Facility 2 without first

13 promulgated as mandated by the Gov. Code. was the direct cause of plaintiffs injury. see par 90 supra.

14 107. therefore defendants are liable pursuant to Gov. Code Section 815.6 and 820 (a).

15 108. The CDC is also liable pursuant to Gov. Code 815.2 (a)

16              EIGHTEENTH CAUSE OF ACTION

17            (State - Interference With Civil Rights )

18 109. Plaintiff has complied with the (CTCA).

19 110. Plaintiff has a state Civil Right as stated on the preceeding causes of action par. 1 - 108.

20 111. Defendants liles, Limon and Cota. have deprived plaintiff of the civil rights aforemention by

21 intimidating him, coerced him and threatening him.

22 112. The intimidation took the form of a 24 hour isolation at Unit, in order to forced plaintiff into

23 signing a double cell agreement.

24 113. The threats of deprivation of yard and issuance of an RVR. Materialiced into 80 days of total

25 isolation at Unit 8 and 7 months of less that five hours a week of exercise yard. and all other

26 mention rights from par 1 to 108.

27 114. Therefore defendants Limon, Liles and Cota are liable for the interference of each right

28 separately. pursuant to Civil Code 52.1 (a) and (b) and Gov. Code 820 (a).

115. There fore the CDC is also liable pursuant to Gov.Code. 815.2 (a)

## D. RELIEF

WHEREFORE, Plaintiff prays for the following relief;

(1) A declaratory judgement that defendants acts and practices described here in violated Plaintiffs rights as here in stated.

(2) Compensatory damages of 100$ a day for plaintiffs isolation of 80 days and 100$ for each day yard was not aforded to plaintiff from 9-25,06 to April 2007, all defendants.

(3) Compensatory damages to cover plaintiff's stress, psychological damage and mental anguish as a result of plaintiff's isolation. from all defendants separately.

(4) Compensatory damages in excess of 50,000$ from all defendants who intentionally violated plaintiffs constitutional rights severally. exepting the CDC, for federal Claims.

(5) Compensatory damages of 30,000$ or in excess of said amount from each defendant found to have committed a state tort including the CDC.

(6) Compensatory damages in excess of 30,000$ with regard to Causes of action Tenth, Eleventh, Twelfth, Thirteenth and eighteenth derived from civil code 52 and 52.1 from each an every offense for the actual damages, and any amount that may be determine by a jury from each defendant. Up to a maximum of three times the amount of actual damages but in no case less than four thousand dollars 4,000$

(7) Pursuant to causes of action at (6) supra and Civil Code 52 (b) (1) and (2) an award of 25,000$ as a civil penalty individually against each defendant.

(8) Compensatory damages of in excess of 100,000$ from defendants jointly to cover traumatic stress, anxiety, panic and umiliation, exepting the CDC

(9) Punitive damages in excess of 100,000$ from all defendants jointly or severally from anyone of the defendants found intentionally violated plaintiffs Federal rights exept the CDC.

(10) Punitive damages from state torts for any one found to have comitted a tort in excess of 50,000 exepting the CDC.

(11) Plaintiffs cost of suit, And reasonable attorney fees pursuant to 42 U.S.C. Section

16

1  |  1983, and California Civil Code 52 (b)(3) and 52.1 (h) or any other grounds
2  |  authorized by law
3  |  (12) Trial by Jury
4  |  (13) for further relief the court deems just.
5  |
6  |  Dated. January 23, 2008                    Respectfully Submitted
7  |                                             Victor Parra Jr.
8  |                                             In Pro se.

17

# *VERIFICATION*

## STATE OF CALIFORNIA
## COUNTY OF San Diego

(C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, _Victor Parra_ _____ DECLARE UNDER PENALTY OF PERJURY
THAT: I AM THE _____Plaintiff_____ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS __23__ DAY OF: _January_ 20 _08_ AT _Richard J. Donovan_
Correctional Facility. P.O. Box. 799002. San Diego CA. 92179

(SIGNATURE) _Victor Parra_ _____
(DECLARANT/PRISONER)

---

# *PROOF OF SERVICE BY MAIL*

(C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, _Victor Parra_ AM A RESIDENT OF _Richard J. Donovan Correctional Facility San Diego
county_, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM [NOT]
A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX . 799002. San Diego
California. 92179.

ON _January 23_ 20 _08_ I SERVED THE FOREGOING: _Complaint Under the_
Civil Rights Act 42 U.S.C. 1983

**(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)**

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S),
WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED
AT _480 Alta Road. P.O.Box-799002. San Diego CA.92179-9002_

(To the Clerk) U.S. Dist.Crt. Sou.Dis.Cal
880 Front Street, suite 4290
San Diego, CA. 92101-8900

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: _1-23-2008_ _Victor Parra_
(DECLARANT/PRISONER)

EXHIBIT — A

804 TO RECORDS: *10-6-06*  BY: _____

STATE OF CALIFORNIA

## RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| P-58682 | PARRA | | | RJDCF/ASU | F2-06-204U | F2-06-554 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR §3005(b) OBEYING ORDERS | REFUSING AN ORDER TO DOUBLE CELL | | ASU #6-204 | 09/28/2006 | 1830 HOURS |

CIRCUMSTANCES

On Thursday, September 28, 2006, at approximately 1830 hours, while performing my duties as the Administrative Segregation Unit (ASU) Housing Unit #6 S&E Officer, I informed Inmate PARRA, P-58682, F2-06-204L, that he had been assigned to Double Cell status by I.C.C. I informed Inmate PARRA of Operational Plan #85, Single/Double Cell Procedures, which states, in part, "Inmates are not entitled to single cell assignment, housing location of choice, or cellmate of choice. An inmate is expected to share occupancy with another inmate in a cell setting...unless staff determines that an inmate's case factors or security concers warrant single cell assignment. I informed Inmate PARRA that he would have to get a cellmate due to the overcrowding situation in ASU. I also informed Inmate PARRA that his refusal to get a cellmate would result in him being issued a CDC-115 for "Refusing to Obey Orders to Double-Cell." I further advised Inmate PARRA that a "Yard Hold" would be in effect, due to this pending CDC-115. Inmate PARRA indicated he didn't want a cell-mate, and refused to double cell, stating, " NO." Inmate PARRA is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ R. LIMON, CORRECTIONAL OFFICER | | 10/4/6 | | |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ W. LILES, CORRECTIONAL SERGEANT | 10-04-06 | | LOC. ALREADY IN ASU |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO | | | |
|---|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | | | | | | |
| ☑ SERIOUS | | 13/5/ | ▶ A.L. COTA, FACILITY TWO CAPTAIN | ☐ HO | ☑ SHO | ☐ SC | ☐ FC |

### COPIES GIVEN INMATE BEFORE HEARING

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| | ▶ | 10/16. | 12w | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| | ▶ | | | ▶ | | |

HEARING

Inmate PARRA, P-58682, appeared before this Senior Hearing Officer on Monday, October 30, 2006, at 1755 hours, for hearing of RVR Log #F2-06-554. Inmate PARRA is a Mental Health Services Delivery System, at the CCCMS level of care.

Staff Assistant was not assigned, per CCR 3315(d)(2)(A)1,2,3; The Inmate is not illiterate, is English speaking, the issues are not complex, he claims a GPL/TABE score of GED, and he does not require a confidential relationship in preparing his defense.

The inmate acknowledged that he was in good health. He did not object to proceeding with this hearing. He was advised of the charges and the purposes of the hearing, and acknowledged receipt of the 115, 115A, 115C, I.E. Report, 24 hours prior to this hearing. The inmate received his first copy of the RVR within 15 days of discovery and the hearing was held within 30 days of the issuance of the RVR. Therefore, all time constraints were met.

Investigative Employee was assigned per CCR 3315(d)(1)(A)1,2,3; The issues are not complex, the inmate's housing status did preclude his evidence gathering, and additional information was necessary for a fair hearing. Correctional Officer O. Leal was assigned on 10/17/06, and the report was taken into consideration by the Senior Hearing Officer.

(CONTINUATION ON ATTACHED CDC-115 PART 'C')

Witness es were requested or were noted by Inmate PARRA's signature on the CDC-115-A.

| ACTION BY: (TYPED NAME) | SIGNATURE | | DATE | TIME |
|---|---|---|---|---|
| G. PEDERSON, CORRECTIONAL LIEUTENANT | ▶ | | 11/3/06 | 1100 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
|---|---|---|---|---|
| ▶ A.L. COTA, FACILITY TWO CAPTAIN | | ▶ R. COWAN, ASSOCIATE WARDEN | 11/6/ | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
|---|---|---|---|---|
| | ▶ | | 11-6-06 | 1400 |

CDC 115 (7/88)

STATE OF CALIFORNIA                                                                DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**                                                PAGE _2_ OF _2_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-58682 | PARRA, | F2-06-554 | RJDCF/ASU | 10/30/06 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHER_____

Inmate PARRA, P-58682, PLED: Not Guilty, stating, "I have SNY issues from both of the prisons I was at, before I came here. The guy they tried to cell me with was G.P.."

FINDINGS: Not Guilty of CCR 3005(b) Obeying Orders, specifically, Refusing an Order to Double Cell, based on the preponderance of the following evidence considered during the hearing:

1) The Rules Violation Report, dated 09/28/06, authored by Correctional Officer R. Limon, which states in part, "Inmate PARRA indicated he didn't want a cellmate and refused to double cell, stating, 'No.'" However, the Senior Hearing Officer notes that Inmate PARRA was in compliance at the time of this hearing.

2) The Investigative Employee's Report, which indicates no SNY concerns is based solely on a review of the defendant's ASU file. The Senior Hearing Officer notes that no Central File review was conducted regarding his claims. The Senior Hearing Officer deems this to be a "Due Process" violation in that all available information sources were not reviewed, and no substantive attempt was made to verify or disprove his claims.

3) In view of the aforementioned the Senior Hearing Officer has determined that further disciplinary action against the defendant is unnecessary and serves no legitimate purpose.

Considering all the evidence presented during this hearing, the Senior Hearing Officer's Findings are justified, and the preponderance of the evidence supports that Inmate PARRA is Not Guilty of CCR 3005(b) Refusing an Order to Double Cell.

DISPOSITION:
DISMISSED in the Interest of Justice. Per CCR 3326(2), the CDC-115 will be removed from the Central File of the inmate, he will be provided a completed copy of the RVR, and a completed copy will be placed in the Register of Institution Violations. All other copies of the CDC-115 and supplemental reports shall be destroyed.

Inmate was advised he would receive a final copy of this report after audit by the Chief Disciplinary Officer, and of his right to appeal this action per CCR 3084.1, within 15 days thereof on a form CDC-602 if dissatisfied.

| SIGNATURE OF WRITER: G. PETERSON, CORRECTIONAL LIEUTENANT | | DATE SIGNED 11/5/06 |
|---|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED 11-6-06 | TIME SIGNED 1400 |

CDC 115-C (5/95)                                                                              OSP 99 25082

EXHIBIT — B

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: 10/17/04

RICHARD J. DONOVAN CORR. FAC.
APPEAL

Institution/Parole Region
1. (RJD)
2. _____

Log No. OCc-1179
1. _____
2. _____

Category 9

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME PARRA VICTOR | NUMBER P-58682 | ASSIGNMENT NONE | UNIT/ROOM NUMBER F2-8-214 |
|---|---|---|---|

**A. Describe Problem:** On October 10, 2006 I was issued (RVR) Log No. F2-06-554 (see Exhibit A Copy of CDC 115, Authored by Officers R. Limon, Sergeant W. Lilles and Captain A.L Cota)

This issue is partly governed by Judicial decision. Alexander V. Perrill, 916 F.2d 1392, 1395 (9th Cir. 1990) (Deliberate Indifference to a constitutional violation). As stated on the RVR. On September 25, 2006 I was asked to signed an agreement to double cell, I agreed to be double celled but refused to signed the agreement. I was advised by Officer Limon and Sergeant Lilles with threats if I refused to signed I would be denied outdoor exercise yard and rehoused from unit 6 to unit 8 where prisoners have no opportunity for exercise yard, law library, books and would also be issue a CDC 115. (continue next page).

If you need more space, attach one additional sheet.

**B. Action Requested:** That I be provided a copy of Oppertional plan #85, Monetary damages. The name of the person who authorised the transfer from unit 6 to 8 Does 7-8 who will be liable also. And monetary damages against all named officials and does, That I be provided yard, Law library and books to read.

Inmate/Parolee Signature: Victor Parra    Date Submitted: Oct 10, 2006

**C. INFORMAL LEVEL (Date Received: _____**

Staff Response: _____

BYPASS

RECEIVED
BRANCH
FEB 20 2007

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

BYPASS

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim *Attached herein*

CDC Appeal Number:

RJD-OCc-1179

First Level  ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: __OCT 2 4 2006__   Due Date: __NOV 2 8 2006__

Interviewed by: SGt. JS ROBARDS

SEE ATTACHED

Staff Signature: _____   Title: AW   Date Completed: 12/06/06

Division Head Approved:
Signature: _____   Title: AW   Returned Date to Inmate: DEC 0 6 2006

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

P. COWAN and R. HERNANDEZ are deliverate indifferent and enforcing operational plan 85 Enclosed is a (Government claims form) I have requested Law Library by personally handing a request to C. Weavy, (LTA) sterling and Laguna. I want to be compensated monetarily for the continued denial of exercise yard, books, Law Library and O.p. #85

Signature: Victor Parra   Date Submitted: Dec 10-06

Second Level  ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: __DEC 2 8 2006__   Due Date: __JAN 2 9 2007__
☐ See Attached Letter

Signature: _____   Date Completed: 1-30-07

Warden/Superintendent Signature: _____   Date Returned to Inmate: FEB 0 8 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

I was never offered to return to Unit 6. nor was that offer genuine or part of the 602 Interview. I am in Unit F2-7-104 and still not getting 5 hours of outdoor exercise see Exhibit D. Log of CCA yard as schedule and denied and see Michael guillen's Declaration. Also Exhibit E CDC 115 F2-06-726. Plaining Inmate Robinson in yard hold pending (I.S) Enclosed is a Government claims form. Thank you.

Signature: Victor Parra   Date Submitted: Feb 13, 07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____
☐ See Attached Letter

Date: MAY 1 7 2007

CDC 602 (12/87)

I was then denied outdoor Exercise yard. to my schedule (CCA yard at Ad-Seg) on September 25, 26, 27, 28, 30. October 2, 3, 4, 5 and 7 2006 and up to the present.

On October 9, 2006 I was rehoused to Facility 2, Unit 8. On October 10, 2006 I was issued a CDC-115. see Exb A.

Aparently this action was taken as stated on RVR Exb A line 3 pursuant to RJD plan # 8S. It is true i. Prisoners do not have a constitutional right to be housed at a prison or place of their choice. see Olim V. Wakinekona 461 U.S. 238, 103 S.Ct. 1741 (1983) However prisoners have a right to outdoor exercise see Wilson V. Seiter, 501 U.S. 294, 304-05, 111 S.Ct. 2321, 2327 (1991) Toussaint V. Yockey, 722 F.2d 1490, 1492-93 (9th Cir. 1984) Spain v. Procunier. 600 F.2d 189, 199 (9th Cir. 1979) (Five hours a week outdoor exercise required) Crowding and lack of staff do not provide penological justification for lack of exercise. see Gilland V. Owens, 718 F.supp 865, 685 W.D. Tenn 1989). Inmates who are in restricted units with no jobs or programs or other activities, courts have held that at least five hours of exercise must be provided see Davenport v. Roberts. 844 F.2d 1310, 1315 (7th Cir. 1988) also Toussaint V. McCarthy, 597 F.Supp 1388, 1402, 1412 (N.D. Cal. 1984) (requiring 8 hours a week). Long term denial of outdoor exercise states an Eight Amendment Claim see Patterson V. Mintzes, 717 F.2d 284-289 (6th Cir. 1983) (46 days denial stated an eight Amendment claim). Adams V. wolff, 624 F.Supp 1036, 1038-39 (D. Nev. 1985) (damages awarded for six-week denial of recreation).

Officer Limon, lilles, Captain Cota, warden Hernandez all his assistants Does 1-6 are aware Unit 8 inmates do not get yard. and that I am a participant in the CCC MS program and there is a likelyhood of decompensation if I am retain in ASU (see Exhibit B, 128 G dated 9-20-06 line 8-9) and are deliberate indifferent to my mental illness. see Madrid V. Gomez, 889 F.Supp 1146-1242 (N.D. Cal. 1995) (Prison officials had actual subjective knowledge that conditions of isolation and enviromental deprivation... presented substantial risk to mentaly ill inmate... acted wantonly... when they did nothing to ameliorate the offending conditions) Estell V. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285. Hunt V. Dept. 865 F.2d 198, 200 (9th Cir. 1989) (deliverate indiference to medical needs).

I also have a first Amendment right to access to the courts throug adequate Law Library access see. Lewis V. Casey, 518 U.S. 343, 116 S.Ct. 2174 (1996) Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).

I have a court date line as of October 9, 2006 (see Exhibit C order directing me to serve the complaint dated october 4, 06 (Case No 3-05-CV-1966 UAH (PCL) I also represent myself in case No 1-06-CV-00955-AWI (SMS) U.S. Dist. Crt. Eastern dist. of Cal. (see Exhibit C p. 3.

California Civil Code Section 52.1 (a,b) state in part : (a)
Attorney General or city may sue in equity" when ever a person or persons, whether or not acting under color of law, interferes or threats, intimidation or coercion... with the exercise or enjoyment by any individual or individuals of rights secure by the constitution or laws of the U.S. or of the rights secured by the Constitution or laws of this state..." (b) As alluded to "subdivision (b) of section 52.1 allows anyone whose rights have been interfered with as described in subdivision (a) to sue for damages..." Jones V. Kmart Corp. 70 Cal.Rptr.2d 844 (Cal. 1998). at 846

Effecedly with threats Limon and lilles deprived me of the above rights also as under federal law. California Code of Regulations (CCR) Title 15 section 3331 (h) provide the means to which prisoners in Ad-Seg have a right to outdoor exercise. Also section 3343 (h) And access to the courts "Law Library" CCR 3331 (J) To reading material in Adseg 3551 (i) and 3343 (i) (Unit 8 does not provide State books or any other reading material to prisoners). Limon and lilles through treats deprived me of these state rights. The CDCR will also be liable Gov. Code 815. 2.

I was issued the RVR in part pursuant to Operational plan # 8S as stated on the RVR Exb A line 3. Plan # 8S is an "underground regulation" and being enforced in violation of Cal. Government Code 11340.5 (a) which provide that :

"NO STATE AGENCY shall issue, utilize, "enforce" or attempt to enforce any guidelines, criterion, bulletin, manual, instruction, order, standard of general

(continue next page)

application or other rule, which is a regulation as defined in section
11342.600, unless the guidelines, criterion, bulletin, manual, instruction,
order, standard of general application or other rules has been adopted
as a *regulation* and file with the secretary of state pursuant to this
chapter [ 3.5 Administrative Rule Making]

All rules or regulation even Opperational plan #85 has to be adopted pursuant to the Administrative
procedure Act (APA) Throug the Office of Administrative Law (OAL) see penal Code 5058
and Grier v. Kizer 219 Cal.App.3d 422, 440, 268 Cal.Rptr 244, 251 (1990)  All The Authors of plan #85
Captain Coty, lilles and Limon are in violation of Government Code 11340.S (a).

   California Government Code Section 815.6 ``Mandatory duties of public entity to protect against
particular kind of injuries'' allow me to sue for a state tort.  ↓

   Gov. Code 11340.S (a) Creates a mandatory duty on prison officials **not** to enforce Operational
plan # 85 UNLESS it has been adopted by the APA see Cal. Penal Code 5058.

   . The (APA) was adopted to give interested persons the opportunity to provide input on proposed
regulatory actions Armistead v. State Personnel Board 22 Cal.3d 200 at 204 149 Cal.Rptr. at 1 (1978). Therefore
Giving notice of what conduct is prohibited or expected. Violation of Gov.Code 11340.S (a) by the enforcing
of plan 85 resulted in an injury to my receiving a CDC 115 and loss of exercise yard and was the direct
proximate cause why I was given a CDC 115 All authors and enforcers of plan # 85 coty, lilles limon,
Warden R. Hernandez are liable pursuant to violation of Mandatory duties Gov.g Code 815.6 and
the CDCR is also liable pursuant to Gov. Code 815.2.

   Violation of Mandatory duty CCR Section 3331 (h) 3343(h) To provide outdoor Exercise and
CCR 3331 (J) 3343(J) to provide Law Library access and CCR 3331 (i) 3343(i) to provide reading
material to Ad-Seg prisoners was violated by the signess and authors of plan #85 and R. Hernandez
Coty, lilles, and Limon. Said regulation were designed to protect prisoners physical and mental health
and to ensure access to the courts. The injury these regulations were designed to protect or prevent
have cause plaintiff to be depress, have enciety attacks, lose opportunity to outdoor Exercise and to
prepare Legal pleadings for Exhibit 'c'. The enforcement of plan 85 and transfer to building
8 by the plan by R Hernandez, Coty, lilles limon and John Doe 1-5 is the direct proximate
cause of the injuries'' loss of yard, opportunity to Law Library access. and reading material denial
The CDCR is also liable pursuant to Gov.Code Section 815.2 Hyggis V. City of los Angeles
93 Cal.Rptr.2d 327, 22 Cal.4th 490 (2000).

STATE OF CALIFORNIA

CDC 1858 (2/97)

DEPARTMENT OF CORRECTIONS

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE. [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME *VICTOR PARRA* | INMATE/PAROLEE'S SIGNATURE *Victor Parra* | CDC NUMBER *P-S8682* | DATE SIGNED *Oct 10.06* |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL
PUBLIC - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: **MAY 1 7 2007**

In re:    Parra, P-58682
Richard J. Donovan Correctional Facility
at Rock Mountain
P.O. Box 799006
San Diego, CA 92179-9005

IAB Case No.: 0610156          Local Log No.: RJD 06-1179

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner P. D. Vera, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that that on October 10, 2006, he was issued CDC Form 115, Rules Violation Report (RVR) Log #F2-06-554, authored by Correctional Officer R. Limon, reviewed by Correctional Sergeant (Sgt.) W. Lilles and classified by Captain A. L. Cota. As stated on the RVR, he claims that he was asked to sign an agreement to double cell and he agreed to double cell but refused to sign the agreement. He contends that he was threatened by Officer Limon and Sgt. Lilles that if he refused to sign he would be denied outdoor exercise yard and would be re-housed in unit 8 and issued an RVR. He requests that he be provided a copy of Operational Procedure (OP) #85 and requests monetary damages. He also requests to know the name of the person who authorized his transfer from building 6 to building 8. He further requests monetary damages against all named officials. He requests that he be provided yard, law library and books to read.

**II    SECOND LEVEL'S DECISION:** The reviewer found that at the First Level of Review it was noted that an Investigative Employee provided the appellant access to OP #85 prior to his RVR hearing and his request for a copy was denied. At the Second Level of Review (SLR) the appellant's allegations were reviewed. Sgt. Pittman, Administrative Segregation Unit (ASU) Sgt. was interviewed. It was discovered that currently, due to disturbances occurring on the ASU exercise yard, a new yard schedule was submitted and approved. Housing unit 8 ASU inmates are not included in the yard schedule due to the limited amount of time available. All efforts are made by ASU staff to consolidate inmates into housing units 6 and 7 in order to facilitate yard access. The appellant was asked by Sgt. Pittman if he would like to move back to housing unit 6 to have access to the yard and he refused and requested to stay in housing unit 8. The appellate has been afforded law library access and books to read. The appellant was afforded the opportunity to move back to housing unit 6, where exercise yard access would be granted. It was the appellant's choice to refuse a transfer back to the housing unit where access to the exercise yard would be available. The appellant may request a copy of any non-confidential document from his Correctional Counselor I with a signed CDC Form 193, Trust Account Withdrawal Order. The appellant has supplied information or evidence to support his claims. His continued request for monetary damages is not supported and is beyond the scope of the appeals process. The appellant has not proven that his transfer to housing unit 8 from housing unit 6 was in retaliation for his failure to sign the double-cell document. The appellant has been afforded access to the law library, books to read and an opportunity to transfer to housing unit 6 to access the exercise yard. The appellant's appeal is granted in part at the SLR.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

    **A.    FINDINGS:** The appellant is now housed in Facility "2" ASU housing unit 7 and is afforded access to the ASU recreation yard. The examiner contacted the Facility Captain overseeing the Administrative Segregation Units in order to obtain further clarifying information regarding the appellant's appeal. The examiner was informed that the Captain is attempting to realign the ASU yard schedules in order to accommodate all three ASU's equitable yard access. A review of the appellant's CDC 114-A indicates that he is receiving access to the recreation yard on a limited basis without endangering security or

PARRA, P-58682
CASE NO. 0610156
PAGE 2

the safety of persons.  The appellant's request for monetary compensation is unfounded and beyond the scope of the appeals process.

The appellant has added new issues and requests to his appeal.  The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

**B.  BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3001, 3270, 3335, 3341.5, 3343

**C.  ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.  If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the State Board of Control), Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, RJD
        Appeals Coordinator, RJD

State of California                                                    Department of Corrections and Rehabilitation

# **Memorandum**

Date:      January 30, 2007

To:        Parra, P-58682
           Richard J. Donovan Correctional Facility at Rock Mountain

Subject:  SECOND LEVEL APPEAL RESPONSE          LOG NO.:      RJD 06-1179

ISSUE:

It is the appellant's position that he had agreed to double cell but refused to sign an agreement to double cell. The inmate claims that after he refused to sign the document, he was threatened with transfer to another Ad Seg building that has restricted outdoor exercise yard, access to the Law Library and would receive a CDC Form 115, Rules Violation Report (RVR).

The appellant requests on appeal that he be provided a copy of Operation Plan #85, monetary damages, yard access, Law Library access and books to read.

INTERVIEWED BY: J. S. Roberts, Correctional Sergeant, on November 25, 2006, at the First Formal Level of Review.

REGULATIONS: The rules governing this issue are:

**California Code of Regulations, Title 15, Section (CCR) 3001. Subject to Regulations.**
         Regardless of commitment circumstances, every person confined or residing in facilities of the department is subject to the rules and regulations of the director, and to the procedures established by the warden, superintendent, or parole region administrator responsible for the operation of that facility. Persons on parole or civil addict outpatient status are subject to such director's rules, regulations and parole region procedures as may be applicable to such persons.

**CCR 3335. Administrative Segregation.**
         (a) When an inmate's presence in an institution's general inmate population presents an immediate threat to the safety of the inmate or others, endangers institution security or jeopardizes the integrity of an investigation of an alleged serious misconduct or criminal activity, the inmate shall be immediately removed from general population and be placed in administrative segregation. Administrative segregation may be accomplished by confinement in a designated segregation unit or, in an emergency, to any single cell unit capable of providing secure segregation.
         (b) Temporary Segregation. Pending a classification committee determination of the inmate's housing assignment, which may include assignment to one of the segregation program units specified in section 3341.5 of these regulations or to the general inmate population, an inmate

PARRA, P-58682
CASE NO. 06-1179
PAGE 2

may be placed in a designated temporary housing unit under provisions of sections 3336-3341 of these regulations.

(c) An inmate's placement in temporary segregation shall be reviewed by the Institutional Classification Committee (Institution Classification Committee (ICC)) within 10 days of receipt in the unit and under provisions of section 3338(a) of these regulations. Action shall be taken to retain the inmate in temporary segregation or release to general population. ICC shall review the inmate at least every 30 days thereafter until the inmate is removed from temporary segregation.

(1) ICC shall refer for Classification Staff Representative (Classification Staff Representative (CSR)) review and approval any case in which an inmate is retained in temporary administrative segregation for more than 30 days. ICC shall recommend one of the following:

(A) Transfer to another facility.

(B) Continue in temporary administrative segregation pending completion of an investigation or resolution of court proceedings. ICC shall designate an anticipated length of time needed to complete the investigation or conclude court proceedings.

## CCR 3341.5. Segregated Program Housing Units.

Special housing units are designated for extended term programming of inmates not suited for general population. Placement into and release from these units requires approval by a classification staff representative (CSR).

(a) Protective Housing Unit (Protective Housing Unit (Protective Housing Unit (PHU))). An inmate whose safety would be endangered by general population placement may be placed in the PHU providing the following criteria are met:

(1) The inmate does not require specialized housing for reasons other than protection.

(2) The inmate does not have a serious psychiatric or medical condition requiring prompt access to hospital care.

(3) The inmate is not documented as a member or an affiliate of a prison gang.

(4) The inmates does not pose a threat to the safety or security of other inmates in the PHU.

(5) The inmates has specific, verified enemies identified on CDC Form 812 likely to and capable of causing the inmate great bodily harm if placed in general population.

(6) The inmate has notoriety likely to result in great bodily harm to the inmate if placed in general population.

(7) There is no alternative placement which can ensure the inmate's safety and provide the degree of control required for the inmate.

(8) It has been verified that the inmate is in present danger of great bodily harm. The inmate's uncorroborated personal report, the nature of the commitment offense or a record of prior protective custody housing shall not be the sole basis for protective housing unit placement.

(b) Psychiatric Management Unit (PMU). An inmate with a diagnosed psychiatric disorder not requiring inpatient hospital care, whose conduct threatens the safety of the inmate or others, may be housed in a PMU if the inmate is capable of participating in the unit's activities without undue risk to the safety of the inmate or others in the unit.

(c) Security Housing Unit (Security Housing Unit (SHU)). An inmate whose conduct endangers the safety of others or the security of the institution shall be housed in a SHU.

PARRA, P-58682
CASE NO. 06-1179
PAGE 3

(1) Assignment criteria. The inmate has been found guilty of an offense for which a determinate term of confinement has been assessed or is deemed to be a threat to the safety of others or the security of the institution.

(2) Length of SHU Confinement. Assignment to a SHU may be for an indeterminate or for a fixed period of time.

(A) Indeterminate SHU Segregation.

1. An inmate assigned to a security housing unit on an indeterminate SHU term shall be reviewed by a classification committee at least every 180 days for consideration of release to the general inmate population. An investigative employee shall not be assigned at these periodic classification committee reviews.

2. Except as provided at section 3335(a), section 3378(d) and subsection (c)(5), a validated prison gang member or associate is deemed to be a severe threat to the safety of others or the security of the institution and will be placed in a SHU for an indeterminate term.

(B) Determinate SHU Segregation.

1. A determinate period of confinement in SHU may be established for an inmate found guilty of a serious offense listed in section 3315 of these regulations. The term shall be established by the Institutional Classification Committee (ICC) using the standards in this section, including the SHU Term Assessment Chart (see section 3341.5(c)(9)), Factors in Mitigation or Aggravation (see section 3341.5(c)(10)), SHU Term Assessment Worksheet CDC Form 629-A, Rev. 8/95, Assessment of Subsequent SHU Term Worksheet CDC Form 629-B, Rev. 9/90, and SHU Time Computation Table (see CDC Form 629-D Rev. 7/88).

2. The term shall be set at the expected term for the offense in the absence of mitigating or aggravating factors. Deviation from the expected term shall be supported by findings pursuant to subsection (c)(7).

3. The terms shall be recorded on CDC Form 629-A, SHU Term Assessment Worksheet, using the SHU Time Computation Table which incorporates one-fourth clean conduct credit in the term. The computation shall establish a maximum release date and a minimum eligible release date (Minimum Eligible Release Date (MERD)). A copy of the CDC Form 629-A shall be given to the inmate.

4. Serious misconduct while in SHU may result in loss of clean conduct credits or an additional determinate term for an inmate serving a determinate term. Such additional term may be concurrent or consecutive and shall be recorded on CDC Form 629-B with a copy given to the inmate. Such cases shall be referred to a CSR for approval; however, all release and retention requirements of section 3339 shall remain in effect pending CSR approval.

5. Up to 45 days of a SHU inmate's clean conduct credits may be forfeited for disciplinary infractions that are not serious enough to warrant the assessment of a subsequent or concurrent SHU term. Such forfeiture may be assessed against credits already earned or future credits.

6. Consecutive SHU terms shall be assessed only for offenses occurring after commencement of a prior determinate SHU term.

7. The ICC may commute or suspend any portion of a determinate term. Once commuted, the term shall not be reimposed. If suspended, the period of suspension shall not exceed the length of the original term imposed. When either action occurs, the case shall be referred to a classification staff representative (CSR) with a placement recommendation.

PARRA, P-58682
CASE NO. 06-1179
PAGE 4

8. The Unit Classification Committee shall conduct hearings on all determinate cases at least 30 days prior to their MERD or during the eleventh month from the date of placement, whichever comes first.

(3) Release from SHU. An inmate shall not be retained in SHU beyond the expiration of a determinate term or beyond 11 months, unless the classification committee has determined before such time that continuance in the SHU is required for one of the following reasons:

(A) The inmate has an unexpired MERD from SHU.

(B) Release of the inmate would severely endanger the lives of inmates or staff, the security of the institution, or the integrity of an investigation into suspected criminal activity or serious misconduct.

(C) The inmate has voluntarily requested continued retention in segregation.

(4) A validated prison gang member or associate shall be considered for release from a SHU, as provided above, after the inmate is verified as a gang dropout through a debriefing process.

(5) As provided at section 3378(e), the Departmental Review Board (Departmental Review Board (DRB)) may authorize SHU release for prison gang members or associates categorized as inactive. The term inactive means that the inmate has not been involved in gang activity for a minimum of six (6) years. Inmates categorized as inactive who are suitable for SHU release shall be transferred to the general population of a Level IV facility for a period of observation that shall be no greater than 12 months. Upon completion of the period of observation, the inmate shall be housed in a facility commensurate with his or her safety needs. In the absence of safety needs, the inmate shall be housed in a facility consistent with his or her classification score. The DRB is authorized to retain an inactive gang member or associate in a SHU based on the inmate's past or present level of influence in the gang, history of misconduct, history of criminal activity, or other factors indicating that the inmate poses a threat to other inmates or institutional security.

(6) As provided at section 3378(f), an inmate categorized as inactive and placed in the general population may be returned to segregation based upon one reliable source item identifying the inmate as an active gang member or associate. The procedures described in this Article shall be utilized for the removal of the inmate from the general population, the review of the initial segregation order, and all periodic reviews of the indeterminate SHU term.

(7) Determinate SHU terms shall only be served in a departmentally approved SHU or a facility specifically designated for that purpose.

(8) When an inmate is paroled while serving a determinate term, the remaining time on the term is automatically suspended. When an inmate returns to prison, either as a parole violator or with a new prison commitment, ICC shall evaluate the case for reimposition of the suspended determinate term. If reimposed, the term shall not exceed the time remaining on the term at the time of parole.

(9) SHU Term Assessment Chart (fixing of determinate confinement to SHU).

TYPICAL TERM (Mos)

| OFFENSE | Low | Expected | High |
|---|---|---|---|
| (A) Homicide: | | | |
| 1. Murder, attempted murder, solicitation of murder, or voluntary manslaughter of a non-inmate. | (36 | 48 | 60) |

PARRA, P-58682
CASE NO. 06-1179
PAGE 5

2. Murder, attempted murder, solicitation
of murder, or voluntary manslaughter of an
inmate.                                          (15     26      36)
(B) Violence Against Persons:
1. Assault on a non-inmate with a weapon
or physical force capable of causing mortal
or serious injury.                               (09     28      48)
2. Assault on an inmate with a weapon or
physical force capable of causing mortal
or serious injury.                               (06     15      24)
3. Assault on a non-inmate with physical
force insufficient to cause serious
injury.                                          (06     12      18)
4. Assault on an inmate with physical
force insufficient to cause serious
injury.                                          (02     03      06)
5. Throwing a caustic substance on a
non-inmate.                                      (02     03      04)
(C) Threat to Kill or Assault Persons:
1. Use of non-inmate as hostage.                 (18     27      36)
2. Threat to a non-inmate.                       (02     05      09)
3. Threat to an inmate.                          (02     03      04)
(D) Possession of a Weapon:
1. Possession of a firearm or explosive
device.                                          (18     27      36)
2. Possession of a weapon, other than a
firearm or explosive device which has
been manufactured or modified so as to
have the obvious intent or capability of
inflicting traumatic injury, and which
is under the immediate or identifiable
control of the inmate.                           (06     10      15)
(E) Trafficking in Drugs:
Distributing controlled substances in
an institution or camp or causing
controlled substances to be brought
into an institution or camp for the
purpose of distribution.                         (06     09      12)
(F) Escape With Force or Attempted
Escape with Force.                               (09     16      24)
(G) Disturbance, Riot, or Strike:
1. Leading a disturbance, riot, or
strike.                                          (06     12      18)
2. Active participation in, or
attempting to cause conditions
likely to threaten institution
security.                                        (02     04      06)
(H) Harassment of another person,
group, or entity either directly
or indirectly through the use of
the mail or other means.                         (06     12      18)
(I) Arson, Theft, Destruction of
Property:
Theft or destruction of State
property where the loss or

PARRA, P-58682
CASE NO. 06-1179
PAGE 6

potential loss exceeds $10,000
or threatens the safety of
others.                                         (02      08      12)
(J) Extortion and Bribery:
extortion or bribery of a non-
inmate.                                         (02      06      09)
    (K) Except as otherwise specified in this section, proven attempts
to commit any of the above listed offenses shall receive one-half (1/2) of
the term specified for that offense.
    (L) Any inmate who conspires to commit any of the offenses above
shall receive the term specified for that offense.
    (10) Factors in mitigation or aggravation of SHU term. The SHU
term shall be set at the expected range unless a classification committee
finds factors exist which warrant the imposition of a lesser or greater
period of confinement. The total period of confinement assessed shall be
no less than nor greater than the lowest or highest months listed for the
offense in the SHU Term Assessment Chart. In setting the term, the
committee shall determine the base offense. If the term being assessed
includes multiple offenses, the offense which provides for the longest
period of confinement shall be the base offense. Lesser offenses may be
used to increase the period beyond expected term. After determining the
base offense, the committee shall review the circumstances of the
disciplinary offense and the inmate's institutional behavior history using
the factors below. The committee shall then determine that either no
unusual factors exist or find that specific aggravating or mitigating factors
do exist and specify a greater or lesser term. The reasons for deviation
from the expected term shall be documented on a CDC 128-G,
Classification Chrono, and SHU Term Assessment Worksheet, a copy of
which shall be provided to the inmate.
    (A) Factors in Mitigation.
    1. The inmate has a minor or no prior disciplinary history.
    2. The inmate has not been involved in prior acts of the same or of
a similar nature.
    3. The misconduct was situational and spontaneous as opposed to
planned in nature.
    4. The inmate was influenced by others to commit the offense.
    5. The misconduct resulted, in part, from the inmate's fear for
safety.
    (B) Factors in Aggravation.
    1. The inmate's prior disciplinary record includes acts of
misconduct of the same or similar nature.
    2. The misconduct was planned and executed as opposed to
situational or spontaneous.
    3. The misconduct for which a SHU term is being assessed resulted
in a finding of guilty for more than one offense.
    4. The inmate influenced others to commit serious disciplinary
infractions during the time of the offense.

**CCR 3343. Conditions of Segregated Housing.**
    (a) Living Conditions. In keeping with the special purpose of a
segregated housing unit, and with the degree of security, control and
supervision required to serve that purpose, the physical facilities of special
purpose segregated housing will approximate those of the general
population.

PARRA, P-58682
CASE NO. 06-1179
PAGE 7

(b) Restrictions. Whenever an inmate in administrative segregation is deprived of any usually authorized item or activity and the action and reason for that action is not otherwise documented and available for review by administrative and other concerned staff, a report of the action will be made and forwarded to the unit administrator as soon as possible.

(c) Clothing. No inmate in administrative segregation will be required to wear clothing that significantly differs from that worn by other inmates in the unit, except that temporary adjustments may be made in an inmate's clothing as is necessary for security reasons or to protect the inmate from self-inflicted harm. No inmate will be clothed in any manner intended to degrade the inmate.

(d) Meals. Inmates assigned to administrative segregation including special purpose segregated housing, will be fed the same meal and ration as is provided for inmates of the general population, except that a sandwich meal may be served for lunch. Deprivation of food will not be used as punishment.

(e) Mail. Inmates assigned to administrative segregation, including special purpose segregated housing, will not be restricted in their sending and receiving of personal mail, except that incoming packages may be limited in number, and in content to that property permitted in the segregated unit to which an inmate is assigned.

(f) Visits. Inmates assigned to segregated housing, except for inmates assigned to security housing units in accordance with Section 3341.5, shall be permitted to visit under the same conditions as are permitted inmates of the general population. Inmates assigned to security housing units shall be prohibited from physical contact with visitors.

(g) Personal Cleanliness. Inmates assigned to administrative segregation, including special purpose segregated housing, will be provided the means to keep themselves clean and well-groomed. Haircuts will be provided as needed. Showering and shaving will be permitted at least three times a week. Clothing, bedding, linen and other laundry items will be issued and exchanged no less often than is provided for general population inmates.

(h) Exercise. Inmates assigned to special purpose segregation housing will be permitted a minimum of one hour per day, five days a week, of exercise outside their rooms or cells unless security and safety considerations preclude such activity. When special purpose segregated housing units are equipped with their own recreation yard, the yard periods may substitute for other out of cell exercise periods, providing the opportunity for use of the yard is available at least three days per week for a total of not less than 10 hours a week.

(i) Reading Material. Inmates assigned to administrative segregation, including special purpose segregated housing, will be permitted to obtain and possess the same publications, books, magazines and newspapers as are inmates of the general population, except that the quantity may be limited for safety and security reasons. Library services will be provided and will represent a cross-section of material available to the general population.

(j) Telephones. Institutions will establish procedures for the making of outside telephone calls by inmates in administrative segregation. Such procedures will approximate those for the work/training incentive group to which the inmate is assigned, except that individual calls must be specifically approved by the supervisor in charge or the administrator of the unit before a call is made.

PARRA, P-58682
CASE NO. 06-1179
PAGE 8

(k) Institution Programs and Services. Inmates assigned to segregated housing units will be permitted to participate and have access to such programs and services as can be reasonably provided within the unit without endangering security or the safety of persons. Such programs and services will include, but are not limited to: education, commissary, library services, social services, counseling, religious guidance and recreation.

(l) Visitation and Inspection. Inmates assigned to administrative segregation, including special purpose segregated units, will be seen daily by the custodial supervisor in charge of the unit and by a physician, registered nurse or medical technical assistant, and, by request, members of the program staff. A timely response should be given to such requests wherever reasonably possible.

(m) Management Disruptive Cases. Inmates assigned to segregated housing who persist in disruptive, destructive and dangerous behavior and who will not heed or respond to orders and warnings to desist, are subject to placement in a management cell, as provided in Section 3332(f).

A review of the Richard J. Donovan Correctional Facility "Effective Communication List of Inmates With a Test of Adult Basic Education Reading Scores of 4.0 or Less" reveals that the inmate does not require assistance in order to ensure effective communication.

At the First Formal Level of Appeal the inmate alleged that he was threatened by staff with a RVR and transfer to another housing unit that had restricted access to the exercise yard and Law Library for failing to sign a double cell agreement. The inmate requested a copy of Operational Plan (Operational Procedure (OP)) #85 and monetary damages against all named officials. The inmate also requested to have access to the exercise yard, Law Library access and books to read. At the First Formal Level of Review, it was noted that the Investigative Employee provided the inmate access to OP #85 prior to the RVR hearing. The inmate's request for a copy was denied. The inmate was informed that he does have access to the exercise yard. There are three housing units that utilize the yard and the Facility Captain oversees an attempt to provide equitable access to all three buildings, this part was partially granted. There are books provided weekly to his housing unit, this part of his appeal was granted. The inmate has access to the Law Library by submitting a request to the Administrative Segregation Unit Legal Officer, this part of his appeal was granted. The inmate's request for monetary damages was denied as an unavailable remedy in the Inmate Appeal Process. At the Second Formal Level of Appeal, the inmate alleges that there is a deliberate and indifferent enforcement in OP #85. The inmate continues to allege that he has been denied access to the exercise yard, the Law Library and books to read. The inmate continues to request monetary damages. At the Second Formal Level of Review the inmate's allegations were reviewed. Correctional Sergeant Pittman, Ad Seg Sergeant, was interviewed. Currently, due to disturbances occurring on the Ad Seg exercise yard, a new schedule was submitted and approved. The new schedule is due to be implemented the first week of February. Housing Unit 8 Ad Seg inmates are not included due to the limited amount of time available. All efforts are made to consolidate inmates into Housing Units 6&7 to facilitate yard access. However, while the inmate was utilizing the Law Library in Housing Unit 6, Sergeant Pittman asked the inmate if he would like to move back to Housing Unit 6 to access the yard and the inmate refused, stating, "No, like it in 8." The inmate has been afforded access to the Law Library and books to read; this part of his appeal is granted. The inmate was afforded the opportunity to move back to Housing Unit 6 which would have provided him access to the yard; this part of his appeal was granted. It was the inmate's choice to refuse a transfer back to the housing unit where access to the yard would be available. The inmate may request a copy of any non-confidential document from his Correctional Counselor with a signed trust withdrawal

PARRA, P-58682
CASE NO. 06-1179
PAGE 9

form. The inmate has not supplied information or evidence to support his claims. The inmate's continued request monetary damages is not supported or available in the Inmate Appeal Process, this part of his appeal is denied.

The inmate has not proven that his transfer to Housing Unit 8 from Housing Unit 6 was in retaliation for his failure to sign a double-cell document.

The inmate has been afforded access to the Law Library, books to read, and an opportunity to transfer to Housing Unit 6 to access the exercise yard. These parts of his appeal has been granted.

DECISION: The appeal is granted in part.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

S. Armoskus
Chief Deputy Warden
California Department of Corrections and Rehabilitation
Richard J. Donovan Correctional Facility at Rock Mountain

**DATE:**          November 25, 2006

**NAME:**         Parra, V.

**CDC #:**         P-58682

**APPEAL LOG #**    RJD-2-06-01179

**FIRST LEVEL OF REVIEW**

**APPEAL DECISION:**    PARTIALLY GRANTED

**APPEAL ISSUES:**  You are appealing that you did not receive a copy of Operational Procedure #85 (OP #85).  You are also appealing that you are not allowed yard and that books are not being passed out in Housing Unit Eight.  Lastly, you are alleging that you have been denied access to the Law Library.

You are requesting to receive monetary damages; for books to be passed out in Housing Unit Eight and that you have access to the Law Library.

**APPEAL RESPONSE:**  I interviewed you on November 25, 2006, regarding this appeal. During the interview, it was explained to you that OP #85 is a procedure authorized by the Warden at the Richard J. Donovan Correctional Facility.  It is my understanding that prior to your disciplinary hearing; an investigative employee reviewed OP #85 on your behalf and advised you of its contents.  Therefore, your request for a copy of OP #85 is denied.

With regard to you being denied access to the ASU yard, the Facility Captain overseeing the Administrative Segregation Units (ASUs) is attempting to realign the ASU yard schedules in order to accommodate all three ASUs equitable yard access.  Your request for monetary damages is not within my scope of authority and is denied at this level of review.

Furthermore, as I discussed with you during the interview, books are passed out to the ASU inmate population on a weekly basis and you have had access to books.  Lastly, you have not been denied access to the Law Library.  The procedure for Law Library access is to submit a request to the ASU Legal Officer; however, you have failed to do this.

**SUMMARY:**  Based on the aforementioned, your Inmate Appeal form, CDC 602, is partially granted at the First Level of Review.

J. S. ROBERTS
Correctional Sergeant
Administrative Segregation Unit

P. COWAN
Associate Warden
Facilities 2/4 and Reception Center Records

# EXHIBIT `A´

EXHIBIT `B´

**CDC NO:** P58682 **NAME:** PARRA JR, V.
**CUSTODY:** MAX **CS:** 73 **WG:** D1 **PG:** D
**RELEASE DATE:** MEPD 2/13/07
**ANNUAL REVIEW:** 10/06

**HOUSING:** F2-06-204U
**ASSIGNMENT:** ASU REVIEW/RVR LOG# F2-06-232, 5/14/06, BATTERY ON PO,RVR LOG# F2-06-272, 5/22/06, POSS DEADLY WPN, RE-ISSUE, RE-HEAR/VACATE SHU TERMS ASSESSED 8/16/06/RETAIN PENDING RVR'S, DA & BPT PROCESS/**REFER CSR: 90 DAY EXT**/ D1/D EFF: 1/7/05/CC-A/DC/MHSDS: CCCMS

Inmate PARRA JR, (I/M) made a personal appearance before the Institutional Classification Committee (ICC) for the purpose of an ASU Review. I/M stated he was in good health and doing "alright." I/M meets criteria for inclusion in the MHSDS. Level of care: CCCMS. DDP/READING GPL: NCF 12.9. I/M was retained in ASU per 114d dated 6/12/06 due to Battery on PO dated 5/14/06. He was originally placed in ASU at RJD on 01/13/06, after he arrived from CAL as a HUB case. He was originally placed in ASU at CAL on 11/21/03 due to a riot. He received an additional 114d on 12/7/05, after he was involved in a Battery on PO while in CAL-ASU. Mental Health staff described the I/M's treatment needs and likelihood of decompensation if retained in ASU. Refer to CDC 128-C dated 9/20/06. SA was previously unassigned. The related **RVR Log#F2-06-232 dated 5/14/06**, for BATTERY ON PO, has been adjudicated. I/M was found guilty and assessed "0" LOC for a Division "B" offense. On 8/16/06, ICC assessed an aggravated term of 18 months, resulting in a MERD of 6/29/07. CSR deferred case due to Reporting Employee not attending hearing when requested by I/M. ICC acts to vacate SHU established 8/16/06 and refer RVR to CDO for Re-issue based on CSR concerns. This RVR was referred to the DA on 5/23/06 and is currently pending DA response. ICC also notes **2nd RVR Log#F2-06-272 dated 5/22/06**, for Possession of Deadly Weapon, which has been adjudicated. I/M was found guilty and assessed "0" LOC for a Division "A1" offense. ICC assessed the concurrent mitigated term of 9 months, resulting in a controlling MERD of 6/29/07. ICC notes that I/M was not issued a CDC 115X in light of bizarre behavior. ICC acts to vacate SHU established 8/16/06 and refer RVR to CDO for Re-issue based on missing 115X. This RVR was referred to the DA on 5/23/06 and is currently pending DA response. In today's hearing, ICC notes I/M has a scheduled BPT hearing in October, 2006. I/M will remain in ASU pending RVR's, BPT and DA decision. **This case is being referred to the CSR for 90 day ASU extension.** D1/D effective 1/7/05. PC 2933.6 does not apply. I/M approved for double-cell status and the Controlled Compatible exercise yard, Group A [Safety Concerns]. I/M actively participated in today's hearing and indicated he understood ICC's decision. I/M is satisfied with his cell status and exercise yard designation. Mental Health staff concurred with ICC's decision. Confidential file is noted and has been reviewed. I/M advised of his appeal rights. No additional case concerns at this time. Next anticipated ICC review will occur within 10-days of case closure, but no later than 12/20/06 for a 90 Day ASU Review.

**COMMITTEE MEMBERS:** P. COWAN, CDW(A); G. PEDERSON, FC(A);
E. FRANKLIN, CCII;D. McBRIDE AW(A); C. SAPIEN, C&PR(A);
D. HUFFMAN, STAFF PSYCHOLOGIST;

_____                    _____
P. COWAN, CDW(A)    CHAIRPERSON                E. FRANKLIN, CCII,    RECORDER

**DATE:** 09/20/06    **(ewf)**    **CLASSIFICATION:** ICC/AD-SEG    **INST:** RJDCF

CONF-RET

EXHIBIT 'C'

## Other Orders/Judgments
<u>3:05-cv-01966-JAH-PCL Parra v. Woodford, et al</u> **CASE CLOSED on 02/14/2006**


### U.S. District Court

### Southern District of California

Notice of Electronic Filing

The following transaction was received from jpp, entered on 10/4/2006 at 2:17 PM PDT and filed on 10/3/2006
**Case Name:**          Parra v. Woodford, et al
**Case Number:**        <u>3:05-cv-1966</u>
**Filer:**
**WARNING: CASE CLOSED on 02/14/2006**
**Document Number:** <u>17</u>

**Docket Text:**
ORDER dismissing all claims against all defendants from the First Amended Complaint without further leave to amend with the exception of the Eight Amendment Claims against defendants Valenzuela, Grady, Biondo, Senkel, Pickett, Manzano, Padilla, Harbert, Mireles, Rocha, Alvarado, Ochoa, Pedrosoa and Figueroa; and directing U.S. Marshal to effect service pusruatn to Federal Rule of Civil Procedure 4(C)(2) and 28 USC 1915(d). (IFP package prepared). Signed by Judge John A. Houston on 10/02/06. (jpp, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=10/4/2006] [FileNumber=1126188-0
],[1fbfffb7b0797d49065f8ad7974ecc462c967f8ecd8f24be2c31946ff5cfeb0d118
89ed106c7dc424f8ec2bd2e1571f6e62030c4b50e272e7cb8f7d6ff414424]]

**3:05-cv-1966 Notice will be electronically mailed to:**

Attorney General    docketingsdawt@doj.ca.gov

**3:05-cv-1966 Notice will be delivered by other means to:**

Victor Parra, Jr.
P-58682
RJD
Richard J Donovan Correctional Facility
PO Box 799002
San Diego, CA 92179-9002

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

Sacramento Clerk's Office
501 "I" Street , Suite 4–200
Sacramento, CA 95814
916–930–4000

Fresno Clerk's Office
2500 Tulare Street , Suite 1501
Fresno, CA 93721
559–499–5600

**July 26, 2006**

**Case Number:  1:06–CV–00955–AWI–SMS**

**Case Title:    VICTOR PARRA JR,          vs.  J L COBBS, ET AL.,**

**Dear Litigant,**

You are hereby notified that the above case number has been assigned to your action.   You are to include it on all correspondence (i.e. letters, pleadings, and inquiries) sent to the court. Failure to do so results in delayed processing of your documents.

All matters in this action shall be sent to the following address until further notice:

**Office of the Clerk**
**United States District Court**
**Eastern District of California**
**2500 Tulare Street , Suite 1501**
**Fresno, CA 93721**

For timely processing of your pleadings or correspondence, please comply with our Local Rules of Court, in particular:

**Local Rule 5–133** The court requires an <u>original plus one copy</u> of all pleadings, motions, correspondence, etc., sent for filing.   If you desire to receive a conformed copy for your records, you must send a third copy of your pleading and a pre–addressed postage– paid envelope for us to return your copy to you.

**Local Rules 30–250, 33–250, 34–250 and 36–250** Discovery requests or responses should not be submitted to the court unless they are relevant and necessary to support or oppose a motion at issue before the court.

**Local Rule 5–135** Once the defendant(s) have served a responsive pleading, you are

RECEIVED ARRIS

AUG 11 2004

# *EXHIBIT D*



CCA Yard Log starting 1-1-2007 at F25756

1-1-07 Monday no yard
1-2-07 Yard at 7:30pm to 8:30pm
~~Jan~~ January 3 to 6 no yard
1-8-07 no yard
1-9-07 Yard at 7:00 to 8:45 pm
January 10 to 13, No yard
1-15-07 No Yard
1-16-07 No Yard
January 17 to 20, No yard
Jan 22 Monday Yard 7:30 to 8:45
Jan 23 Tuesday No yard.
Jan 24 to 27 No yard
Jan 29 Monday Yard-Raining 7:30 to 8:30
Jan 30 Tuesday Yard 7:45 to 8:30
Jan 31 no yard
Feb 1 to 3 No yard

2-5-07 Monday no yard
2-6-07 Tuesday no yard
2-(7 to 10)-07 No yard
Feb 12-07 No yard
Feb 13 Tuesday yard 7:30 to 8:45 p.m.

As of February 13, 2007 there is still a yard problem I don't get the 5 hours requested and mandated by law. I will ask the court at a civil trial to apply the continuing violation doctrine. Douglas v. California Dept of Youth Authority, 271 F.3d 812, 822 (4th Cir, 2001) also Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) for all the days yard (5 hours a week) is not afforded.

I MICHAEL GUILLEN. F25756 CAN VERIFIED THAT THE ABOVE DOCUMENTED YARD LOG IS TRUE AND CORRECT.
I AM ALSO SCHEDULE FOR (CCA) YARD WHICH SCHEDULE IS MONDAY, TUESDAY, WENESDAY, THURSDAY, AND ON SATURDAY'S FOR THE TIME OF 7:00 pm TO 8:45pm FOR THE last NOTED DAYS ABOVE I HAVE ONLY BEEN AFFORED less THAT 3 HOURS A WEEK OF OUT DOOR YARD.
SEE ENCLOSED VERIFICATION.



Michael Guillen F25756
MICHAEL. GUILLEN.

# *VERIFICATION*

## STATE OF CALIFORNIA
## COUNTY OF San Diego

Appeal Log No RJD-2-06-01174

(C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, MICHAEL GUILLEN, F25758 _____ DECLARE UNDER PENALTY OF PERJURY
THAT: I AM THE ___DECLARANT___ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS _13_ DAY OF: _FEBRUARY_ 20 07 AT _RICHARD J_
DONAVON 480 ALTA ROAD SAN DIEGO CA 92179-9002

(SIGNATURE) _michael Guell_
(DECLARANT/PRISONER)

# *PROOF OF SERVICE BY MAIL*

(C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, _____ AM A RESIDENT OF _____
_____ STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT
A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: _____
_____

ON _____ 20 ___ I SERVED THE FOREGOING: _____
_____
_____

### *(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)*

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S),
WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED
AT _____

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: _____     _____
                                              *(DECLARANT/PRISONER)*

# *EXHIBIT E*

804 TO RECORDS: _____ BY: _____

STATE OF CALIFORNIA                                                                                          DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| T-33196 | Alvin | ROBINSON | | RJDCF/ASU | F2-07-103L | F2-06-/// |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR SECTION(s) CCR 3005(b) OBEYING ORDERS | WILLFULLY DELAYING/OBSTRUCTING A PEACE OFFICER IN PERFORMANCE OF DUTIES | ASU #7-103L | 12/18/2006 | 1100 HOURS |

CIRCUMSTANCES

On Monday, December 18, 2006, at approximately 1100 hours, while performing my duties as the Administrative Segregation Unit (ASU) #7 Floor Officer, I discovered that Inmate ROBINSON, T-33196, F2-07-103L, was single celled but had been assigned to double cell status by the Institutional Classification Committee (ICC) on 09/20/06, that Operational Plan #85, Single/ Double Cell Procedures, "states"..."Inmates are not entitled to single cell assignments, housing location of choice or cellmate of choice. An inmate is expected to share occupancy with another inmate in a cell setting....unless staff determined that an inmate's case factors or security concerns warrant a single cell assignment..." I informed Inmate ROBINSON that he would have to accept a cellmate due to the overcrowding conditions in the segregation housing units. Inmate ROBINSON refused stating, "I'm not moving and no one's coming up in here." I informed Inmate ROBINSON that his continued refusal to double cell was obstructing my duties as a Peace Officer. Inmate ROBINSON is aware that he will be placed on yard hold pending disposition of the CDC-115 process. Inmate ROBINSON is aware of this report. M-HSDS: CCCMS

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ A. GARCIA, CORRECTIONAL OFFICER | | 12/27/06 | ASU #7 FLOOR OFFICER | T/W |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ V. SOSA, CORRECTIONAL SERGEANT | | DATE _____ LOC. _____ | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☐ SERIOUS | | 1/26/ | ▶ A.L. COTA, FACILITY TWO CAPTAIN | ☐ HO  ☑ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ | 12-25-06 | 1420 | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ | | | ▶ | | |

HEARING

REFERRED TO  ☐ CLASSIFICATION    ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| | | ▶ | | |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ | | ▶ | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | DATE | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|
| | | ▶ | | |

CDC 115 (7/88)

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| T-33196 | ROBINSON | CCR §3005(b) | 12/18/2006 | RJDCF/ASU | F2-06- |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| | | INMATE'S SIGNATURE ▶ | DATE |
| ☐ **I REVOKE** my request for postponement. | | | |

## STAFF ASSISTANT

| STAFF ASSISTANT ☐ REQUESTED   ☐ WAIVED BY INMATE | | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE ☐ REQUESTED   ☒ WAIVED BY INMATE | | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE |

# *VERIFICATION*

## STATE OF CALIFORNIA
## COUNTY OF *SAN DIEGO*

### (C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, *Victor Parra* _____ DECLARE UNDER PENALTY OF PERJURY
THAT: I AM THE ___*COMPLAINANT*___ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS ___*10*___ DAY OF: *December*___ 20 06 AT *Richard J.*
*Donovan State Prison 480 Alta Road San Diego CA.92179-9002*

(SIGNATURE) *Victor Parra.*
                          (DECLARANT/PRISONER)

## *PROOF OF SERVICE BY MAIL*

### (C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, *G. R. TEJEDA*___ AM A RESIDENT OF *Richard J. Donovan State Prison San Diego*
*County* STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND~~AM~~/ NOT
A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: *P.O. Box. 799002.*
*San Diego CA.92179-9002*

ON *12-10*___ 20 06 I SERVED THE FOREGOING: *Responce and CDC 602*
*log No. RJD.-2-06-01179 to second level of review  R.J.D. Appeals Coordinator*
*P.O. Box. 799002 San Diego CA.92179-9002*

### (SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S),
WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED
AT _____

*Appeals Coordinator*
*Richard J. Donovan State Prison*
*P.O. Box. 799002*
*San Diego CA.92179.*

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: *DEC. 10 - 06*___          *G. R. Tejeda*___
                                (DECLARANT/PRISONER)

K-06283

EXHIBIT — C

STATE OF CALIFORNIA
CDC 1882-B

DEPARTMENT OF CORRECTIONS

## ADMINISTRATION SEGREGATION UNIT/SECURITY HOUSING UNIT
## DOUBLE CELL REVIEW

| Name of Inmate (Last, First, MI) | CDC Number | Housing |
|---|---|---|
| PARRA | P58682 | A5 . 139L |
| Name of Inmate (Last, First, MI) | CDC Number | Housing |
| SEBREROS | T80749 | A5 . 139U |

The above-listed inmates are being processed for occupancy of the same cell.

1. The request is being initiated per:

☐    Administrative assignment by staff.

☒    Request from one ☐ or both ☒    inmates to be assigned to the same cell.

2. During the interview with:

| Staff Witness Printed Name | Signature |
|---|---|
| R. LIZARRAGA | _(signature)_ |

☐    Both inmates stated agreement of the cell assignment and signed below to indicate compatibility.    Victor Parra

   Signature of Inmate X _(signature)_    Signature of Inmate X _(signature)_

☐    Both Inmates stated agreement, but one or both refused to sign the acknowledgment of compatibility.

☐    One or both inmates refused the cell assignment.

3. After a review of the inmates' statements and the case factors in each inmates C-file, it has been determined th-

☐    There is no information available to indicate that the inmates are incompatible.

☐    There is information, which leads to the belief that the assignment of these inmates to the same cell
     legitimate penological interests, or may threaten institutional security or the safety of others.

4. Based on the evaluation, the double cell occupancy request is: ☒ APPROVED    ☐ [DENIED]

139  1882
SEBREROS  S
PARRA

| APPROVING AUTHORITY |
|---|
| Signature _(signature)_ |
| Printed Name: A. Thompson |
| Title: SGT, 2 W ADSeg#2 |
| DATE: 4/29/2005 |

DISTRIBUTION:
C-File
Facility Captain
Housing Unit
Correctional Counselor (s)
Central Control

EXHIBIT-D

## Government Claims Form
### California Victim Compensation and Government Claims Board
P.O. Box 3035
Sacramento, CA 95812-3035

1-800-955-0045 • www.governmentclaims.ca.gov

State of California
RECEIVED
FEB 21 2007

For Office Use Only
Claim No.: 508459

### Is your claim complete?

- [ ] **New!** Include a check or money order for $25 payable to the State of California.
- [ ] Complete all sections relating to this claim and sign the form. Please print or type all information.
- [ ] Attach receipts, bills, estimates or other documents that back up your claim.
- [ ] Include two copies of this form and all the attached documents with the original.

### Claimant Information

**(1)** Last name: PARRA   First Name: VICTOR   MI: JR.

**(2)** Tel: NONE

**(3)** Email: NONE

**(4)** Mailing Address: P.O. Box 799002   City: San Diego   State: CA   Zip: 92179

**(5)** Best time and way to reach you: Any time by US Mail

**(6)** Is the claimant under 18?  [ ] Yes  [X] No   If YES, give date of birth: MM / DD / YYYY

### Attorney or Representative Information

**(7)** Last name:   First Name:   MI:

**(8)** Tel:

**(9)** Email:

**(10)** Mailing Address:   City:   State:   Zip:

**(11)** Relationship to claimant:

### Claim Information

**(12)** Is your claim for a stale-dated warrant (uncashed check) or unredeemed bond?  [ ] Yes  [X] No

State agency that issued the warrant: N-A   If NO, continue to Step (13)

Dollar amount of warrant:   Date of issue: MM / DD / YYYY

Proceed to Step (22)

**(13)** Date of Incident: Sep 25, 2006 untill Present (Continuing violation doctrin, Systematic practice or policy)

Was the incident more than six months ago?  [ ] Yes  [X] No
If YES, did you attach a separate sheet with an explanation for the late filing?  [ ] Yes  [ ] No

**(14)** State agencies or employees against whom this claim is filed:
California Department of Corrections and Rehabilitations. Captain A.L. COTA, R. LIMON, W. LILES, P. COWAN (AW) R. HERNANDEZ And John Does 1-8.

**(15)** Dollar amount of claim: Unspecified

If the amount is more than $10,000, indicate the type of civil case: Civil Rights
- [ ] Limited civil case ($25,000 or less)
- [X] Non-limited civil case (over $25,000)

Explain how you calculated the amount:
$5,000 for each defendant state torts, $100 for each yard day (CCA yard) Monday through thursday and Saturday for each time I was denied yard, 25,000 Federal issues.

Location of the incident:

*Richard V. Donovan State Prison*

Describe the specific damage or injury:

*depression, anxiety, for not being able to access the yard, Law Library or read books. deprivation of my civil Rights and constitutional Rights 8th Amend 1st Amend. and violation of mandatory duties designed to protect me.*

Explain the circumstances that led to the damage or injury:

*I was order to be housed with a prisoner witho different classification under threats. I was going to be place in jeopardy of my safety. I sugested I be housed with a prisoner with my same classification or wait untill I find some body. Simon and liles refused and took my yard and Library priviledes and rehoused me from unit 8 to unit 8.*

Explain why you believe the state is responsible for the damage or injury:

*See Government Code 815.2. ~~820~~ 820 (a). The violation of my rights were done under color of state Law.*

Does the claim involve a state vehicle?        ☐ Yes    ☒ No

If YES, provide the vehicle license number, if known:

## to Insurance Information

| | |
|---|---|
| Name of Insurance Carrier | |

| Mailing Address | | City | | State | Zip |
|---|---|---|---|---|---|

| Policy Number: | | Tel: | | | |
|---|---|---|---|---|---|
| Are you the registered owner of the vehicle? | | | ☐ Yes | | ☐ No |
| If NO, state name of owner: | | | | | |
| Has a claim been filed with your insurance carrier, or will it be filed? | | | ☐ Yes | | ☐ No |
| Have you received any payment for this damage or injury? | | | ☐ Yes | | ☐ No |
| If yes, what amount did you receive? | | | | | |
| Amount of deductible, if any: | | | | | |
| Claimant's Drivers License Number: | | | Vehicle License Number: | | |
| Make of Vehicle: | Model: | | Year: | | |
| Vehicle ID Number: | | | | | |

## tice and Signature

I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

| *Victor Parra* | *December 10, 2006* |
|---|---|
| Signature of Claimant or Representative | Date |

Mail the original and two copies of this form and all attachments with the $25 filing fee or the "Filing Fee Waiver Request" to: Government Claims Program, P.O. Box 3035, Sacramento, CA, 95812-3035. Forms can also be delivered to the Victim Compensation and Government Claims Board, 630 K Street, Sacramento.

## State Agency Use Only

| | |
|---|---|
| Name of State Agency | Fund or Budget Act Appropriation No. |

| | |
|---|---|
| Name of Agency Budget Officer or Representative | Title |

| | |
|---|---|
| Signature | Date |

VCGCB-GC-002 (Rev. 8/04)

# *VERIFICATION*

## STATE OF CALIFORNIA
## COUNTY OF San Diego

(C.C.P. SEC. 446 & 201.5; 28 U.S.C. SEC. 1746)

I, _Victor Parra_ DECLARE UNDER PENALTY OF PERJURY
THAT: I AM THE ___COMPLAINANT___ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS ___13___ DAY OF: _February_ 20_07_ AT _Richard J._
_Donovin 480 Alta Road P.O.Box 799002 San Diego CA.92179_

(SIGNATURE) ___Victor Parra___
(DECLARANT/PRISONER)

## *PROOF OF SERVICE BY MAIL*

(C.C.P. SEC. 1013 (a) & 2015.5; 28 U.S.C. SEC. 1746)

I, _MICHAEL Guillen_ AM A RESIDENT OF _Richard J. Donovan State Prison San Diego_
_County_ STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT
A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: _480 Alta Road P.O.Box_
_799002- San Diego CA. 92179_

ON ___2-13___ 20_07_ I SERVED THE FOREGOING: _Government claims_
_Form attach to CDC Inmate Appel 602 Log No. RJD-06-1179_

(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S),
WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED
AT _480 Alta Road P.O.Box. 799002 - San Diego CA. 92179_

_Government Claims_
_P.O. Box. 3035_
_Sacramento CA. 95812-3035_

_Director of Corrections_
_P.O. Box. 942883_
_Sacramento CA 94283-0001_
_Attn: Chief Inmate Appeals._

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: _FEB | 13 | 07_          _Michael Bull_
(DECLARANT/PRISONER)


Victim Compensation & Government Claims Board

STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95814
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95814
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson
JOHN CHIANG
State Controller
Board Member
MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member
KAREN McGAGIN
Executive Officer

Victor Parra P58682
Po Box 799002
San Diego, CA  92179

August 28, 2007

RE:  Claim G568459 for Victor Parra, P58682

Dear Victor Parra,

The Victim Compensation and Government Claims Board rejected your claim at its hearing on
August 23, 2007.

If you have questions about this matter, please mention letter reference 118 and claim number G568459 when
you call or write your claim technician or analyst at (800) 955-0045.

Sincerely,


Anita Ahuja,  Program Manager
Government Claims Division
Victim Compensation and Government Claims Board

cc:   B-23 Corrections and Rehabilitation, Attn: Donna Corbin

Warning
"Subject to certain exceptions, you have only six months from the date this notice was personally delivered or
deposited in the mail to file a court action on this claim."   See Government Code Section 945.6.  You may
seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an
attorney, you should do so immediately.  PLEASE CONSULT GOVERNMENT CODE SECTION 955.4 FOR
PROPER SERVICE OF SUMMONS AND COMPLAINT.

Ltr 118 Board Claim Rejection

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Victor Parra Jr.

DEFENDANTS

Hernandez, et al.

2254    1983

FILING FEE PAID
Yes    No

IFP MOTION FILED
Yes    No

COPIES SENT TO

Court    ProSe

2008 JAN 31 PM 2:32
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Victor Parra Jr.
PO Box 799002
San Diego, CA 92179
P-58682

ATTORNEYS (IF KNOWN)

'08 CV 0191 H CAB

| II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT |
|---|---|
| (For Diversity Cases Only) | |

| | | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐1 ☐1 | Incorporated or Principal Place of Business in This State | ☐4 ☐4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III | Citizen of Another State | ☐2 ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 ☐5 |
| | | Citizen or Subject of a Foreign Country | ☐3 ☐3 | Foreign Nation | ☐6 ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☒ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding    ☐ 2 Removal from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE _____    Docket Number _____

DATE    January 31, 2008

SIGNATURE OF ATTORNEY OF RECORD