1  PARRA VICTOR
2  CDC No. P-58682
3  P.O. Box. 799002
4  San Diego CA. 92179
5  In pro se

FILED
2008 MAR -6 PM 2:43
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

PARRA VICTOR
    Plaintiff
V.
HERNANDEZ R. et al.,
    Defendants

Case No. 08CV0191 H (CAB)

REQUEST FOR PRELIMINARY INJUNCTION

## I JURISDICTION

1. This action is brought pursuant to 42 U.S.C. 1983 to redress the deprivations, under color of state law, of rights secured by the Constitution of the United States. Jurisdiction is based on 28 U.S.C. Section 1331 and 1343. The Court also has pendent Jurisdiction over the state claims pursuant to 28 U.S.C. Section 1367. Plaintiff seeks a preliminary Injunction pursuant to Federal Rules of Civil Procedure 65 (a)

## II PARTIES

2. Plaintiff Victor Parra is at all times mentioned herein a prisoner of the state of California, in the custody of the California Department of Corrections and Rehabilitations (CDC), Confined at Richard J. Donovan Correctional Facility (RJD) and housed within the Administrative Segregation Unit (ASU) Unit 6.

3. Defendant R. Hernandez is the current warden at (RJD) and legally responsible for the operation of (RJD) and for the welfare of all inmates of that prison.

4. The California Department of Corrections and Rehabilitations (CDC) is a State Agency.

5. This request for preliminary Injunction arises from defendants practices, acts and policies which have caused plaintiff to be deprived of a Constitutional right, State Created liberty interest and has suffered psychological deterioration.

(a) For an extended period of time in conditions that adversely impact plaintiff's physical and mental well-being.

(b) When plaintiff has not been formally found guilty of a rule violation and punished with loss of yard or found to be a danger to other inmates.

(c) In spite of the fact that California regulations mandate dayly outside Exercise yard for ASU prisoners. And Inmates assigned to (RMA) yard have three abailable days of yard.

(d) based on the reason of overcrouding, and non legitimate asumtion of safety and security

(e) Pursuant to defendants official position and custom of "no yard on thrusdays and weekends for ASU Unit 7" and "Never give yard to the entire number of Inmates on the yard list, only some," for unit 7. Unit 8. "No yard"

## IV. STATEMENT OF FACTS

6. From September 25, 2006 through April 2007 plaintiff was denied outside exercise yard while housed in ASU Unit 7 and 8.

7. From November 6, 2007 to December 10, 2007 plaintiff was housed at Unit 7 and suffered the usual deprivation of outside exercise.

8. The schedule for plaintiff's assigned (RMA) yard at ASU is Monday 1:00 pm to 4:00 pm, Thrusday 1:00 pm to 5:00 pm. and Saturday 1:00pm to 4:00 p.m.

9. Unit 7 policy is absolutely no yard on thrusday. Maybe on the weekend

2

1 or monday one of the two. despite a three day schedule the rutine is to suspend yard
2 for Unit 7 even if Unit 6 goes out to yard as schedule.
3     10. Out of an average 17 inmates at Unit 7 only the first 10 may received
4 access to yard if yard program will be run. weeks usually go by and the same 10
5 inmates would get yard again on a consecutive turn, the unluky ones will stay behind.
6     11. Plaintiff is currently housed at ASU unit 6, Yard is run as schedule all three
7 days and every inmate scheduled in RMA yard is given an opportunity for yard.
8     12. On February 11, 2008. Unit 6 was staffed with new Correctional officers. A
9 senior officer previously assigned to Unit 7. begined implementing the rutine from Unit 7
10 at 6 and hinted that yard program for 6 should change.
11     13. Since December 10, 2007. Plaintiff has receive yard opportunities at Unit 6
12 according to the prescrived (RMA) schedule.
13     14. Plaintiff is mentally ill. more than half the Inmates at RMA yard are
14 mental Health patients in protected custody (PC). Inmate Richard west
15 CDC No. P-59407 is also schedule for RMA Yard. Psychiatric doctor Saltzman
16 has stated that "Denial of yard... may cause further deterioration in [inmates]
17 clinical picture" see Exhibit A CDC 115-X Form dated 1-13-08
18     15. As set forth in the complaint 42 U.S.C 1983. Plaintiff is also at risk of
19 the likelyhood of decompensation. see Complaint at Exb B p. 20 First paragraph 8-9.
20 and denial of yard amounts to cruel and unusual punishment.
21     16. The likely hood that plaintiff would be rehoused to Unit 7 or 8 is real,
22 and the likelyhood of recurance of the constitutional violation and irreparable injury
23 to plaintiffs mental state as in the past will be reinflicted on plaintiff.
24     17. Defendants position is that the RMA yard is to crowded to give all
25 schedule inmates at 7 access to the yard, their solution is to give yard to half the
26 Inmates at 7. Unit 6 does not cut the yard in half so far.
27     18. As a secundary reason defendants alleged the risk of fighting is likely if
28 to many inmates are let out to yard. No reason is given as to why out of three days

1 of schedule yard only one day of yard a week is given or why thrusday yard is always
2 suspended for Unit 7.
3    19. Releasing all schedule inmates to yard every schedule day will not cause any
4 harship to defendants. Plaintiff and other Inmates will suffer more without an Injunction.
5 all defendants have to do is escort them to the yard.
6    20. Defendants have admitted plaintiff was erroneously given a CDC 115 Rule
7 Violation Report see Complaint at Exhibit A p. 2 line 8-11. And deprived plaintiff of
8 at least five (5) hours of yard a week for a period of 210 days violating their own
9 regulations. Plaintiff will likely succed on the merits of the complaint at trial.
10    21. Because plaintiff and Inmate West are mentally ill as well as numerous other
11 Inmates schedule to RMA Yard and will be release out into society soon, it is in the public
12 interest that defendants Prison officials help the inmates mental wellbeing by following
13 their own rules and ameliorate conditions in ASU veneficial to the rehabilitation of the
14 inmates mental state. Adhering to the yard schedule.
15    22. Plaintiff reincorporates and realleges the facts of the Complaint part 10-23.
16 and declares all facts are true and correct.
17             V. REQUEST FOR PRELIMINARY INJUNCTION
18    23. There is no adequate remedy at law. Good Cause appearing plaintiff
19 respectfully request this Court grants a preliminary injunction and Order defendants
20 to:
21        (a) Give, Out door exercise yard access to all Inmates at
22    Unit 7 and 6 occording to the RMA schedule Immates all 3 days.
23
24 Dated: Feb 26, 2008                    Respectfully Submitted
25                                        Victor Parra
26                                        In Prose
27
28

4

# *VERIFICATION*

**STATE OF CALIFORNIA**
**COUNTY OF** SAN DIEGO

Case No. 08CV0191 H (CAB)

(C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, Victor Parra _____ DECLARE UNDER PENALTY OF PERJURY
THAT: I AM THE _____ Plaintiff _____ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS __26__ DAY OF: __February__ 2008 AT Richard J. Donovan Correctional Facility 480 Alta Road. P.O. Box. 799002, San Diego CA. 92179

(SIGNATURE) __Victor Parra__
(DECLARANT/PRISONER)

## *PROOF OF SERVICE BY MAIL*

(C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, Albert Reynosa J-45769 AM A RESIDENT OF Richard J. Donovan Correctional Facility San Diego
County, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT
A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX .799002, San Diego
CA. 92179

ON __2-26__ 20 08 I SERVED THE FOREGOING: Request for Preliminary Injunction and Exhibit A

(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S),
WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED
AT_ RJD Corr. Fac. 480 Alta Road. P.O. Box. 799002, San Diego CA. 92179

(To the Clerk)--
U.S. District Court
Southern District of California
880 Front Street. Suite 4290
San Diego CA. 92101-8900

Hernandez R. (Warden)
Richard J. Donovan Corr. Fac.
P.O. Box. 799006
San Diego CA. 92179-9006
Attn: Litigation Coordinator R. Cobb

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: __2-26-08__

__Albert Rey__
(DECLARANT/PRISONER)

EXHIBIT - A

REVIEWING CUSTODY SUPERVISOR

A Rules Violation Report (RVR), CDC 115, has been written on the following inmate, who requires a mental health assessment.

Inmate Name: WEST,     CDC Number: P-59407

RVR Log Number: F2-07-499R    Date of Violation: 09/08/07    Housing: F2-09-113L

F2-6-232L Gangrenny

Specific Act Charged: BATTERY ON A PEACE OFFICER REQ. USE OF FORCE

The inmate's current Mental Health Level of Care is: (check one)
[ ] NOT IN MHSDS PROGRAM*    [ ] CCCMS*    [X] EOP    [ ] MHCB    [ ] DMH
*CCCMS AND NON-MHSDS PROGRAM PARTICIPANTS WILL BE REFERRED FOR A MENTAL HEALTH ASSESSMENT FOR "BIZARRE, UNUSUAL OR UNCHARACTERISTIC" BEHAVIOR.

Sent to Mental Health: 1-24-08    By: OTTER, J / J. Ott
                         Date              Print Name        Signature

Return this form to: 2 pro.    By: 2-8-08 (CCCMS and non-MHSDS, 5 working days; EOP/MHCB/DMH, 15 calendar days)

MENTAL HEALTH CLINICIAN
Use "lay terms" for responses

Conducted non-confidential interview: 1/31/08    (Inmate informed of non-confidentiality).
                                        Date

1. CCCMS/NON-MHSDS only. Are there any mental health factors that would cause the inmate to experience difficulty in understanding the disciplinary process and representing his/her interests in the hearing that would indicate the need for the assignment of a Staff Assistant?
   [ ] Yes    [ ] No    Explain "yes" response    I/P IS EOP

2. In your opinion, did the inmate's mental disorder appear to contribute to the behavior that led to the RVR? [X] Yes    [ ] No    Explain "yes" response: I/P has a long psychiatric history including paranoia, poor impulse control and impaired judgement.

3. If the inmate is found guilty of the offense, are there any mental health factors that the hearing officer should consider in assessing the penalty? [X] Yes    [ ] No    Explain "yes" response: Denial of yard and/or mental health services may cause further deterioration in I/P's clinical picture.

Institution: RJDCF    Clinician: Dr. Saltzman, Ps.D    Signature: DSalt psyD    Date: 1/13/08
Received by (custody staff)    Name:    Signature:    Date:
Psychologist
Distribution: Original: Central File with adjudicated CDC 115; First copy: Unit Health Record; Second copy: Inmate

| RULES VIOLATION REPORT: MENTAL HEALTH ASSESSMENT CDC 115-X (11/02) | Inmate Name: (Last, First, MI) |
| --- | --- |
|  | CDC Number: |
|  | DOB: |
| STATE OF CALIFORNIA    DEPARTMENT OF CORRECTIONS | |