1 PARRA VICTOR
2 CDC No. P-58682
3 P.O. Box 799002
4 San Diego CA. 92179
5 In pro se

FILED
2008 MAR -6  PM 2: 43
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ Rm _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

PARRA VICTOR
       Plaintiff,
  v.
HERNANDEZ R. et.al.,
       Defendants,

Case No. 08CV0191 H (CAB)

MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY INJUNCTION

I  Statement of Case

On January 31, 2008 Plaintiff Victor Parra a Prisoner brought suit under 42 U.S.C. Section 1983. Plaintiff alleges among other things that during a period of 210 day while house in ASU Unit 7 and 8 he was denyed outdoor exercise yard amounting to more that 5 hours a week causing him psychological deterioration. The Complaint covers the period of September 25, 2006 to April 2007. On November 6, 2007 plaintiff was temporarily housed at Unit 7 and was rehoused to Unit 6 on December 10, 2007. during the stay at Unit 7 plaintiff suffered deprivation of exercise yard and is at risk of suffering mental deterioration and decompensation should he be rehoused back to unit 7 or 8. Plaintiff now seeks a preliminary injunction against defendant Hernandez R. Prison Warden to ensure compliance with the three day schedule of RMA yard at Units 7 and 8.

1.

ARGUMENT
POINT 1

THE PLAINTIFF IS ENTITLED TO A TEMPORARY PRELIMINARY INJUNCTION

The traditional equitable criteria for granting preliminary injunction relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases) see Johnson V. California State BD. OF ACCOUNTANCY 72 F.3d 1427 (9th Cir. 1995) [N] 3-4 at 1430 citing Dollar Rent A car V. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985).

In the ninth circuit however to obtain preliminary injunction, moving party must demonstrate either (1) combination of probable success on merits and possibility of irreparable injury, or (2) that serious questions are raised and balance of hardships tips sharply in favor of movant. Cox Communications PCS, L.P. V. City of San Marcos, 204 F.Supp. 2d 1260. (S.D. Cal. 2002) see also Johnson Supra Id 1430

A. The plaintiff is likely to succeed on the merits.

Plaintiff has a great likelihood of success on the merits. What defendants have done, Intentionally denying plaintiff outdoor exercise yard, a mentally ill Inmate was specifically singled out by the District Court of California, Madrid V. Gomez 889 F.Supp 1146-1242 (N.D. Cal. 1995) and U.S. Supreme Court Wilson V. Seiter, 501 U.S. 294, 304-05, 111 S.Ct. 2321, 2327 (1991) Toussaint V. Yockey, 722 F.2d 1490, 1492-93 (9th Cir. 1984) Spain V. Procunier, 600 F.2d 189, 199 (9th Cir. 1979) (Five hours a week outdoor exercise yard required) Toussaint V. McCarthy, 597 F.Supp 1388, 1402, 1412 (N.D. Cal. 1984) (requiring 8 hours a week of outdoor exercise yard). defendant agents have accepted that plaintiff was erroneously issued a rule violation report causing loss of yard see Complaint Exhibit A page 2 line 8-11.

B. The Plaintiff is threatened with irreparable harm.

Plaintiff alleges he is mentally ill and has been denied outdoor exercise yard for

2

prolonged periods of time while being housed at (ASU). Such conduct by prison officials is a clear violation of the eighth Amendment. Patterson V. Mintzes, 717 F.2d 284-289 (6th Cir. 1983) (46 days denial of yard stated an eighth amendment claim) Madrid supra 889 F.Supp 1146-1242 (N.D.Cal. 1995) (prison officials had actual subjective knowledge that conditions of isolation and enviromental deprivation...presented substantial risk to mentaly ill inmate...acted wantonly... when they did nothing to ameliorate the offending conditions). Plaintiff is at risk of decompensation do to ASU Conditions. See Doctors D. Huffman statement at Complaint Exhibit B page 20 line 8-9 and Doctors D. Saltzman regarding Inmate R. West. Exb A of Reques for Injunction.

As a matter of law, continuing deprivation of constitutional rights constitutes irreparable harm Elrod V. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976) and Daniels Cable Vision, Inc. V. San Elijo Ranch, Inc., 158 F.Supp.2d 1178 (S.D.Cal. 2001) "Preliminary injunction" is provisional remedy designed to preserve status quo and to prevent irreparable loss of rights prior to judgment.

Defendants have exercise such misconduct since 2006 affecting plaintiff. "Past misconduct of course be evidence that future misconduct is likely Orantes-Hernandez V. Thornburg, 919 F.2d 549, 564 (9th Cir. 1990). Parties seeking pretrial injunctive relief must demonstrate they will be exposed to some significant risk of irreparable injury if such relief is denied, Softman products Co., LLC V. Adobe Systems, Inc., 171 F.Supp.2d 1075. Should plaintiff be rehoused back to Unit 7 or 8 the loss of yard will deteriorate plaintiffs gains in terapy, affecting his mental state.

C. The balance of hardships favors the plaintiff

In deciding whether to grant a preliminary injunction, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. see Gilland V. Owens, 718 F.Supp 665, 685 (W.D.Tenn 1989) Martin V. Int'l Olympic Com., 740 F.2d 670, 675 (9th Cir. 1984)

In this case, the present suffering of the plaintiff and his potential suffering if he is rehoused to unit 7 or 8 or the rutine denial of yard on thrusdays and weekends now beginning to be implemented on unit 6 will be a loss of the gains made throug therapy, and may start to

3

deteriorate mentally again. The suffering defendants will experience if the Court grants the Injunction will consist of taking the plaintiff and Unit 7 Inmates to the schedule RMA Yard Mondays, thrusdays and saturdays, something that defendants do, and are obligated to do, for members of the prison population on a daily basis. the defendants hardships amount to no more than business as usual.

D. The relief sought will serve the public interest

In this case, the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the Law Washington V. Reno, 35 F.3d 1093, 1103 (6th Cir. 1994) Aditionally California has enacted legislation covering mentally disordered offenders serving their parole time to be civily comitted to protect the public Cal. Penal Code section 2962, 2964. And Cal. Penal Code 2684 Covering mentally ill prisoners transferred to State Hospitals for psychiatric stabilization. As stated by Doctor Saltzman and Doctor Huffman ASU retention of inmates causes decompensation and denial of exercise yard may regress the gains in stability and impulse control achieved with therapy. It is within the public interest that mentally ill Inmates be stabiliced prior release from prison, access to outdoor exercise yard helps Inmate mental state.

POINT II

Usually a litigant who obtains interim injunctive relief is asked to post security. Rule 65 (c), Fed. R. Civ. P. However, the plaintiff is an indigent prisoner and is unable to post security. The court has discretion to excuse an impoverished litigant from posting security. Orantes-Hernandez V. Smith, 541 F.Supp. 351, 385 [n] 30 (C.D. Cal. 1982) In view of the serious medical danger confronting the plaintiff, the court should grant the relief requested without requiring the posting of security.

CONCLUSION

Because prospective relief will extend no further than necessary to correct the violation of a Federal right see 18 U.S.C. Section 3626(a)(1). For the foregoing reasons, the Court should grant the preliminary injunction in its entirety. pursuant to Fed. R. Civ. P. 65(a)

Dated: February 26, 2008

Respectfully Submitted
Victor Parra
In prose

4

# VERIFICATION

STATE OF CALIFORNIA
COUNTY OF SAN DIEGO

Case No. 08CV0191 H (CAB)

(C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, Victor Parra, DECLARE UNDER PENALTY OF PERJURY THAT: I AM THE Plaintiff IN THE ABOVE ENTITLED ACTION; I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS 26 DAY OF: February, 2008 AT Richard J. Donovan Correctional Facility 480 Alta Road. P.O. Box 799002. San Diego CA. 92179

(SIGNATURE) Victor Parra
(DECLARANT/PRISONER)

## PROOF OF SERVICE BY MAIL

(C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, Albert Reynosa J-45769 AM A RESIDENT OF Richard J. Donovan Correctional Facility San Diego County, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND ~~AM~~/NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX. 799002, San Diego CA. 92179

ON 2-26, 2008 I SERVED THE FOREGOING: Memorandum of law in Suport of preliminary Injunction.

(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT 480 Alta Road. P.O. Box. 799002. San Diego CA. 92179

(To the Clerk)
U.S. District Court
Southern District of California
880 Front street. Suite 4290
San Diego CA. 92101-8900

Hernandez R. (Warden)
Richard J. Donovan Corr. Fac.
P.O. Box. 799006
San Diego CA. 92179-9006
Attn: Litigation Coordinator R. Cobb

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: 2-26-08

Albert Reynosa
(DECLARANT/PRISONER)