# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

VICTOR PARRA,
CDCR #P-58682

Plaintiff,

vs.

R. HERNANDEZ, Warden; R. LIMON, Correctional Officer; W. LILES, Correctional Officer; A.L. COTA, Correctional Officer; P. COWAN, Asst. Warden; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,

Defendants.

Civil No. 08-0191 H (CAB)

**ORDER:**

**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350 FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2];**

**(2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [Doc. No. 3]**

**AND**

**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(2) AND 28 U.S.C. § 1915(d)**

Victor Parra ("Plaintiff"), a prisoner currently incarcerated at the Richard J. Donovan Correctional Facility ("RJDCF") in San Diego California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff, who asserts that he suffers from a mental illness requiring sensitive needs placement, claims various RJDCF officials violated

his right to be free from cruel and unusual punishment, retaliated against him, and violated his right to due process by "forcing" him to double cell with a general population inmate who was "not compatible" and who Plaintiff believed "would assault him." (Compl. ¶¶ 1-23.) When Plaintiff agreed to the cellmate, but refused to sign a waiver of liability in the event of attack, he claims to have been charged with a serious rules violation ("RVR") and transferred to "Unit 8" where he claims to have decompensated based on the isolation and denial of all outdoor exercise and limited yard privileges for more than seven months. (*Id.*) Plaintiff further alleges pendant violations of California law. (*Id.* ¶¶ 53-115.) Plaintiff seeks a declaratory judgment, compensatory damages and costs. (*Id.* at 16 ¶¶ 1-11.)

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. He has also filed a Motion Requesting Preliminary Injunctive Relief pursuant to FED.R.CIV.P. 65 [Doc. No. 3].

**I.**

**Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has now submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows an average monthly balance and average monthly deposits of zero in his trust account during the six-month period preceding the filing of his Complaint, and a negative available balance due to

"legal copies holds." Therefore, the Court finds Plaintiff has insufficient funds from which to pay any initial filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.**

**Motion for Preliminary Injunction**

In his Motion requesting a preliminary injunction, Plaintiff admits he is "currently housed at ASU [Administrative Segregation] Unit 6," and that since December 10, 2007, he has been given yard privileges three days a week . (Pl.'s Mot. ¶¶ 11, 13.) However, he seeks immediate injunctive relief because "new correctional officers" on Unit 6 have "*hinted* that yard program for [Unit] 6 should change." (*Id.* ¶ 12 (emphasis added).)

In order to obtain a preliminary injunction the movant must demonstrate "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to the plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005) (citing *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995)) (internal quotation marks and citation omitted). Alternatively, injunctive relief could be granted if the movant "demonstrates 'either a combination of probable success on the merits

and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" *Id.* (citation omitted). "These two alternatives represent 'extremes of a single continuum,' rather than two separate tests." *Clear Channel Outdoor Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003) (citation omitted).

As a preliminary matter, however, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *Lathrop v. Unidentified, Wrecked & Abandoned Vessel*, 817 F. Supp. 953, 961 (M.D. Fl. 1993); *Kandlbinder v. Reagan*, 713 F. Supp. 337, 339 (W.D. Mo. 1989); *Suster v. Marshall*, 952 F. Supp. 693, 701 (N.D. Ohio 1996); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"); 18 U.S.C. § 3626(a)(2) ("In any civil action with respect to prison conditions, ... [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.").

Under Federal Rule of Civil Procedure 65(d), an injunction binds only "the parties to the action, their officers, agents, servants, employees, and attorneys, and ... those persons in active concert or participation with them who receive actual notice of the order." The district court must, therefore, tailor the injunction to affect only those persons over which it has power. *See Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 481 (1978); *see also* 11A Wright & Miller, FEDERAL PRACTICE & PROCEDURE, § 2941 (2d ed. 1995). Because Plaintiff's action is so new that the United States Marshal has yet to effect service on Plaintiff's behalf, the Court simply enjoys no personal jurisdiction over any Defendant at this time.

/ / /

Moreover, even if this Court had personal jurisdiction over the Defendants Plaintiff seeks to enjoin, he has failed to establish the imminent irreparable injury required to support a preliminary injunction. *See Beardslee*, 395 F.3d at 1067. This is because where immediate injunctive relief is sought based on claims that governmental actors or agencies have violated the law in the *past*, as is the case here, Plaintiff must establish that the threat of future or repeated injury is both "real and immediate," not just "conjectural" or "hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).

Here, Plaintiff's Motion alleges that he has suffered harm as the result of being denied outdoor exercise and granted very limited yard privileges for a period of seven months, from September 2006 through April 2007, but that since December 10, 2007, he has been given yard privileges three days a week. Plaintiff claims a preliminary injunction is necessary to prevent his future injury based only on "hints" that his yard program "should" change. (*See* Pl.'s Mot. ¶¶ 6-7, 12-13.) The threat of future injury required to justify extraordinary injunctive relief, however, must be imminent and not merely speculative. *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674-75 (9th Cir. 1988).

Thus, for these reasons, the Court must **DENY** without prejudice Plaintiff's Motion for Injunctive Relief [Doc. No. 3] pursuant to FED.R.CIV.P. 65 at this time.

**III.**

**Sua Sponte Screening per 28 U.S.C. §§ 1915(e) and 1915A**

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000)

(§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

Here, while the Court has found Plaintiff has not shown that he is entitled to a preliminary injunction at this time, it nevertheless finds the allegations in his Complaint sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, Plaintiff is entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy Untied States marshal, or other officer specially appointed by the court ... when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## IV.

## Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion Requesting Preliminary Injunctive Relief pursuant to FED.R.CIV.P. 65 [Doc. No. 3] is **DENIED** without prejudice.

2. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

3. The Secretary of California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward

payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. The Clerk of the Court is directed to serve a copy of this order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

**IT IS FURTHER ORDERED** that:

5. The Clerk shall issue a summons upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, and certified copies of his Complaint and the summons for purposes of serving each of these Defendants. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

6. Defendants are thereafter **ORDERED** to reply to the Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

7. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be

filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

IT IS SO ORDERED.

DATED: March 13, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT