1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHELLE DES JARDINS
   Supervising Deputy Attorney General
5  SYLVIE P. SNYDER, State Bar No. 171187
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-2299
    Fax: (619) 645-2581
9   Email: Sylvie.Snyder@doj.ca.gov

10 Attorneys for Defendants P. Cowan, R. Hernandez, W.
   Liles and R. Limon

11

12

13                IN THE UNITED STATES DISTRICT COURT

14           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

15

16 | **VICTOR PARRA, Jr.,** | 08CV0191 H CAB |

   **Plaintiff,**

17                                     **MEMORANDUM OF POINTS AND**
                                       **AUTHORITIES IN SUPPORT OF**
18     **v.**                          **MOTION TO DISMISS**
                                       **PLAINTIFF'S COMPLAINT BY**
   **R. HERNANDEZ, et al.,**           **DEFENDANTS**
19
                        **Defendants.** Hearing:     July 22, 2008
20                                      Time:        9:00 a.m.
                                        Courtroom:   E
21                                      Judge:       The Honorable
                                                     Cathy Ann
22                                                   Bencivengo

23                              **I**

24                        **INTRODUCTION**

25

26      Plaintiff Victor Parra, Jr., proceeding in pro se, is California prison inmate currently

27 incarcerated at R.J. Donovan Correctional Facility, San Diego, California.  Plaintiff's Complaint,

28 which is brought under 42 U.S.C. § 1983, concerns his refusal to sign an agreement to double

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.          Case No. 08CV0191 H CAB

1

1  cell, and his alleged transfer to another unit where he had no yard for three months, then limited

2  yard for another three months after transfer to yet another unit.  All Defendants have been served

3  except A. Cota and California Department of Corrections and Rehabilitation.

4  **II**

5  **PLAINTIFF'S ALLEGATIONS AND FACTS TO BE CONSIDERED**

6  On or about September 25, 2006,[1] Plaintiff was ordered by Defendants Limon and Liles to

7  double cell with inmate Duran allegedly pursuant to Operational Plan No. 85 which requires

8  inmates to double cell.  (Complaint p. 3 ¶¶ 1-2.)  Plaintiff alleges Defendants Hernandez, Cowan

9  and Cota were responsible for Operational Plan No. 85.  (Complaint p. 15 ¶ 104.)  At the time he

10  was ordered to double cell with Duran, Plaintiff was allegedly classified as having safety

11  concerns, and inmate Duran was allegedly classified as a general population inmate.  (Complaint

12  p. 3 ¶¶ 1-2.)  At the time, both inmates were housed in an Administrative Segregation unit, not in

13  the general population.  (Exhibit 1 to Complaint p. 1.[2])

14  Plaintiff alleges Limon and Liles ordered him to sign a double cell agreement or else he

15  would be placed on yard hold and moved to unit eight where no yard, library or other state

16  created services were available.  (Complaint p. 3 ¶ 3.)  Plaintiff alleges he explained to Limon

17  that Duran was not compatible with him because Duran was in a different yard group and Duran

18  would assault Plaintiff.  (Complaint p. 3 ¶ 4.)  Limon allegedly threatened Plaintiff with a Rule

19  Violation Report if Plaintiff did not sign the double cell agreement.  (Complaint p. 3 ¶ 5.)

20  Plaintiff agreed to double cell with Duran with the condition he would not sign the double cell

21  agreement and would file suit if Duran assaulted him.  (Complaint p. 3 ¶ 6.)  Plaintiff had double

22  celled with at least two other general population inmates in the past without incident.

23  (Complaint p. 10 ¶ 49.)

24

25  1.    It appears the incident actually occurred on September 28, 2006.  (Exhibit A to

26        Complaint p. 1.)

27  2.    Exhibits attached to the complaint and referenced therein may be considered as part

28        of the complaint for purposes of a Rule 12(b)(6) motion to dismiss.  *Roth v. Garcia Marquez*, 942 F.2d 617, 625 n.1 (9th Cir. 1991); *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003).

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.                    Case No. 08CV0191 H CAB

2

1    On October 10, 2006, Plaintiff was given a Rule Violation Report by Limon and Liles for

2    refusing to obey orders to double cell, which Plaintiff attached as Exhibit A to his Complaint.

3    (Complaint p. 3 ¶ 6; Exhibit A to Complaint p. 1.) Plaintiff was found, "not guilty" of the

4    offense at a hearing on October 30, 2006, based in part upon the fact that Plaintiff was, "in

5    compliance at the time of the hearing." (Exhibit A to Complaint pp. 1-2.)

6        Plaintiff alleges that from September 25, 2006 to January 1, 2007, he received no outdoor

7    exercise or yard at all, and from January 1, 2007, to April 2007, he was allowed less than five

8    hours of yard a week. (Complaint p. 3 ¶ 8.) In his Complaint and Exhibits, Plaintiff alleges the

9    deprivation of yard from October 9, 2006, to January 1, 2007, was due to a transfer from unit six

10   to unit eight (Complaint p. 4 ¶¶ 12, 15; Exhibit B to Complaint p. 1, and p. 3: "On October 9,

11   2006, I was rehouse to . . . unit 8.") He further admits the limited yard from January 1, 2007, to

12   April 2007, was due to a transfer from unit eight to unit seven. (Complaint p. 4 ¶ 15: "On

13   January 1, 2007 after 80 days plaintiff was given the chance to be housed at unit 7 where less

14   than five hours a week were aforded (sic) of out door exercise yard.")

15       Plaintiff alleges that Defendant Prison Warden Hernandez, Assistant Warden Cowan and

16   Facility Captain Cota created conditions of isolation and environmental deprivation in unit eight

17   presenting substantial risk to mentally ill inmates in that unit eight is on 24-hour lockdown with

18   no access to yard, law library or recreational reading books. (Complaint p. 4 ¶¶ 11, 13.)

19                                              **III**

20                      **LEGAL STANDARD FOR MOTION TO DISMISS**

21       A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the

22   complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Federal Rule of Civil

23   Procedure 8 (a)(2) requires only 'a short and plain statement of the claim showing that the

24   pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the

25   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v.*

26   *Pardus*, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (internal quotations omitted) (quoting *Bell*

27   *Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007)). Nonetheless, "[w]hile

28   a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.                    Case No. 08CV0191 H CAB

3

1  allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires

2  more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

3  will not do.  Factual allegations must be enough to raise a right to relief above the speculative

4  level on the assumption that all the allegations in the complaint are true . . ." *Bell Atlantic Corp.*

5  *v. Twombly*, 127 S. Ct. at 1964-65 (internal citations and quotations omitted).

6       The Court must assume the truth of the facts presented and construe all inferences from

7  them in the light most favorable to the nonmoving party when reviewing a motion to dismiss

8  under Federal Rule of Civil Procedure 12(b)(6).  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.

9  2002); *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  While a court

10  generally cannot consider material outside the pleadings in deciding a motion to dismiss, the

11  Court may consider exhibits attached to, or referenced in, the complaint, and matter which is

12  properly subject to judicial notice.  *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912,

13  925 (9th Cir. 2001); *Roth v. Garcia Marquez*, 942 F.2d 617, 625 n.1 (9th Cir. 1991); *In re*

14  *Colonial Mortg. Bankers Corp.,* 324 F.3d 12, 16 (1st Cir. 2003); *Swartz v. KPMG LLP,*  476

15  F.3d 756, 763 (9th Cir. 2007).

16       Where a person appears in propria persona in a civil rights case, courts must construe the

17  pleadings liberally and afford the plaintiff any benefit of the doubt.  *Karim-Panahi v. Los*

18  *Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction is

19  "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.

20  1992).  However, courts "may not supply essential elements of the claim that were not initially

21  pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982);

22  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997).  Additionally, the

23  "court is not required to accept legal conclusions cast in the form of factual allegations if those

24  conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness*

25  *Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Although the court construes the complaint

26  liberally, the court will not assume that defendants have violated a plaintiff's rights in ways that

27  have not been alleged.  *See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of*

28  *Carpenters*, 459 U.S. 519, 526 (1983).

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.                    Case No. 08CV0191 H CAB

4

1      A court must give pro se litigants leave to amend the complaint "unless it determines the

2  pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d

3  1122, 1127 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.

4  1995)).  Finally, before a pro se litigant's complaint may be dismissed, the court must provide the

5  plaintiff with a statement of the deficiencies in the complaint.  *Karim-Panahi*, 839 F.2d at 623.

6  **IV**

7  **THE EIGHTH AMENDMENT CLAIMS SHOULD BE DISMISSED AGAINST**

8  **DEFENDANTS LIMON AND LILES**

9      Plaintiff's first, second and third causes of action are for violation of the Eighth Amendment

10  based upon cruel and unusual prison conditions.

11  **1.    Eight Amendment Standard**

12      The Eighth Amendment is not a basis for broad prison reform.  It requires neither that

13  prisons be comfortable nor that they provide every amenity one might find desirable.  *Rhodes v.*

14  *Chapman,* 452 U.S. 337, 347-52 (1981); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).

15  Rather, the Eighth Amendment proscribes the "unnecessary and wanton infliction of pain,"

16  which includes those sanctions that are "so totally without penological justification that it results

17  in the gratuitous infliction of suffering."  *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976); *see*

18  *also Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rhodes*, 452 U.S. at 347.  This includes any

19  punishment incompatible with "the evolving standards of decency that mark the progress of a

20  maturing society." *Trop v. Dulles*, 356 U.S. 86, 101 (1958); *see also Estelle v. Gamble,* 429 U.S.

21  97, 102 (1976).

22      **A.    Deprivation of Humane Conditions of Confinement**

23      To assert an Eighth Amendment claim for deprivation of humane conditions of

24  confinement, a prisoner must satisfy two requirements: one objective and one subjective.

25  *Farmer v. Brennan*, 511 U.S. at 834.  Under the objective requirement, the prison official's acts

26  or omissions must be "sufficiently serious" - i.e. the actions must deprive an inmate of the

27  "minimal civilized measure of life's necessities."  *Id.*; *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th

28  Cir. 1994).  Objectively, there is no Eighth Amendment violation so long as the institution

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.        Case No. 08CV0191 H CAB

5

1  "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care,

2  and personal safety." *Hoptowit v. Ray*, 682 F.2d at 1246 (internal quotations omitted).

3      The subjective component, which relates to the defendant's state of mind, requires

4  "deliberate indifference." *Allen*, 48 F.3d at 1087.  Deliberate indifference exists when a prison

5  official "knows of and disregards an excessive risk to inmate health and safety; the official must

6  be both aware of facts from which the inference could be drawn that a substantial risk of serious

7  harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

8      The subjective element of deliberate indifference mandates an examination of the state of

9  mind of the person imposing the deprivation.  "It is *obduracy and wantonness, not inadvertence*

10  *or error in good faith*, that characterize the conduct prohibited by the Cruel and Unusual

11  Punishments Clause, whether that conduct occurs in connection with establishing conditions of

12  confinement, supplying medical needs, or restoring official control over a tumultuous cellblock."

13  *Wilson v. Seiter*, 501 U.S. 294, 299 (1991) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986))

14  (italics in original; internal quotations omitted); *see LeMaire v. Maass*, 12 F.3d 1444, 1452 (9th

15  Cir. 1993).

16      **B.    Failure to Protect**

17      To support an Eighth Amendment failure to protect claim, Plaintiff must allege facts

18  showing Defendants displayed a "deliberate indifference" to an excessive risk to the prisoner's

19  health and safety.  *Farmer v. Brennan*, 511 U.S. at 837.  There are two elements of deliberate

20  indifference: 1) a deprivation that was objectively sufficiently serious resulting in the denial of

21  "the minimal civilized measure of life's necessities," and; 2) defendant  knew of, and

22  disregarded, an excessive risk to the prisoner's safety.  *Id.* at 834, 837.  It is not enough to show

23  Defendant should have known of the risk; actual notice on the part of the prison official is

24  required to show deliberate indifference.    *Id.* at 837-838 and 843 n. 8.  The official must both be

25  aware of facts from which the inference could be drawn that a substantial risk of serious harm

26  exists, and he must also draw the inference. *Id.*  Before being required to take action, the official

27  must have more than a "mere suspicion" that an attack upon an inmate will occur.  *Berg v.*

28  *Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.                    Case No. 08CV0191 H CAB

6

1    **2.    Defendants Limon and Liles Should Be Dismissed From the Eighth Amendment**
     **Claims Because They Were Not Alleged to Be Responsible For Operational Plan No.**
2    **85, the Transfer to Unit Eight, the Conditions in Unit Eight, Nor Did They Fail To**
     **Protect Plaintiff in Violation of the Eighth Amendment.**
3

4         The basis for Plaintiff's Eighth Amendment claims is that he was deprived of adequate

5    outdoor exercise from September 25, 2006 to April 2007, while in units seven and eight, and was

6    subjected to other adverse conditions while in unit eight.  (Complaint pp. 3-5.)

7         Plaintiff asserts Defendants Limon and Liles, while enforcing Operational Plan No. 85,

8    ordered Plaintiff, when he was in unit six, to double cell with general population inmate Duran in

9    Administrative Segregation, and when Plaintiff refused to sign a double cell agreement even

10   though he verbally agreed to the double cell assignment, Limon and Liles issued a Rule

11   Violation Report for disobeying the order to double cell.  (Complaint pp. 3-5.)  This is where

12   Plaintiff's theory against Limon and Liles suffers a disconnect.  Plaintiff admits he refused to

13   sign the double cell agreement.  (Complaint p. 3 ¶ 6.)  Plaintiff does not allege Limon and Liles

14   instituted Operational Plan No. 85,  transferred Plaintiff to unit eight, or that they were

15   responsible for the conditions in unit eight.  (Complaint pp.  3-5; 15 ¶ 104.)  In addition, the

16   exhibits Plaintiff attached to his Complaint show Plaintiff was found "not guilty" of the rule

17   violation. (Exhibit A to Complaint pp. 1-2.)

18         "Causation is, of course, a required element of a § 1983 claim."  *Estate of Brooks v. United*

19   *States*, 197 F.3d 1245, 1248 (9th Cir. 1999).  Liability under section 1983 is predicated upon an

20   affirmative link or connection between the defendants' actions and the claimed deprivations.  *See*

21   *Rizzo v. Goode,* 423 U.S. 362, 372-73 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.

22   1980).  Here, Limon and Liles have no liability for the conditions of confinement of which

23   Plaintiff complains.

24         As to whether Limon and Liles failed to protect Plaintiff, simply ordering an inmate with

25   "safety concerns" in Administrative Segregation to double cell with another inmate who comes

26   to Administrative Segregation from the general population and then writing up the first inmate

27   for not obeying is not a deprivation of the "minimal civilized measure of life's necessities."

28   *Farmer v. Brennan*, 511 U.S. at 834; *Allen v. Sakai*, 48 F.3d at 1087.  Plaintiff admits he had

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.                    Case No. 08CV0191 H CAB

7

1  double celled with two other general population inmates without incident.  (Complaint p. 10 ¶

2  49.)  Plaintiff cannot claim that simply because Duran was a general population inmate the order

3  to double cell with Duran shows deliberate indifference, because Plaintiff admits he agreed to

4  cell with Duran, just that he would not sign a double cell agreement, and Plaintiff admits he

5  double celled with other general population inmates without incident.  (Complaint p. 3 ¶ 6; p. 10

6  ¶ 49.)   Thus, Limon and Liles were not deliberately indifferent to "an inexcable (sic)

7  predicament [of placing Plaintiff in a position of] either risk[ing] being assaulted by inmate

8  Duran or los[ing] exercise yard opportunities."  (Complaint p. 5 ¶ 21.)

9      Defendants Limon and Liles should be dismissed from the Eight Amendment claims (i.e.

10  causes of action one, two and three.)

11  **3.    Defendants Limon and Liles Should Be Dismissed Without Leave to Amend**

12      It is appropriate to dismiss with no leave to amend where the court determines that

13  allegations of other facts consistent with the challenged pleadings could not possibly cure the

14  defect.  *Schreiber Distributing Co. v. Serv.-Well Furniture Co. Inc.,* 806 F.2d 1393, 1401 (9th

15  Cir. 1986).

16      It would be blatantly self-serving and wholly transparent for Plaintiff to try to amend his

17  Complaint to cure the defect against Limon and Liles because any adequate amendment would

18  be inconsistent with the Complaint.  The dismissal should be granted without leave to amend.

19                                    **V**

20      **THE FIRST AMENDMENT RETALIATION CLAIM SHOULD BE DISMISSED**

21      In the first cause of action, along with the Eighth Amendment claim, plaintiff alleges he was

22  retaliated against by Limon, Liles and Cota.  (Complaint p. 3 ¶ 9.)

23      In the prison context, "a viable claim of First Amendment retaliation entails five basic

24  elements:  (1) An assertion that a state actor took some adverse action against an inmate (2)

25  because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

26  exercise of his First Amendment rights, and (5) the action did not reasonably advance a

27  legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

28  Plaintiff must show that the protected conduct was a "substantial" or "motivating" factor in the

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.                    Case No. 08CV0191 H CAB

8

1  defendant's decision to act.  At that point, the burden shifts to the defendants to establish they

2  would have reached the same decision even in the absence of the protected conduct.  *Soranno's*

3  *Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1314-15 (9th Cir. 1989); *Mt. Healthy City School Dist.*

4  *Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

5      A plaintiff "must allege that both the type of activity he engaged in was protected under the

6  First Amendment and that the state impermissibly infringed on his right to engage in the

7  protected activity."  *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985).

8      Here, Plaintiff does not allege he was retaliated against for exercising a First Amendment

9  right.  Rather, Plaintiff alleges he was retaliated against for exercising his right to protection

10  from bodily harm under California Civil Code section 43.  (Complaint p. 3 ¶ 9.)  Broadly

11  construed, Plaintiff alleges he was retaliated against for refusing to double cell while in

12  Administrative Segregation with an inmate who came to Administrative Segregation from the

13  general population.  (Complaint p. 3.)  Plaintiff has no First Amendment right to refuse to double

14  cell with a general population inmate, especially considering he had double celled with at least

15  two other general population inmates.

16      Plaintiff's claim of retaliation should be dismissed in its entirety without leave to amend.

**VI**

**AS A PRISONER, PLAINTIFF CANNOT STATE A CLAIM FOR UNREASONABLE SEIZURE UNDER THE FOURTH AMENDMENT**

19      In the fourth cause of action, Plaintiff alleges Defendants Limon, Liles and Cota violated

20  his Fourth Amendment right to be free from unreasonable seizure when they seized plaintiff

21  from housing unit six and removed him to housing unit eight.  (Complaint p. 8 ¶¶ 24-25.)  In that

22  Plaintiff was simply moved within the confines of the prison without change to his status as an

23  inmate in actual custody, Plaintiff states no Fourth Amendment violation.  *See Unites States v.*

24  *Butcher,* 926 F.2d 811, 814.  (9th Cir. 1991)  ("The arrest of a parolee is more like a mere

25  transfer of the subject from constructive custody into actual or physical custody.") (internal

26  quotations omitted).

27      Plaintiff's claim of violation of his Fourth Amendment right to be free from unreasonable

28  seizure should be dismissed in its entirety.

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.                    Case No. 08CV0191 H CAB

9

# VII

## PLAINTIFF'S DUE PROCESS CLAIMS SHOULD BE DISMISSED

Plaintiff makes four separate claims for Fourteenth Amendment due process violations:  1) in the fifth cause of action, Plaintiff alleges Defendants Limon, Liles and Cota violated his due process rights because they placed Plaintiff in unit eight without first performing a case factor review; 2) in the sixth cause of action, Plaintiff alleges all Defendants violated his due process rights because he was charged with violating Operational Plan No. 85 without first being given notice that he was expected to abide by the plan and that failure to do so would result in a transfer to a harsh lock-up and 24-hour isolation; 3) in the seventh cause of action, Plaintiff alleges Limon, Liles and Cota violated Plaintiff's due process rights by depriving him of outdoor exercise, access to the law library and recreational reading before securing a formal assessment of guilt; and, 4) in the eighth cause of action, Plaintiff claims his classification as having "safety concerns" created a state liberty interest of protection.  (Complaint pp. 8-11 ¶¶ 29-52.)

**1.    The Due Process Standard**

In *Wilkinson v. Austin*, 545 U.S. 209 (2005), the court noted that "[b]ecause the requirements of due process are 'flexible and cal[l] for such procedural protections as the particular situation demands [citations], we generally have declined to establish rigid rules and instead have embraced a framework to evaluate the sufficiency of particular procedures."  *Id.* at 224.

**2.    Defendants Did Not Violate Plaintiff's Due Process Rights As Alleged In the Fifth and Seventh Causes of Action**

Plaintiff alleges Defendants Limon and Liles issued Plaintiff a Rule Violation Report for refusing an order to double cell.  (Complaint p. 3 ¶ 6; Exhibit A to Complaint p. 1.)  On October 30, 2006, the hearing officer found Plaintiff not guilty based upon two factors: 1) Plaintiff being "in compliance at the time of this hearing;" and, 2) the investigative employee (not any Defendant) basing his assessment that Plaintiff had no Sensitive Needs Yard concerns only on Plaintiff's Administrative Segregation Unit file and not also on Plaintiff's Central File.  (Exhibit A to Complaint pp. 1-2.)  Plaintiff alleges he was placed in unit eight on October 9, 2006.

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.                    Case No. 08CV0191 H CAB

10

1  (Complaint p. 4 ¶¶ 12, 15; Exhibit B to Complaint p. 1, and p. 3: "On October 9, 2006, I was

2  rehouse to . . . unit 8.")

3      These claims are inadequate for either of two reasons.  First, Plaintiff, except for conclusory

4  allegations, provides no facts that Limon or Liles are the ones who placed Plaintiff in unit eight.

5  He merely alleges Limon and Liles wrote him up.  Plaintiff alleges he was put in unit eight

6  according to Operational Plan No. 85.  Second, even if it could be inferred Limon and Liles

7  placed Plaintiff in unit eight, the placement "before assessment of guilt" could only be from

8  October 9, 2006 to October 30, 2008, or 21 days.

9      The procedural guarantees of due process apply only when a constitutionally-protected

10  liberty or property interest is at stake.  *Ingraham v. Wright*,  430 U.S. 651, 672 (1977); *Board of*

11  *Regents v. Roth*, 408 U.S. 564, 569 (1972); *Schroeder v. McDonald*, 55 F.3d 454, 462 (9th Cir.

12  1995).  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding

13  "more adverse conditions of confinement."  *Wilkinson v. Austin*, 545 U.S. at 221. The Supreme

14  Court in *Sandin v. Conner*, 515 U.S. 472, (1995), held that constitutionally protected liberty

15  interests are "limited to freedom from restraint which ... imposes atypical and significant

16  hardships on the inmate in relation to the ordinary incident of prison life." *Id*. at  483-84.  In

17  short, plaintiffs must allege "a dramatic departure from the basic conditions" of confinement

18  before they can state a procedural due process claim."  *Id.*  at 485.

19      Here, a deprivation of outdoor exercise, access to the law library and recreational reading

20  for only 21 days before a hearing on a Rule Violation Report is not an atypical and significant

21  hardship in relation to the ordinary incidents of prison life.  *See May v. Baldwin*, 109 F.3d 557,

22  565 (9th Cir. 1997).  This type of deprivation for this short length of time while awaiting a

23  disciplinary hearing is not unexpected as a normal part of prison life.

24  **3.    Defendants Did Not Violate Plaintiff's Due Process Rights Pursuant to the Sixth Cause
       of Action Because Plaintiff Himself Alleges He Received Notice**

25

26      In his sixth cause of action, Plaintiff alleges all Defendants violated his Fourteenth

27  Amendment due process rights by charging him with violating Operational Plan No. 85 without

28  first giving him constructive or actual notice that he was expected to abide by the Plan, or that

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.                    Case No. 08CV0191 H CAB

11

1   the consequences of failing to do so would result in 24-hour isolation and transfer to a harsh

2   lock-up unit.  (Complaint p. 9 ¶ 36.)  In his Complaint, however, Plaintiff alleges Limon and

3   Liles ordered him to sign a double cell agreement or else he would be placed on yard-hold and

4   moved to unit eight where no yard, library or other state created services were available.

5   (Complaint p. 3 ¶ 3.)  Therefore, Plaintiff's claim he was denied due process by being charged

6   with violating Operational Plan No. 85 without first being given notice that he was expected to

7   abide by the plan and that failure to do so would result in a transfer to a harsh lock-up and 24-

8   hour isolation is unavailing by his own admissions.

9   **4.    There was No Due Process Violation Regarding Plaintiff's Alleged "Safety Concerns"
          Classification**

10

11          In his eighth cause of action, Plaintiff claims all Defendants deprived him of a state created

12  liberty interest of protection from great bodily harm acquired from his "safety concerns"

13  classification, because they did not first perform an inquiry into Plaintiff's and Duran's case

14  factors to assess compatibility.  (Complaint pp. 10-11 ¶¶ 47, 52.)  This allegation of protection

15  from great bodily harm raises an Eighth Amendment issue, not a due process concern.

16          The Supreme Court has held that plaintiff's cannot "double up" constitutional claims.

17  Where a claim can be analyzed under "an explicit textual source" of rights in the Constitution, a

18  court may not also assess the claim under another, "more generalized," source.  *Graham v.*

19  *Connor*, 490 U.S. 386, 394-95 (1989) (analyzing claim under First Amendment but not under

20  substantive due process); *see also Hufford v. McEnaney*, 249 F.3d 1142, 1151 (9th Cir. 2001)

21  (analyzing claim under First Amendment but not under substantive due process).  As stated by

22  the court in *Whitley v. Albers*, 475 U.S. 312, 327 (1986), "[w]e think the Eighth Amendment,

23  which is specifically concerned with the unnecessary and wanton infliction of pain ... serves as

24  the primary source of substantive protection to convicted prisoners . . . where the deliberate use

25  of force is challenged as excessive and unjustified."

26  **5.    Conclusion**

27          Plaintiff's four due process claims (i.e. the fifth, sixth, seventh and eighth causes of action)

28  should be dismissed in their entirety.

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.                    Case No. 08CV0191 H CAB

12

VIII

**PLAINTIFF'S STATE CLAIMS**

**1.    If All Federal Claims are Dismissed Against Defendants Limon and Liles, Then All State Claims Should Be Dismissed Against These Defendants**

The court has jurisdiction to review a plaintiff's state claims pursuant to 28 U.S.C. § 1367(a).  Under that section, in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary."  *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).  Under 28 U.S.C. § 1367(c)(3), the court has discretion to dismiss state law claims when it has dismissed all of a plaintiff's federal claims.  "In the usual case in which federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).    The Supreme Court has cautioned that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

If all federal claims are dismissed against Defendants Limon and Liles, this Court should decline to exercise jurisdiction over the remaining state law claims as to those Defendants.  Alternatively, all the state claims should be dismissed against Defendants Limon and Liles because they do not state a claim as set forth below.  Additionally, several of the state claims should be dismissed against Defendants Cowan and Hernandez because they do not state a claim as set forth below.

**2.    The Ninth Cause of Action, the State Claim for Unreasonable Seizure, Should Be Dismissed**

In his ninth cause of action, Plaintiff alleges he was seized from unit six and placed into unit eight in violation of California Constitution article I, section 13.  (Complaint p. 11 ¶¶ 53-58.) This is similar to plaintiff's unreasonable seizure claim under the Fourth Amendment discussed

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.                    Case No. 08CV0191 H CAB

13

1  above in section VI.

2      The California Constitution, article I, section 13, provides:  "The right of the people to be

3  secure in their persons, houses, papers, and effects against unreasonable seizures and searches

4  may not be violated; and a warrant may not issue except on probable cause, supported by oath or

5  affirmation, particularly describing the place to be searched and the person and things to be

6  seized."

7      "The general policy is that "'cogent reasons must exist before a state court in construing a

8  provision of the state Constitution will depart from the construction placed by the Supreme Court

9  of the United States on a similar provision in the federal Constitution.'" *Raven v. Deukmejian*, 52

10  Cal.3d 336, 353 (1990).  Here, under the facts of this case, there is no cogent reason for this

11  federal court to depart from the Fourth Amendment analysis.  Plaintiff, an inmate, was not

12  unreasonably seized by being transferred from one unit to another within the prison either under

13  the Fourteenth Amendment or the California Constitution.

14  **3.    The Tenth Cause of Action For Interference With Civil Rights and Retaliation, Which
       is Only Against Defendants Limon and Liles, Should Be Dismissed In Its Entirety**

15

16      In his tenth cause of action, Plaintiff names Defendants Limon and Liles only.  Plaintiff

17  claims a right of protection from bodily harm under Civil Code section 43 and also protection

18  under Civil Code section 52 (a).  (Complaint pp. 12-13 ¶¶ 60-64.)  Civil Code section 52 (a)

19  relates to discrimination based upon protected categories.  Plaintiff does not allege he was

20  discriminated against because he was in a protected class.   As to Plaintiff's claim of being

21  retaliated against for exercising a First Amendment right to protection from bodily harm under

22  California Civil Code section 43, this is the same issue which is disposed of under section V.

23  above.

24  **4.    The Eleventh, Twelfth, Thirteenth, Fourteenth, and Fifteenth Causes of Action Pled
       Against All Defendants Should Be Dismissed Against Defendants Limon and Liles**

25

26      The eleventh, twelfth, thirteenth, fourteenth and fifteenth causes of action are based upon

27  the same allegations as the federal claims regarding prison conditions.  (Complaint pp.12-14 ¶¶

28  66-94.)  As against Defendants Limon and Liles, these claims suffer from the same defect as the

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.                    Case No. 08CV0191 H CAB

14

1  Eighth Amendment claims, and should be dismissed for the same reasons set forth in section IV.

2  above.

3  **5.    The Sixteenth Cause of Action Should Be Dismissed In Its Entirety Because Plaintiff**
   **Admits He Was Given Notice**

4

5  Plaintiff's sixteenth cause of action is essentially the same as his sixth cause of action

6  wherein he alleges Defendants violated his due process rights because he was charged with

7  violating Operational Plan No. 85 without first being given notice.  (Complaint p. 14 ¶¶ 96-100.)

8

9  This claim suffers from the same defect as the due process claim, and should be dismissed for the

10  same reasons set forth in sections VII.2. above.

11  **6.    The Seventeenth Cause of Action for Breach of Mandatory Duty, Which is Against**
   **Defendants Hernandez, Cowan and Cota Only, Should be Dismissed**

12

13  In his seventeenth cause of action, Plaintiff alleges that under Government Code section

14  815.6,  Defendants Hernandez, Cowan and Cota had a mandatory duty imposed on them by

15  Government Code section 11340.5(a) to adopt the guidelines of rule making and not to enforce

16  Operational Plan No. 85 until interested persons had the opportunity to provide input therefore

17  giving notice of what conduct is prohibited or expected.  (Complaint p. 15 ¶¶ 104-107.)

18  Government Code section 815.6 assesses liability where there is a mandatory duty imposed

19  by an enactment that is designed to protect against the risk of the particular kind of injury that

20  occurred.  The mandatory duty claimed by Plaintiff is Government Code section 11340.5(a)

21  which provides as follows:

22  (a) No state agency shall issue, utilize, enforce, or attempt to enforce any guideline,
    criterion, bulletin, manual, instruction, order, standard of general application, or other rule,

23  which is a regulation as defined in Section 11342.600, unless the guideline, criterion,
    bulletin, manual, instruction order, standard of general application, or other rule has been

24  adopted as a regulation and filed with the Secretary of State pursuant to this chapter.

25  Government Code section 11340.5, however, does not apply to certain items including:

26  "(d) A regulation that relates only to the internal management of the state agency."  (Government

27  Code, § 11340.9.)

28  Here, Plaintiff's cause of action suffers from three fatal flaws.  First, Government Code

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.                    Case No. 08CV0191 H CAB

15

section 11340.5(a) does not impose a duty upon persons. Rather, it imposes a duty only upon a "state agency." Second, this regulation was not designed to protect against the type of harm Plaintiff suffered - i.e. to be written up and allegedly transferred to another unit for refusing to double cell. Third, Operational Plan No. 85 only relates to the internal management of the prison in that it allegedly regulates double cell placement; thus, Government Code section 113450 et seq. does not apply.

The seventeenth cause of action should be dismissed.

**7.    The Eighteenth Cause of Action For Violation of Civil Rights Should Be Dismissed In Its Entirety**

In his eighteenth cause of action, Plaintiff names Defendants Limon, Liles and Cota only. Plaintiff claims a violation of his state civil rights, referencing Civil Code 52.1 (a and b), based upon the conditions of confinement. (Complaint p. 15 ¶¶ 110-114.) This claim suffers from the same defect as the Eighth Amendment claims, and should be dismissed against Limon and Liles for the same reasons set forth in section IV. above.

### CONCLUSION

The crux of Plaintiff's claim is that because he refused to sign a double cell agreement pursuant to Operational Procedure No. 8, he was transferred to unit eight, and that the conditions in unit eight were cruel and unusual. The only Defendants appropriately alleged to have instituted Operational Plan No. 85 or to be responsible for the transfer to, or the conditions in, unit eight are Defendants Hernandez and Cowan, as Warden and Assistant Warden, respectively. Thus, Defendants Limon and Liles should be dismissed entirely from the complaint.

Defendants Hernandez and Cowan, who are not named in the first, third, fourth, fifth, seventh, tenth, fifteenth and eighteenth causes of action, should be dismissed from the sixth, eighth, ninth, sixteenth, and seventeenth causes of action leaving, Hernandez and Cowan as the

///

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.                    Case No. 08CV0191 H CAB

16

1   ///

2   only served [3/] Defendants in only the second, eleventh, twelfth, thirteenth and fourteenth causes

3   of action.

4          Dated: May 23, 2008

5                          Respectfully submitted,

6                          EDMUND G. BROWN JR.
                           Attorney General of the State of California
7                          DAVID S. CHANEY
                           Chief Assistant Attorney General
8                          FRANCES T. GRUNDER
                           Senior Assistant Attorney General
9                          MICHELLE DES JARDINS
                           Supervising Deputy Attorney General
10
                           /s/ Sylvie P. Snyder
11
                           SYLVIE P. SNYDER
12                         Deputy Attorney General
                           Attorneys for Defendants
13

14   SPS:lr

15
_____

16          3.    Unserved Defendant Cota will likely be dismissed from the entire Complaint at some
17                point because the allegations that he instituted Operational Plan No. 85, or was
                   responsible for Plaintiff's transfer or for the conditions in unit eight are conclusory.
18                 Plaintiff alleges Cota is a correctional officer in unit eight, not that he is a Warden
                   or Assistant Warden. In that Defendant Cota is unserved and not represented, this
19                 is an issue for a later date unless this Court wishes to dismiss him *sua sponte*. "It is
20                 well settled that when determining whether a plaintiff failed to state a claim upon
                   which relief may be granted under [28 U.S.C.] § 1915(e)(2), courts use the Rule
21                 12(b)(6) standard of review." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D.
22                 Cal. 2007) "This power to sua sponte dismiss the complaint may be invoked 'at any
                   time' the court finds that the plaintiff has failed to state a claim. § 1915(e)(2). This
23                 'at any time' language strongly suggests that the court's power does not exist solely
                   at the screening stage provided for in § 1915A, but at all stages of the case." *Id.*
24
                   Similarly, unserved Defendant California Department of Corrections and
25                 Rehabilitation will also likely be dismissed at some point. "The Eleventh
                   Amendment immunizes states from private damage actions brought in federal court."
26                 *Henry v. County of Shasta*, 132 F.3d 512, 517 (9th Cir. 1997). In his Complaint,
27                 plaintiff admits California Department of Corrections and Rehabilitation is a state
                   agency. (Complaint p. 2.) In that Defendant Department of Corrections and
28                 Rehabilitation is also unserved and unrepresented, this is also an issue for a later date
                   unless this Court wishes to dismiss *sua sponte*.

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.          Case No. 08CV0191 H CAB

17

# TABLE OF CONTENTS

**Page**

I    INTRODUCTION    1

II    PLAINTIFF'S ALLEGATIONS AND FACTS TO BE CONSIDERED    2

III    LEGAL STANDARD FOR MOTION TO DISMISS    3

IV    THE EIGHTH AMENDMENT CLAIMS SHOULD BE DISMISSED AGAINST DEFENDANTS LIMON AND LILES    5

    1.    Eight Amendment Standard    5

        A.    Deprivation of Humane Conditions of Confinement    5

        B.    Failure to Protect    6

    2.    Defendants Limon and Liles Should Be Dismissed From the Eighth Amendment Claims Because They Were Not Alleged to Be Responsible For Operational Plan No. 85, the Transfer to Unit Eight, the Conditions in Unit Eight, Nor Did They Fail To Protect Plaintiff in Violation of the Eighth Amendment    8

    3.    Defendants Limon and Liles Should Be Dismissed Without Leave to Amend    8

V    THE FIRST AMENDMENT RETALIATION CLAIM SHOULD BE DISMISSED    8

VI    AS A PRISONER, PLAINTIFF CANNOT STATE A CLAIM FOR UNREASONABLE SEIZURE UNDER THE FOURTH AMENDMENT    9

VII    PLAINTIFF'S DUE PROCESS CLAIMS SHOULD BE DISMISSED    10

    1.    The Due Process Standard    10

    2.    Defendants Did Not Violate Plaintiff's Due Process Rights As Alleged In the Fifth and Seventh Causes of Action    10

    3.    Defendants Did Not Violate Plaintiff's Due Process Rights Pursuant to the Sixth Cause of Action Because Plaintiff Himself Alleges He Received Notice    11

    4.    There was No Due Process Violation Regarding Plaintiff's Alleged "Safety Concerns" Classification    12

    5.    Conclusion    13

VIII    PLAINTIFF'S STATE CLAIMS    13

    1.    If All Federal Claims are Dismissed Against Defendants Limon and Liles, Then All State Claims Should Be Dismissed Against These Defendants    13

    2.    The Ninth Cause of Action, the State Claim for Unreasonable Seizure, Should Be Dismissed    13

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.                Case No. 08CV0191 H CAB

i

**TABLE OF CONTENTS  (continued)**

1

**Page**

2

3.  The Tenth Cause of Action For Interference With Civil Rights and Retaliation, Which
    is Only Against Defendants Limon and Liles, Should Be Dismissed In Its Entirety     14

3

4

4.  The Eleventh, Twelfth, Thirteenth, Fourteenth, and Fifteenth Causes of Action Pled
    Against All Defendants Should Be Dismissed Against Defendants Limon and Liles      14

5

6

5.  The Sixteenth Cause of Action Should Be Dismissed In Its Entirety Because Plaintiff
    Admits He Was Given Notice                                                        15

7

6.  The Seventeenth Cause of Action for Breach of Mandatory Duty,
    Which is Against Defendants Hernandez, Cowan and Cota Only,
    Should be Dismissed                                                               15

8

9

7.  The Eighteenth Cause of Action For Violation of Civil Rights Should Be Dismissed In
    Its Entirety                                                                      16

10

CONCLUSION                                                                            16

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.                    Case No. 08CV0191 H CAB

ii

1

## TABLE OF AUTHORITIES

2

**Page**

3  **Cases**

4  *Acri v. Varian Assoc., Inc.*
   114 F.3d 999 (9th Cir. 1997)                                                    13

5

   *Allen v. Sakai*
6  48 F.3d 1082 (9th Cir. 1994)                                                    5-7

7  *Arpin v. Santa Clara Valley Transp. Agency*
   261 F.3d 912 (9th Cir. 2001)                                                    4

8
   *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*
9  459 U.S. 519 (1983)                                                            4

10  *Atlantic Corp. v. Twombly*
    550 U.S. ___, 127 S. Ct. 1955 (2007)                                          3

11
    *Bell Atlantic Corp. v. Twombly*
12  550 U.S. ___127 S. Ct. 1955 (2007)                                            3, 4

13  *Berg v. Kincheloe*
    794 F.2d 457 (9th Cir. 1986)                                                  6

14
    *Board of Regents v. Roth*
15  408 U.S. 564 (1972)                                                           11

16  *Bruns v. Nat'l Credit Union Admin.*
    122 F.3d 1251  (9th Cir.1997)                                                 4

17
    *Cahill v. Liberty Mutual Ins. Co.*
18  80 F.3d 336 (9th Cir. 1996)åßÑ                                                4

19  *Carnegie-Mellon Univ. v. Cohill*
    484 U.S. 343 (1988)                                                          13

20
    *Clegg v. Cult Awareness Network*
21  18 F.3d 752 (9th Cir.1994)                                                    4

22  *Doe v. United States*
    58 F.3d 494  (9th Cir. 1995)                                                  5

23
    *Estate of Brooks v. United States*
24  197 F.3d 1245 (9th Cir. 1999)                                                 7

25  *Estelle v. Gamble*
    429 U.S. 97 (1976)                                                            5

26
    *Farmer v. Brennan*
27  511 U.S. 825 (1994)                                                           5-7

28

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.        Case No. 08CV0191 H CAB

iii

**TABLE OF AUTHORITIES  (continued)**

Page

*Ferdik v. Bonzelet*
963 F.2d 1258 (9th Cir. 1992)                                                    4

*Gregg v. Georgia*
428 U.S. 153 (1976)                                                              5

*Henry v. County of Shasta*
132 F.3d 512 (9th Cir. 1997)                                                    17

*Hoptowit v. Ray*
682 F.2d 1237 (9th Cir. 1982)                                                 5, 6

*Hufford v. McEnaney*
249 F.3d 1142 (9th Cir. 2001)                                                  12

*In re Colonial Mortg. Bankers Corp.*
324 F.3d 12 (1st Cir. 2003)                                                   2, 4

*Ingraham v. Wright*
430 U.S. 651 (1977)                                                           11

*Ivey v. Board of Regents of the University of Alaska*
673 F.2d 266  (9th Cir. 1982)                                                   4

*Karim-Panahi v. Los Angeles Police Dept.*
839 F.2d 621 (9th Cir. 1988)                                                  4, 5

*Lopez v. Smith*
203 F.3d 1122 (9th Cir. 2000)                                                   5

*May v. Baldwin*
109 F.3d 557 (9th Cir. 1997)                                                   11

*May v. Enomoto*
633 F.2d 164 (9th Cir. 1980)                                                    7

*Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*
429 U.S. 274 (1977)                                                            9

*Navarro v. Block*
250 F.3d 729 (9th Cir. 2001)                                                    3

*Raven v. Deukmejian*
52 Cal.3d 336 (1990)                                                          14

*Rhodes v. Chapman*
452 U.S. 337 (1981)                                                            5

*Rhodes v. Robinson*
408 F.3d 559 (9th Cir. 2005)                                                 5, 8

*Rizzo v. Goode*
423 U.S. 362 (1976)                                                          7, 9

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.                Case No. 08CV0191 H CAB

iv

**TABLE OF AUTHORITIES  (continued)**

Page

*Roth v. Garcia Marquez*
942 F.2d 61  (9th Cir. 1991)                                    2, 4

*Sandin v. Conner*
515 U.S. 472 (1995)                                            11

*Schreiber Distributing Co. v. Serv.-Well Furniture Co. Inc.*
806 F.2d 1393  (9th Cir. 1986).                                8

*Schroeder v. McDonald*
55 F.3d 454 (9th Cir. 1995)                                    11

*Soranno's Gasco, Inc. v. Morgan*
874 F.2d 1310 (9th Cir. 1989)                                  9

*Swartz v. KPMG LLP*
476 F.3d 756 (9th Cir. 2007)                                   4

*Teahan v. Wilhelm*
481 F. Supp. 2d 1115 (2007)                                   17

*Thompson v. Davis*
295 F.3d 890  (9th Cir. 2002)                                  4

*Trop v. Dulles*
356 U.S. 86 (1958)                                             5

*United Mine Workers of America v. Gibbs*
383 U.S. 715 (1966)                                           13

*Unites States v. Butcher*
926 F.2d 811 (9th Cir. 1991)                                   9

*Whitley v. Albers*
475 U.S. 312 (1986)                                         6, 12

*Wilkinson v. Austin*
545 U.S. 209 (2005)                                        10, 11

*Wilson v. Seiter*
501 U.S. 294 (1991)                                           6

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.                Case No. 08CV0191 H CAB

v

**TABLE OF AUTHORITIES  (continued)**

Page

**Constitutional Provisions**

California Constitution
    article I, section 13                                                    13, 14

First Amendment                                                    8, 9, 12, 14

Fourth Amendment                                                          9, 14

Eighth Amendment                                                          Passim

Fourteenth Amendment                                              10, 11, 14

**Statutes**

28 U.S.C.
    § 1367(a)                                                                      13
    § 1367(c)(3)                                                                  13

42 U.S.C.
    § 1983                                                                          1

Civil Code
    § 43                                                                            14
    § 52(a)                                                                        14
    § 52.1                                                                          16

Federal Rule of Civil Procedure
    8(a)(2)                                                                          3
    12(b)(6)                                                                      3, 4

Government Code
    § 815.6                                                                        15
    § 11340.5(a)                                                              15, 16
    § 11340.9                                                                    15
    § 113450                                                                      16

**Other Authorities**

Cruel and Unusual Punishments Clause                                  6

Mem. of P.&A. in Support of Mot. to Dismiss Pl.'s Compl.          Case No. 08CV0191 H CAB

vi

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Parra, Victor v. R. Hernandez, et al.**

No.:    **08CV0191 H CAB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On May 23, 2008, I served the attached **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

Victor Parra, Jr.
P-58682
Richard J. Donovan Correctional Facility at
Rock Mountain
P.O. Box 799006
San Diego, CA  92179-9006
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 23, 2008, at San Diego, California.

| | |
|---|---|
| Laura Ruiz | *Laura Ruiz* |
| Declarant | Signature |

80242060.wpd