1   VICTOR PARRA,

2   CDC No. P-58682

3   P.O. Box. 799002

4   San Diego CA. 92179

5

FILED

2008 JUL 29 PM 12: 37

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

6

7                                                    NUNC PRO TUNC

8                                                     JUL 21 2008

UNITED STATES DISTRICT COURT

9   SOUTHERN DISTRICT OF CALIFORNIA

10

11  VICTOR PARRA                    Case No. 08CV0191 H CAB

                                    ANSWER TO DEFENDANTS MOTION TO DISMISS
12              Plaintiff
                                    Hearing   :  July 22, 2008
13        v.                        Time      :  9:00 a.m.
                                    Courtroom :  E
14  R. HERNANDEZ et. al.,           Judge     :  The Honorable
                                                 Cathy Ann Bencivengo
15              Defendants

16

17                          I

18                    INTRODUCTION

19      Plaintiff Victor Parra, a prisoner at Richard J. Donovan Correctional

20  Facility ("RJDCF") in San Diego California, and proceeding pro se, Submitted a Civil

21  Rights Complaint pursuant to 42 U.S.C Section 1983. Plaintiff asserts he

22  suffers from a mental illness requiring participation in psychiatic programs.

23  and classified as sensitive needs yard (SNY)[Protected Custody] alleges various

24  RJDCF officials violated his right to be free from cruel and unusual punishment,

25  retaliated against him, and violated his right to do process in the defendants failure

26  to give plaintiff constructive notice of a Rule or Regulation, failure to give him any

27  kind of hearing regarding deprivation of a liverty interest in out door exercise or

28  afford him due process before placement on atypical conditions of confinement, when

                                    1

he was transfer to Unit8 for refusing to sign a waiver in order to be double celled with an inmate who wan not compatible and who plaintiff believed would assault him. (Compl. par. 1-23) plaintiff alleges he was deprived of outdoor exercise and decompensated due to the isolation and denial of all outdoor exercise and limited if any recreational state provided reading material. Plaintiff further alleges pendant violations of California law. (Id par. 53-115) Plaintiff seeks a declaratory judgment compensatory damages and cost (Id. at 16 par. 1-11.)

## II

### DEFENDANTS MOTION TO DISMISS

a) Federal Claims

1. Eight Amendment Claims

On deprivation of outdoor exercise (a human need) defendants only chaleng the cause of action against defendants Limon an Liles. Motion to Dismiss (MD) (at p. 7 par 1-17) defendant. argue a "disconect" (MD p. 7 par. 11-12) and discused causation as a required element of a 1983 claim (MD p. 7 par. 18-23).

As plaintiff stated. Denial of outdoor exercise was spawned on September 25, 2006 by Limon, Lile and Captain Cota. (Compl. at 3 par 7). and continued until April 2007. Thus the affirmative link or connection between defendants action and the claimed deprivation. Motion to dismiss on this ground should be dismiss and denied.

Cause of action II naming all defendants excepting the (CDC). "...When they were deliverate indifferent to plaintiffs likelyhood of decompensation mental illness and subjected him to their created 24 hour isolation..." Id at (Compl p.4 par. 18). defendants only opposed this claim against Limon and Liles (MD p.7 par.1-17) and claim "Limon and Liles have no liability for the conditions of confinement of which plaintiff complaints". (MD p.7 par 22-23). it takes the action of the unit sergeant and facility captain to perform a unit transfer and a staff witness. See (Compl at 55 box 2 and 4) plus the moving force of an employee using a "yard hold" as coercion. see (Compl. at 20) (Defendant Limon placing a yard hold and at 51 officer Garcia A placing a yard hold on

1 | Inmate Robinson) because the initial yard hold is implemented permanently, it requires the

2 | officer and Unit Sergeant to be the moving force of the unit transfer and the Captain to

3 | approve the transfer. Thus causation is linked. Defendants Limon and Liles and Cota are

4 | required to review Institutional Classification Committee (ICC) exhibit at (Compl.p.42)

5 | which defendants Limon. Liles and Cota did, see CDC 115 at (Compl at 20 par 1 line 3) stating

6 | "cell status by ICC..." and Limon Liles and Cotas name on the form. and they knew

7 | when they review ICC action (Compl at 42 line 8-9) "that plaintiff suffered the

8 | likely hood of decompensation" as alleged at (Compl p. 4 par. 14) Defendant Hernandez,

9 | Cowan and Cota created policies and procedures and were willfully blind to constitutional

10 | violation by creating a 24 hour Isolation Unit and issue "Yard Hold" indefinately

11 | being the moving force and deliberate Indiferent when they placed plaintiff in Unit 8

12 | where they knew constitutional outdoor exercise was not provided. and at unit 7

13 | after 80 days without yard where they knew yard was limited. Defendants

14 | argument of Causation must be denied, they were deliberate indifferent to plaintiffs

15 | mental illness (medical needs) as stated at (compl p. 4 par. 18)

16 |        In Cause of action III defendants Limon, Liles and Cota's torturous methods

17 | causing causing serious psychological pain in order to double cell plaintiff when they knew he was

18 | a mentaly ill patient directly violated plaintiffs eighth amendment rights defendants motion

19 | to dismiss should be denied because there is a direct link of defendants to the violation and both

20 | objective the infliction of psychological pain and subjective, their knowledge of plaintiff illnes

21 | were meet and alleged both elements at the complaint.

22 |        2. Retaliation

23 |        Plaintiffs Cause of Action I, he argue that Liles, Limon and Cota State employees issue

24 | "RVR at Exb A." (Compl.p.3 par 6) Took adverse action; because of; Plaintiffs protected conduct

25 | "protection from bodily harm Civil Code Sec. 43" (Compl.p. 3 par.9); And Chilled plaintiffs exercise

26 | to protection from bodily harm when "Plaintiff agreed to double cell with Duran with the

27 | condition that plaintiff would not signe the agreement and will file a suit if plaintiff was

28 | assaulted" (Compl.p.3 par 6) and denied and chilled protection by suit or bodily harm

when they issued RVR at Comp.p.20. There is no penological goal in staging inmate fights after " Plaintiff explained to Limon that Duran was not compatible with him and would assault plaintiff..." (Compl. p. 3 par. 4 ). Plaintiffs conduct and right to discussion with the appropiate staff" see (Compl. at 23, CDC Form 602. Top of form line 1-3). is protected as "speech" when plaintiff discussed the problem with Limon and liles. Plaintiff failed to state this on the complaint but will on an amended complaint. thus retaliation for engaghing in limited protected speech within the scope of the CDC602 form. right to protection Civil Code 43

3. Unreasonable Seisure.

Defendants position of the IV Cause of action (Compl p. 8 par. 24-28) is that as an inmate plaintiff does not have Fourth Amendment protections. It is recognized by numerous courts of Law that the reasonablenes in search and seizures extends to incarcerated prisoners. Defendants Motion to Dismiss this issue should be denied.

4. Due process claims.

On plaintiffs transfer to unit 8 creating atypical hardship (Compl. at 8-9 par. 29-35) Cause V defendants alleged plaintiff was only subjected to a departure of ordinary incidents of prison life for 21 days not causing atypical and significant hardship (MD. at 11 par 19-23); On failure to give constructive notice of a Rule or Regulation (Compl at 9 par. 36-42) Cause VI defendants alleged plaintiff was given verval notice by limon and liles the day the yard hold on plaintiff was implemented (MD. at 12 par. 2-8); On deprivation of liverty interest without due process Cause VII (Compl p. 10 par 43-46) Defendants do not address the facts of this cause of action. it is addressed on a one liner at (MD at 12 par. 27-28); On deprivation of liverty interest (in ones Classification) Cause VIII (Compl. at 10) defendants alleged [non Cognizable claim] under due process concerns (MD. at 12 par. 11-15. at 14-15). Due process was required before or after deprivation of liverties in ones aquired interests.

4

To determine whether a liberty interest has been created by state law, the Court must inquire into (1) whether state status or regulations restrict the power of prison officials to impose the deprivation; (2) whether the liberty in question is one of "real substance." A liberty interest of real substance occurs when deprivation places "an atypical or significant hardship on plaintiff in relation to the ordinary incidents of prison life." Plaintiff alleged on the fifth cause of action that defendants Limon and Liles "...without first conducting a review of inmate statements that inmate duran was incompatible and of plaintiff and durans case factors ... required by the double cell review ..."(Compl. at 8 par. 30.) see factors at (Compl. p.55 Double Cell Review Form at 2 and 3) Five factors would preclude the double celling, Factor 5 "... may threaten institutional security or safety of others." restricted Limon, Liles and Cota to order double celling but as Lt. Pederson found "... All available information sources were not review ..."(Compl. p.8 par 27). Plaintiff privileges Library, Law Library, yard and enviromental stimulation to his mental illness are of "real substance" and the 24 hour Isolation for 80 days place plaintiff in atypical and significant hardship in relation to the amenities already aquired at unit 6 (compl. p. 9 par 33) thus Limon, Liles and Cota failure to perform a substantive attempt to verify or disprove plaintiff safety concerns against Duran restricted their power to impose a "yard hold" and 24 hour Isolation at Unit and thus violated plaintiffs Due process. Defendants Motion should be denied on this cause of action.

     Defendants failure to give fair notice of a rule before being sanction for its violation violated Due process. two hour notice is not fair notice when vague verval notice is given. defendants Motion to Dismiss should be denied on this ground. (Cause VI).

     Cause of Action VII Defendants, Limon, Liles, Cota, Cowan and Hernandez deprived plaintiff of yard a liverty interest starting on September 25, 2006. The yard hold was implemented two hours after plaintiffs refusal to double cell or signed the agreement. Limon, Liles and Cota were the moving force. On October 10, 2006 This moving force action, the yard hold spawn the CDC 115. Rule violation requiring defendants Cota Cowan and Hernandez torturous approach to Isolate plaintiff at Unit 8. The loss of liverty interest

in outdoor exercise required a hearing before or after. When some type of hearing was denied the Due process violation was denied and completed. the yard hold was never address even after plaintiff was transfer to unit 7 receiving less that the yard time legally required. Defendants Motion to Dismiss must be denied

Liberty Interest in ones classification exist where a liberty is derived by that classification. (Compl. at 10.) Defendants confused plaintiffs eighth amendment clames. Plaintiff made no Failure to protect claims, all defendants deprived plaintiff of freedoms created by the Safety Conserns classification. protection is aquired by such classification. Inmates Sandora and Robinson general population inmates were classified as safety concerns temporarily and interacted with plaintiff at the same yard. Inmate duran was in a Gang group yard. after plaintiff was ask to double cell with Duran, the next Inmate having contact with him was stabed on the face and neck with a chank Duran fashion from a teflon spoon. Plaintiffs classification comes along with protection from other inmates. because Defendants and all of them knew plaintiff would be place in yard hold and then a 24 hour Isolation Due process was due. Stablished at the double cell agreement form (Compl. at 55). Defendants argue plaintiff "double up" constitutional claims (MD. p.12 par 16) alleging claim VIII is an Eighth Amendment claim. plaintiff here in par. 5 to 17 supra or (complaint at 10 par 47-51 and p. 11 par 52.) does not alleged infliction of pain as the violation. but denial of process due before he is subject to condition violative of eighth amendment standard. process never given. defendants Motion to Dismiss must be denied.

b) State Claims

1) Ninth Cause of action state Unreasonable Seizure (Compl. at 11) Defendants alleged a simple transfer from unit to unit at the prison is not violative of the state's peoples rights. (MD. at 13 and 14 at 14 par. 11-13) the watch word of the U.S. Cons. Fourth amendment, and no cogent reason for this court to depart from the Fourth Amend. analisis construing a provision of the state Constitution is "reasonableness". Defendants 24 hour Isolation and Yard hold used as coercion to double celled plaintiff constituted a seizure at Unit 8. these Coercion is unreasonable. Def. Motion to Dismiss should be denied.

2) Interference with the exercise of Civil Rights Causes of action Ten, eleven, Twelf and Thirteenth. Plaintiff draw these actions by California Civil Code 52.1 (a) and (b). But miswrote the section as 52 (a). Section 52 (a) requires allegation of some race based or class discrimination. Section 52.1 (a) and (b) requires that an atempt or deprivation of a right be done by coercian intimidation or threat. Plaintiff Cause of action Eighteenth reflects his intended purpose (Compl. p. 15 par. 110 - 114). Defendants Chalenge is causation as the same defect of the eighth amendment claims (MD p. 14 par 24 - 28 and p. 15 par. 1-2) The court may assume cause of action eighteenth cures the defect or may give plaintiff an opportunity to amend the complaint.

3) Cause of action Fourteenth and Fifteenth. (Compl. at 13 - 14) defendant alleged causation the same as the eighth amendment claims. (MD p. 14 par 24 - 28 and p. 15 par 1-2). Plaintiff alleged "... defendants and all of them infringed upon plaintiff rights as stated on par 1 to 80 supra" (Compl. at 13 par 83) Yes. this argument is redundant, plaintiff has to allege with specifity what each defendant did to breach duties alleged at par. 84. plaintiff should be given an opportunity to cure these difects. the Fifteenth Cause of action is properly stated. Def. Mot. to Dismiss should be denied.

4) Negligence. Plaintiff alleges defendant that "... (OP) #85 does not requires that yard be used as punishment" (Compl. at 14 par. 99) defendants alleged "notice" as plaintiffs defect (MD at 15 par. 3 - 9) Defendants Interpret Operational Plan # 85 as "refusing an order to double cell" see (Compl at 20 "specific acts" [Box] CDC 115 Form) and as ("willfully - Delaying / Obstructing a peace officer in performing of duties") (Compl. at 51. "Specific act [box] CDC 115 Form). their negligence resulted in plaintiff injuries loss of yard ext. thus the Cause of action is stated. Notice of Rules is required by CCR section 3002 subsections (a), (b) and (c). plaintiff drew upon Government Code Sec. 11340.5 (a). he should be given an opportunity to amend the complaint and defendants Mot. to dismiss denied. on 16 Cause of ac. Cause of action Seventeenth sufers from the same defect of notice drawed upon the Government code as the source of duty imposed on defendants. CCR section 3002 should be the source of duty imposed. Amending the complaint will cure the defect. def. Mot. Diss. should be denied.

5) The eighteenth Cause of action. This cause of action is redundant and plaintiff again alleges preceeding paragraphs to link defendants. It should be amended to specified what each defendant did. Defendants Motion to dismiss should be denied

## CONCLUSION

Defendants actions are subject to scrutiny under section 1983. Defendants Motion to Dismiss should be denied and plaintiff given an opportunity to cure any defects. Unserved defendants will be served timely and would not be dismissed.

Dated July 12, 2008.

Respecfully Submitted
Victor Parra
In pro se

8.

# *VERIFICATION*

STATE OF CALIFORNIA
COUNTY OF SAN DIEGO

Case No. 08 CV 0191 H CAB

(C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, Victor Parra _____ DECLARE UNDER PENALTY OF PERJURY
THAT: I AM THE Plaintiff _____ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS 12 DAY OF: July 2008 AT Richard J.
Donovan Corr. Fac. San Diego CA. 92179

(SIGNATURE) Victor Parra
(DECLARANT/PRISONER)

# *PROOF OF SERVICE BY MAIL*

(C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, Victor Parra _____ AM A RESIDENT OF Richard J. Donovan Corr. Fac. San Diego
County , STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT
A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 799002, San Diego
CA. 92179

ON July 12 2008 I SERVED THE FOREGOING: Answer to defendants
Motion to Dismiss ,

**(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)**

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S),
WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED
AT Richard J. Donovan Corr. Fac. P.O. Box 799002. San Diego CA. 92179

(To the Clerk)
United States District Court
Southern District of California
880 Front Street, Suite 4290
San Diego CA. 92101-8900

Sylvie P. Snyder
Deputy Attorney General
110 West A. Street, Suite 1100
San Diego CA. 92101
P.O. Box 85266
San Diego CA. 92186-5266

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: July 12, 2008

Victor Parra
(DECLARANT/PRISONER)

9