VICTOR PARRA
CDC No. P-58682
P.O. Box 799002
San Diego CA. 92179
In Pro se

FILED
2008 JUL 29 PM 12: 37
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

NUNC PRO TUNC
JUL 21 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

VICTOR PARRA
            Plaintiff
     v.
R. HERNANDEZ et.al.,
            Defendants

Case No. 08CV0191 H CAB

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS ANSWER TO DEFENDANS MOTION TO DISMISS.

Hearing    : July 22, 2008
Time       : 9:00 a.m.
COURTROOM  : E
Judge      : The Honorable
             Cathy Ann Bencivengo

I

History of the Case

Plaintiff Victor Parra Jr., proceeding pro se, filed a Civil Rights Complaint pursuant to 42 U.S.C. Section 1983 On January 31, 2008. Plaintiff also seeked pendent jurisdiction pursuant to 28 U.S.C. Section 1367(a) regarding State Claims. On March 13 2008 This Court granted Informa Pauperis motion and perform a Sua Sponte screening. On May 23, 2008. Defendants filed Motion to Dismiss. Defendants Limon, Liles, Hernandez and Cowan have been served. Only the Department of Corrections and A.L. Cota. defendants have not been served. The Motion to dismiss is set for hearing on July 22, 2008.

1.

## II

### LEGAL STANDARD FOR MOTION TO DISMISS

A Federal Rule of Civil Procedure (Fed.R.Civ.P) 12(b) expressly enumerates a list of six defenses that can be asserted in a motion to dismiss, including for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A complaint may be dismissed for failure to state a cognizable legal theory or for failure to state sufficient facts under a cognizable legal theory. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Fed.R.Civ.P 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief..." Rule 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rest." Swierkiewicz, 534 U.S at 512.

In deciding a motion to dismiss for failure to state a claim upon which relief can be granted, this Court must accept as true the plaintiff's allegations contained in the Complaint and view them in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236. 94 S.Ct. 1683, (1974) Wileman Bros & Elliott, Inc. v. Giannini, 909 F.2d 332, 334 (9th Cir. 1990). Thus a Complaint must stand unless it appears beyond doubt that the plaintiff has alleged no facts that would entitle him to relief. Coneley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957). A Complaint may be dismissed as a matter of law for two reasons; (1) lack of a cognizable legal theory or (2) insufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) In essence, as the Ninth Circuit has stated, "[T]he issue is not whether a plaintiff's success on the merits is likely but rather whether the claim is entitle to proceed beyond the threshold in attempting to establish his claims." Dela Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978). Cert. denied, 441 U.S. 965, 99 S.Ct. 2416 (1979). The court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiff's claims. Id.

When a plaintiff proceeds pro se the pleadings must be read more liberally that pleadings drafted by a lawyer. Haines v. Kerner. 404 U.S. 519, 520-21, 92 S.Ct. 544 (1972) and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dep. 839 F.2d 621 (9th Cir. 1988).

However, "a pro se litigant is not excused from knowing the most basic pleading requirements." American Ass'n of Naturopathic Physicians V. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. see Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO V. Schermerhorn, 373 U.S. 746, 753 [n] 6, 83 S.Ct. 1461 (1963) Thus, the Plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. see Id; see also Wheeldin V. Wheeler, 373 U.S. 647, 648, 83 S.Ct. 1441 (1963) (infering fact from allegations of complaint.) While a court generally cannot consider material outside the pleadings in deciding a motion to dismiss, the Court may consider exhibits attached to, or referenced in, the complaint, and matter which is properly subject to judicial notice. Arpin V. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) Also see Fed.R.Civ.P. Rule 10(c) "... A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." see Park Univ. Enters., Inc. V. American Cas. Co. of Reading, PA. 442 F.3d 1239, 1244 (10th Cir. 2006) In ruling on a motion to dismiss, the court may consider not only the textual averments of the pleading itself, but also the contents of all exhibits attached to the pleading Meehan V. United Consumers Club Franchasing Corp., 312 F.3d 909, 913 (8th Cir. 2002)

  A court must give pro se litigants leave to amend the complaint "Unless it determines the pleading could not possibly be cured by the allegations of other facts" Lopez V. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) citing Doe V. United States, 58 F.3d 494, 497 (9th Cir. 1995). And before a pro se complaint may be dismissed, the Court must provide the plaintiff with a statement of the deficiencies in the Complaint. Karim-Panahi, 839 F.2d at 623.

### III

### THE EIGHTH AMENDMENT CLAIMS ARE PROPERLY STATED AGAINST ALL DEFENDANTS

  Plaintiffs first, second and third causes of action are for violation of the Eighth Amendment based on cruel and unusual prison conditions.

1.) Eight Amendment Standard

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or involves the "Unnecesary and wanton infliction of pain" Ingraham v. Wright, 430 U.S. 651, 670 (1977) Citing Estelle V. Gamble, 429 U.S. 97, 102-03 (1976). An Eighth Amendment claim contains both an objective and a subjective component. see Wilson V. Seiter, 501 U.S. 294, 298 (1991); Osolinski V. lane, 92 F.3d 934, 937 (9th Cir. 1996) The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." Rhodes V. Chapman, 452 U.S. 337, 347 (1981); see also Hudson V. McMillian, 503 U.S. 1, 8-9 (1992). "Because routine disconfort is 'part of the penalty that criminal offenders pay for their offenses against society'... 'Only those deprivations denying denying "the minimal civilized measures of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation'" Hudson, 503 U.S. at 8-9 (quoting Rhodes, 452 U.S. at 347.) The subjective component requires the plaintiff to demonstrate that the prison offial acted wantonly, with a reckles disregard of a substantial risk of serious harm. see Former V. Brenan, 511 U.S. 825, 834-36 (1994); wilson, 501 U.S. at 298-99.

The Supreme Court has listed as basic human needs "Food, Clothing, Shelter, medical care and reasonable safety Helling V. Mckinney, 509 U.S. 25, 113 S.Ct. 2475, 2480 (1995) citing Deshaney V. Winnebago County Dept. of Social Services, 489 U.S. 189, 199-200, 109 S.Ct. 998 (1989). As well as warmth [and] exercise. Wilson Id at 501 U.S. 304. Further In Eighth Amendment cases, Courts ask whether conditions "alone or in combination,... deprive inmates of the minimal civilized measure of life's necessities." Rhodes 452 U.S. at 347. This principle is sometimes called the "totality of the circumstances" approach. Rhodes at 363 (Brennan, J., Concurring). It does not mean that merely unpleasant conditions automatically become unconstitutional when you add them together. Rather, conditions must have "a mutually enforcing effect that produces the deprivation of a single identifiable human need" Wilson 111 S.Ct. at 2327 Examples of this "mutually enforcing effect" include "Isolation and enviromental deprivation... presenting substantial risk to mentaly ill inmate Madrid V. Gomez 889 F.Supp 1146-1242 (N.D. Cal.

4.

1995).

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue..." Hudson. "The objective component of an Eighth Amendment claim is... contextual and responsive to contemporary standards of decency." Id at 8. May it be extreme deprivations of basic human need Hudson 503 U.S. at 8-9, Rhodes 452 U.S. at 347. or the wanton and unnecessary infliction of pain Rhodes at 347. Jordan V. Gardner, 986 F.2d 1521, 1530 (9th Cir. 1993) (en banc) "serious psychological pain" on inmates to serve "minor [correctional] concerns." "routine and automatic security concerns," or "pragmatic interest of lesser significance" [is unconstitution].

In Eighth Amendment conditions cases, the plaintiff must prove that the defendants acted with "deliberate indifference." This was first applied by the Supreme Court to medical care cases Estelle, supra. The Court later extended it to all conditions of confinement cases in Wilson supra. reasoning that if deprivations are not specifically imposed as part of a prisoner's sentence, they are not really "punishment" unless the officials imposing them "possessed a sufficiently culpable state of mind." Id 111 S.Ct. at 2323. The Court then decided deliberate indifference was the appropriate state of mind requirement for conditions cases. Accord, Farmer, supra Deliberate indifference falls somewhere between mere negligence (carelessness) and actual malice (intent to cause harm) Farmer at 114 S.Ct. 1978; Wilson 111 S.Ct. at 2326. That is, it amounts to recklessness Farmer at 1978. Farmer held that in an Eighth Amendment case a prison official can be found reckless or deliberately indifferent if "the official knows of and disregards an excessive risk to inmate health or safety..." Id at 1979

2) Defendants Limon, Liles and Cota are properly linked to the deprivation to outdoor exercise yard at Unit 6 and Unit 8.

Defendant opposition to Cause of action I is that of "Causation" (MD p. 7 par. 1-17) and argue a "disconect" (MD. p. 7 par. 11-12) and discussed causation as a required element of a 1983 claim (MD. p. 7 par. 18-23) because "... Plaintiff does not alleged Limon and Liles instituted Operational Plan No. 85..." (MD p. 7 par. 13-14) "Transfer plaintiff to unit 8, or that they were responsible for the conditions in unit eight" (MD. p. 7 par 14-15).

5.

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in anothers affirmative acts, or omits to perform an act witch [that person] is legally required to do that causes the deprivation of which complaint is made." Johson V. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) the "requisite casual connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id at 743-744.

Plaintiff proceeds on both of these theories that (1) "plaintiff was order to sign a double cell agreement or he would be placed on Yard hold and move to unit 8" (Compl. p. 3 par. 3). And "... Limon, Liles, and A.L. Cota enforced plan #85 and effectedly deprived plaintiff of outdoor exercise yard from September 25, 2006 to April 2007" (Compl. p. 3 par. 7). "defendants affirmative act, On September 25, 2006 cause the deprivation [of yard] and indid (2) "set in motion a series of acts by others" the transfer to unit 8. which they "knew or reasonably should know would cause others to inflict the constitutional injury" 24 hour Isolation perpetuated by administrators of unit 8 facility 2. in furderance of the CDC 115 and yard hold issue. (see Compl. p. 20 CDC 115) effecting a yard hold. Defendants Motion to Dismiss should be denied.

Defendants oppose Cause of action II only against Limon and Liles. (MD. p. 7 par. 1-17) and claim Limon and Liles have no liability for the conditions of confinement of which plaintiff complaints (MD. p. 7 par. 22-23) as previously alleged it takes the actions of Limon, Liles and Cota to be the precursors of a Unit transfer. Johson at 743-744. defendants policy to transfer inmates to unit 8 untill they double cell is still enforced at the present day. They knew plaintiff would be transfer to the 24 hour Isolation and they knew plaintiff was mentally ill because they view ICC (committee) decision to asigned plaintiff as double cell when they tried to double cell plaintiff. (see Compl. p. 20. Limon, Liles and cota citing "ICC assignment to double cell" par 1 line 2-3). plaintiff so alleged at the Compl. p. 4 par 14. Thus they had knowledge of plaintiff likelyhood of decompensation.

6.

acted reckless when they tryed to put plaintiff at risk of assault without performing the review required by the double cell agreement Compl. p.55. and ignored that others would inflict the 24 hour Isolation to the likelyhood of decompensation do to plaintiffs mental illness. Thus deliberate indifference by Limon, Liles and Cota to plaintiffs medical needs is stablished. Johnson, supra.

Defendants torturous methods to inflict spychological pain to plaintif when they knew he was mentaly ill and placement in a 24 hour Isolation meet the objective requirement in Rhodes 452 US. at 347 and their deprivation of life necesity outdoor exercise meets the Hudson requirement of objective component. Did defendants knew of plaintiffs illness? (see Compl. at 4 par 14) yes. Did they acted recklesly?. Defendants ignored plaintiffs safety concerns and likelyhood of decompensation and that he would be deprived of outdoor exercise and subject plaintiff to severe psychological pain. and acted wantonly when they give plaintiff a Rule Violation Report and subjected plaintiff to 7 seven month of no yard or limited yard "deliberate indiference" is stablished. and the casual conection stated. First, Secon and third Causes of action are properly stated against defendants Limon, Liles and Cota. Defendant Motion to Dismiss should be denied.

Plaintiff made a: Cause I, denial of human need, "Yard" (Compl. p.3 par.9) Cause II Del. Ind. to medical needs (Compl. p.4 par.18.) And Cause III infliction of psychological pain (Compl p.5 par.23) plaintiff made no failure to protect claim.

3) Retaliation First Cause of Action

Plaintiff failed to allege the conduct and right to "discusion with the appropiate staff" is protected as "speech" when plaintiff complaint regarding the doublecell proposed by defendants. (see statement af "answer to defendants motion to dismiss" p.3 par 22-28 and p.4 par. 1-8) plaintiff should be given leave to amend and fix the deficiency of this cause of action. Karim-Panahi, supra.

4) Unreasonable Seisure

Defendants position of the Fourth Cause of action is that as an inmate plaintiff does not have Fourth Amendment protections (MD p.9 par. 17-28). As the Ninth Circuit held in Thompson V. Souza, 111 F.3d 694 (9th Cir. 1997) "The Fourth Amendment right to be secure

7

against unreasonable searches and seizures "extends to incarcerated prisoners." Id at 699 Prisoners 4th Amendment reasonable seizures are evaluated under the "reasonableness" standard rather than the "warrant" clause of the 4th Amendment Harrison V. Lewis 124 F.3d 197 (6th Cir. 1997) Thompson Nicholas V. Douglas, 112 F.3d 504 (2nd Cir. 1996) U.S. V. Lilly, 576 F.2d 1240 (5th Cir. 1978). "the reasonableness of a particular search [or seizure] is determined by reference to the [detention] context." Michenfelder V. Summer, 860 F.2d 328, 332 (9th Cir. 1988); As with any detained person, there are concerns that mirror those that arise in the prison context; i.e, "the safety and security of guards and others in the facility, order within the facility and the efficiency of the facility's operations." Andrews V. Neer, 253 F.3d 1052, 1061 (8th Cir. 2001). The "reasonableness" of a search or seizure is a fact-intensive inquiry see, e.g., Thompson, 111 F.3d 694 (9th Cir. 1997) (evaluating the reasonableness of a strip search based on the manner and scope of the search, the place, and the justification). Plaintiff alleged he was unreasonably seized "at Unit 6 and removed... in retaliation for refusing to give them his signature." (Compl. p.8 par. 24.) That "removal and placement at Unit 8 exceeded the legitimate purpose of detention..." (Compl. p.8 par 25) because "... at Unit 8 plaintiff would still be single cell." par 26. And "even after complying with the double cell request..." par. 27 and 28. plaintiff was arbitrarily Isolated at Unit 8 for 80 days. At present this practice is still use as a form of coercion. And it has resulted in prisoners being assaulted by other prisoners in order to avoid Unit 8. Inmate Dale CDC # T last two numbers 49 was slice with a rosor blade after a seargeant "Pain" threatened him if he not agree to double cell he will be placed at Unit 8. I indid, unreasonable seizure is a fact intensive inquiry that cannot be determined at an early stage. Regarding seizures when officers severely restricted movement of detainees and threatened continued detention to force detainees to submit to interrogations The Ninth Circuit in Ganwich V. Knapp at 319 F.3d 1115, 1125 (9th Cir. 2003) stated, holding "that this sort of coerced interrogation is a serious intrusion upon the sanctity of the person. It may inflict great indignity and arouse strong resentment." Id at 1120.-1121. Defendants offer no Legal authority or argument why plaintiffs seizure at Unit 6 and 8 was not unreasonable or justified their actions. Defendants Motion to Dismiss should be denied.

5) Due process claims

    Plaintiff alledged transfer to Unit 8 created atypical hardship (Compl. at 8-9 par. 29-35) defendants position is that he was only subjected to a departure of ordinary incidents of prison life for 21 days not causing atypical and significant hardship (MD at 11 par. 19-23)

    To determine whether a liberty interest has been created by state law, the Court must inquire into: (1) whether state status or regulations restrict the power of prison officials to impose the deprivation; and (2) whether the liberty in question is one of "real substance". Sandin V. Connor 515 U.S. 472, 477-487 (1995). A liberty interest of "real substance" occurs when deprivation places "an atypical or significant hardship on plaintiff in relation to the ordinary incidents of prison life" Sandin, 515 U.S. at 483, 487. Plaintiff alleged that (1) Limon and Liles "... without first conducting a review of inmate statements that Duran was incompatible and of... case factors required by the double cell review..." (Compl. at 8 par. 30) see Factors at (Compl. p. 55 Double Cell Review Form at 2 and 3) Five factors would preclude double celling. Factor 5 "... may threaten institutional security or safety of others." restricted Limon, Liles and Cota to order double celling but as Lt. Pederson found "... All available information sources were not review..." (Compl. p. 8 par. 27). Plaintiff's ordinary incidents of prison life aquired at Unit 6: Library recreational books, Law Library, yard and enviromental stimulation to his mental illness are of "real substance" and the 24 hour Isolation for 80 days place plaintiff in atypical and significant hardship in relation to the amenities already aquired at Unit 6 (Compl. p. 9 par. 33) Thus Limon, Liles and Cota failure to perform a substantive attempt to verify or disprove plaintiff safety concerns against Duran restricted their power to impose a "Yard hold" and 24 hour Isolation at Unit 8 and thus Violated plaintiffs Due process Drawed from the form and its standar application making specific the regulation to administer double cell agreements was denied Defendants Motion to Dismiss should be denied.

    Notice of Rules or Regulation is required before plaintiff could be sanction for its violation. Defendants argue plaintiff was given verval notice that Operational Plan #8S make specific the Law of double cell agreements and refusing to double cell will result in a yard hold or 24 hour Isolation at Unit 8. (Compl. p. 12 par 2-8). Two hour notice is not fair notice when vague verval notice is given.

9.

1     "Due process requires that inmates receive fair notice of a rule before they can be sanctioned
2 for its violation." Forbes V. Trigg, 976 F.2d 308, 314 (7th Cir. 1992), cert. denied, 113 S.Ct. 1362 (1993);
3 accord, Reeves V. Pettcox, 19 F.3d 1060, 1061 (5th Cir. 1994) (prisoner was entitled to notice of special rules
4 in segregation unit) Further defendants regulation mandates that within 14 days of transfer
5 to another institution, the new arrival shall be given a written summary of local procedures
6 governing conduct... California Code of Regulations (CCR) Id at Section 3002 (a) (2).
7     A plaintiff claiming violation of due process through application of vague regulation
8 must as a threshold matter, alleged that a regulation affects constitutionally protected conduct
9 williams V. Vidmar 367 F.Supp.2d 1265 (N.D. Cal. 2005). Operational Plan 8S fails to
10 provide a reasonable degree of certainty of meaning see Lanzetta V. New Jersey (1939) 306 U.S. 451
11 453, 59 S.Ct. 618. This failure leaves the regulation susceptible of arbitrary or discriminatory
12 enforcement and overbroad application. and fails to provide adequate notice to those who must
13 observe its structure. Rios V. lone 812 F.2d 1032, 1038 (11th. Civ. 1987) and it does not
14 give the person of ordinary intelligence a reasonable opportunity to know what the statutes
15 prohibit (see Grayned V. City of Rockford (1972) 408 U.S. 104, 108. 92 S.Ct. 2294. 2298-2299.
16     Officers interpret (OP) #8S as willfull interference in the Duties of a peace officer see
17 (Compl. p. 51. CDC 115 Form) or Refusing an order to double cell at (Compl. p. 20. CDC 115 Form). if
18 it has been refuse to double cell. This enforcement resulted in inmate Dale CDC No T-last two
19 49 in being cut with a blade and denied his right to protection from inmate violence 18 U.S.C.
20 4042 (a) and protected Constitutional activity in protection derived from Farmer 511
21 U.S. at 834, 837 and California Civil Code 43. Plaintiff properly stated a due process violation
22 Defendants Motion to dismiss should be denied.
23     Defendants Limon, Liles, Cota, Cowan and Hernandez deprived plaintiff of
24 yard a liverty interes, starting September 25, 2006. The yard hold was implemented two hours after
25 plaintiff refusal to double cell or signed the agreement. Limon, Liles and Cota were the moving force. they
26 authored a CDC 115 requiring defendants Cota, Cowan, and Hernandez torturous aproach to Isolate
27 plaintiff at Unit 8. The loss of liverty interest in outdoor exercise yard required a hearing before
28 or after. CCR Section 3322 (c) place a limit. only ten days of yard are allowed to be imposed

1  as a disciplinary measure. Sandin, regulation restrict the power of prison officials. And Yard
2  liverty interest is of real substance therefor any type of hearing regarding yard hold was
3  required. But none was ever given to address the yard hold. Defendants Motion to
4  dismiss should be denied.
5         Liverty Interest in ones classification exist where a liverty is derived by that
6  classification. (Compl. at 10) Defendants confused plaintiff's eighth amendment claims. Plaintiff made
7  no failure to protect claims. Defendants deprived plaintiff of freedoms created by the Safety Concerns
8  classification. See Sandin (holding that a state-created liberty interest in ones classification may
9  exist where classification imposes "atypical and significant hardship"); see also Barnett V.
10 Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994)(holding that a prison inmate was deprived of
11 liberty and property because he was reclassified thereby losing certain privileges). Plaintiff's
12 Classification comes along with protection from other inmates. because defendants and all
13 of them knew plaintiff would be place in yard hold and then a 24 hour Isolation. Due
14 process was due. Was Inmate Duron SNY or safety concerns? No. Defendants
15 argue plaintiff "double up" constitutional claims (MD. p.12. par 16) alleging claim <u>VIII</u>
16 is an Eighth Amendment Claim. The only problem with this argument is that plaintiff
17 did not made a failure to protect claim and the liverty interes in protection was denied by defendants
18 as stated by lieutenant Pederson (Compl. p.8 par. 27) Defendants motion to dismiss should be
19 denied.
20       6) State Claims
21       Pursuant to 28 U.S.C. Section 1367(a) the district court has jurisdiction
22 over all other claims that are so related to claims to claims in the action within such original
23 jurisdiction that they form part of the same case or controversy. Once judicial power
24 exist under 1367(a), retention of supplemental jurisdiction over state law claims under 1367
25 (c) is discretionary. Acri V. Varian Assoc., Inc. 114 F.3d 999, 1000 (9th. Cir. 1997).
26       7) Plaintiff Ninth Cause of action is state Constitution Article I, section 13
27 unreasonable seizure, having no congent reason for this court to depart from the
28 Fourth Amendment analisis construing a provision of the state Constitution. Plaintiff

1  realleges the Unreasonable Seizure argument at p.7 par. 25-28 and p.8 par. 1-28.
2  Defendants motion to dismiss must be denied.
3      8) Interference with the exercise of civil Rights Causes of action Ten, eleven, Twelf and
4  Thirteenth. Plaintiff drawed these actions by California Civil Code 52.1(a) and (b). But
5  miswrote the section as 52(a). Section 52(a) requires allegations of some race based or class
6  discrimination. Section 52.1(a) and (b) requires that an atempt or deprivation of a right be done
7  by coercion, intimidation or threat.[1] Plaintiff Cause of action Eighteenth reflects his intended purpose
8  (Compl. p.15 par. 110-114). Defendants Chalenge is causation as the same defect of the eighth
9  amendment claims (MD. p.14 par 24-28 and p.15 par. 1-2) The court may assume cause of
10 action eighteenth cures the defect see Fed. R. Civ. P. 10(c) see Retail Clerks Intern. supra
11 373 U.S. 746[En]6. drawing inference from "well pleaded" allegations. and Wheeldin supra 373 U.S.
12 647 infering facts from allegations of complaint. and rule 10(c) incorporating facts by
13 referance. OR. the court may grant leave to amend and cure the difects, Karim-panahi. 839 F.2d
14 at 623
15     9) Cause of action Fourteenth and Fifteenth (Compl. at 13-14) defendants alleged causation
16 the same as the eighth amendment claims. (MD.14. par. 24-28 and p.15 par. 1-2) "... Plaintiff
17 alleged "... defendants and all of them infringed upon plaintiffs rights as stated on par 1-80
18 supra" (Compl. p.13 par 83) Under Fed. R. Civ. P. Rule 10(c) plaintiff may incorporate by
19 referance paragraphs of the complaint. This practice is discurage and plaintiff may cure
20 these defects on a leave to amend the complaint.
21     10) Negligence. plaintiff drew upon Government Code Section 11340.5(a) as
22 the means duty imposed designed to protect plaintiff. Under this guidelines plaintiff has no
23 case. Plaintiff should have alleged CCR section 3002(a)(2) as the duty imposed designed to
24 protect plaintiff. Plaintiff should be given leave to amend and fix the defects karim-panahi
25 839 F.2d at 623.
26
27 _____
28  1/ Jones V. Kmart Corp. 70 Cal. Rptr. 2d 844 (Cal. 1998) at 846

11) The eighteenth Cause of action is redundant and plaintiff again incorporates by referance paragraphs. to link defendants. it should be amended to specified what each defendant did. Defendants Motion to dismiss should be denied.

## CONCLUSION

Defendants actions are subject to scrutiny under section 1983. Defendants Motion to Dismiss should be denied and plaintiff given an opportunity to cure any defects

Unserved defendants will be served timely and would not be dismissed Additionally The Department of Corrections is only sued under state Law. There is no Eleven Amendment immunity concerns.

Dated: July 12, 2008

Respectfully Submitted
Victor Parra
In Prose.

13.

# VERIFICATION

STATE OF CALIFORNIA
COUNTY OF SAN DIEGO

Case No. 08CV0191 H CAB

(C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, __Victor Parra__ DECLARE UNDER PENALTY OF PERJURY
THAT: I AM THE __plaintiff__ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS __12__ DAY OF: __July__ 20__08__ AT Richard J. Donovan, San Diego CA. 92179

(SIGNATURE) __Victor Parra__
(DECLARANT/PRISONER)

---

## PROOF OF SERVICE BY MAIL

(C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, __Victor Parra__ AM A RESIDENT OF Richard J. Donovan. Corr. Fac. San Diego County, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM /NOT- A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX

ON __July 12__ 20__08__ I SERVED THE FOREGOING: __Memorandum of points and authorities in suport of plaintiffs Answer to defendants motion to dismiss.__

(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT Richard J. Donovan. Corr. Fac. P.O. Box. 799002. San Diego CA. 92179

(To the Clerk)
United States District Court
Southern District of California
880 Front Street, Suite 4290
San Diego CA. 92101-8900

Sylvie P. Snyder
Deputy Attorney General
110 West A. Street, Suite 1100
San Diego CA. 92101
P.O. Box. 85266
San Diego CA. 92186-5266

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: __July 12, 2008__       __Victor Parra__
(DECLARANT/PRISONER)

14