1   PARRA VICTOR

2   CDC No. P-58682

3   P.O. Box 799002

4   San Diego CA. 92179

5   In Prose

6

FILED

2008 AUG -4 PM 2:28

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

7                                              **NUNC PRO TUNC**

8                                              **JUL 30 2008**

9

                    UNITED STATES DISTRICT COURT

                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  VICTOR PARRA, Jr.,              Case No. 08CV0191 H (CCAB)

12                    Plaintiff       SUPPLEMENTAL LODGEMENT
                                      (ANSWER TO DEFFENDANTS MOTION TO DISMISS)
13              V.

14  R. HERNANDEZ et al.,

15                    Defendants

16

17        These Documents Notice, Motion and Memorandum of Law in

18  opposition to defendants motion to dismiss is submitted in support of plaintiffs

19  motion to alter or amend a judgment.

20

21

22

23

24

25

26

27

28

1

# VERIFICATION

## STATE OF CALIFORNIA
## COUNTY OF SAN DIEGO

Case No. 08 CV 0191 H (CAB)

### (C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, VICTOR PARRA DECLARE UNDER PENALTY OF PERJURY THAT: I AM THE Plaintiff IN THE ABOVE ENTITLED ACTION; I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS 27 DAY OF: July 2008 AT Richard J. Donovan, 480 Alta Road, San Diego CA.92179-9002

(SIGNATURE) Victor Parra
(DECLARANT/PRISONER)

## PROOF OF SERVICE BY MAIL

### (C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, VICTOR PARRA AM A RESIDENT OF Richard J. Donovan Corr. Fac. San Diego County, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX

ON July 27 2008 I SERVED THE FOREGOING: Suplemental Lodgement (answer to defendant's motion to dismiss)

#### (SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT 480 Alta Road, San Diego CA.92179-9002

(To the Clerk)
United States District Court
Southern District of California
880 Front Street, Suite 4290
San Diego CA.92179-8900

Sylvie P. Snyder
Deputy Attorney General
110 West A. Street, Suite 1100
San Diego CA.92101
P.O. Box 85266
San Diego CA.92186-5266

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: July 27, 2008

Victor Parra
(DECLARANT/PRISONER)

1  VICTOR PARRA
2  CDC No. P-58682
3  P.O. Box. 799002
4  San Diego CA 92?4
5  In Prose
6
7
8              UNITED STATES DISTRICT COURT
9              SOUTHERN DISTRICT OF CALIFORNIA
10
11  VICTOR PARRA              | Case No. 08CV0191 H CAB
12            Plaintiff       | NOTICE OF ANSWER TO DEFENDANTS MOTION
                              | TO DISMISS AND MEMORANDUM OF POINTS
13        V.                  | AND AUTHORITIES IN SUPPORT OF ANSWER.
14  R. HERNANDEZ ., et. al.,  | Hearing   : July 22, 2008
                              | Time      : 9:00 am
15            Defendants      | courtroom : E
                              | Judge     : The Honorable
16                            |             Cathy Ann Semivengo
17
18         COMES NOW PLAINTIFF, please take notice that plaintiff
19  Victor Parra, Answers defendants motion to dismiss and in support of his
20  answer he submitts a memorandum of points and authorities.
21
22
23  Dated: July 12, 2008                    Respectfully Submitted
24                                          Victor Parra
25                                          In Prose
26
27
28

                              1.

# VERIFICATION

**STATE OF CALIFORNIA**

**COUNTY OF** SAN DIEGO

Case No. 08 CV 0191 4 CAB

### (C.C.P. SEC. 446 & 201.5; 28 U.S.C. SEC. 1746)

I, _Victor Parra_ DECLARE UNDER PENALTY OF PERJURY THAT: I AM THE _Plaintiff_ IN THE ABOVE ENTITLED ACTION; I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS _12_ DAY OF: _July_ 20 _08_ AT _Richard T. Donovan Corr. Fac. San Diego CA._

(SIGNATURE) _Victor Parra_

(DECLARANT/PRISONER)

# PROOF OF SERVICE BY MAIL

### (C.C.P. SEC. 1013 (a) & 2015.5; 28 U.S.C. SEC. 1746)

I, _Victor Parra_ AM A RESIDENT OF _Richard's Donovan Corr. Fac. San Diego County_, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX _799002, San Diego CA. 92179_

ON _July 12_ 20 _08_ I SERVED THE FOREGOING: _Notice of Answer To defendants Motion to Dismiss and Memorandum of points and Authorities in support of answer._

*(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)*

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT _Richard J. Donovan Corr. Fac. P.O. Box 799002, San Diego CA. 92179_

(To the Clerk)
United States District Court
Southern District of California
880 Front Street, Suite 4290
San Diego CA. 92101-8900

Sylvie R Snyder
Deputy Attorney General
110 West A. Street, Suite 1100
San Diego CA. 92101
P.O. Box 85266
San Diego CA. 92186-5266

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: _July 12, 2008_                _Victor Parra_

(DECLARANT/PRISONER)

1  VICTOR PARRA.

2  CDC No. P-58682

3  P.O. Box. 799002

4  San Diego CA. 92179

5

6

7

8  UNITED STATES DISTRICT COURT

9  SOUTHERN DISTRICT OF CALIFORNIA

10

11  VICTOR PARRA      Case No. 08CV0191 H CAB
   ANSWER TO DEFENDANTS MOTION TO DISMISS

12           Plaintiff      Hearing : July 22, 2008

13       V.      Time : 9:00 a.m.
   Courtroom : E

14  R. HERNANDEZ et, al.,      Judge : The Honorable
   Cathy Ann Bencivengo

15           Defendants

16

17  I

18  INTRODUCTION

19       Plaintiff Victor Parra, a prisoner at Richard J. Donovan Correctional

20  Facility ("RJDCF") in San Diego California, and proceeding pro se, Submitted a Civil

21  Rights Complaint pursuant to 42 U.S.C Section 1983. Plaintiff asserts he

22  suffers from a mental illness requiring participation in psychiatric programs.

23  and classified as sensitive needs yard (SNY)[Protected Custody] alleges various

24  RJDCF officials violated his right to be free from cruel and unusual punishment,

25  retaliated against him, and violated his right to do process in the defendants failure

26  to give plaintiff constructive notice of a Rule or Regulation, failure to give him any

27  kind of hearing regarding deprivation of a liverty interest in out door exercise or

28  afford him due process before placement on atypical conditions of confinement, when

1

1  he was transfer to Unit8 for refusing to sign a waiver in order to be double celled

2  with an inmate who was not compatible and who plaintiff believed would assault him.

3  (Compl. par. 1-23) plaintiff alleges he was deprived of outdoor exercise and

4  decompensated due to the isolation and denial of all outdoor exercise and limited

5  if any recreational state provided reading material. Plaintiff further alleges pendant

6  violations of California law. (Id par. 53-115) Plaintiff seeks a declaratory judgment

7  compensatory damages and cost (Id. at 16 par. 1-11.)

8                                      II

9              DEFENDANTS MOTION TO DISMISS

10    a) Federal Claims

11      1. Eight Amendment Claims

12      On deprivation of outdoor exercise (a human need) defendants only challenge the

13  cause of action against defendants Limon an Liles. Motion to Dismiss (MD)(at p. 7

14  par 1-17) defendant argue a "disconect" (MD p.7 par. 11-12) and discused

15  causation as a required element of a 1983 claim (MD p.7 par. 18-23).

16      As plaintiff stated. Denial of outdoor exercise was spawned on September 25,

17  2006 by Limon, Lile and Captain Cota. (Compl. at 3 par 7). and continued until April

18  2007. Thus the affirmative link or connection between defendants action and the

19  claimed deprivation. Motion to dismiss on this ground should be dismiss and denied.

20      Cause of action II naming all defendants excepting the (CDC). "...When they

21  were deliverate indifferent to plaintiffs likelyhood of decompensation mental illness and

22  subjected him to their created 24hour isolation ..." Id at (Compl p. 4 par. 18). defendants

23  only opposed this claim against Limon and Liles (MD p.7 par. 1-17) and claim "Limon and Liles

24  have no liability for the conditions of confinement of which plaintiff complaints." (MD p.7

25  par 22-23). it takes the action of the unit sergeant and Facility Captain to perform

26  a Unit transfer and a staff witness. See (Compl at 55 box 2 and 4) plus

27  the moving force of an employee using a "yard hold" as coercion. see (Compl at 20)

28  (Defendant Limon placing a yard hold and at 51 officer Garcia A placing a yard hold on

2

1   Inmate  Robinson) because the initial yard hold is implemented permanently, it requires the
2   officer and Unit Sergeant to be the moving force of the unit transfer and the Captain to
3   approve the transfer. Thus causation is linked. Defendants Limon and Liles and Cota are
4   required to review Institutional Classification Committee (ICC) exhibit at (Compl. p 42)
5   which defendants Limon, Liles and Cota did, see CDC 115 at (Compl at 20 par 1 line 3) stating
6   "cell status by ICC..." and Limon, Liles and Cotas name on the form. and they knew
7   when they review ICC action (Compl at 42 line 8-9) that plaintiff suffered the
8   "likelyhood of decompensation" as alleged at (Compl p. 4 par. 14) Defendant Hernandez,
9   Cowan and Cota created policies and procedures and were willfully blind to constitutional
10  violation by creating a 24 hour Isolation Unit and issue "Yard Hold" indefinately
11  being the moving force and deliberate Indifferent when they placed plaintiff in Unit 8
12  where they knew constitutional outdoor exercise was not provided. and at Unit 7
13  after 80 days without yard where they knew yard was limited. Defendants
14  argument of Causation must be denied, they were deliberate indifferent to plaintiffs
15  mental illness (medical needs) as stated at (Compl p. 4 par. 18)
16          In Cause of action III defendants Limon, Liles and Cota's tortuous methods
17  cousing causing serious psychological pain in order to double cell plaintiff when they knew he was
18  a mentaly ill patient directly violated plaintiff's eighth amendment rights defendants motion
19  to dismiss should be denied because there is a direct link of defendants to the violation and both
20  objective the infliction of psychological pain and subjective, their knowledge of plaintiff illnes
21  were meet and alleged both elements of the complaint.
22          2. Retaliation
23          Plaintiffs Cause of Action I, he argue that Liles, Limon and Cota state employees issue
24  "RVR at Exb A." (Compl. p.3 par 6) Took adverse action; because of; Plaintiffs protected conduct
25  "Protection from bodily harm Civil Code Sec. 43" (Compl. p. 3 par. 9); And Chilled plaintiff's exercise
26  to protection from bodily harm when "Plaintiff agreed to double cell with Duran with the
27  condition that plaintiff would not signe the agreement and will file a suit if plaintiff was
28  assaulted" (Compl. p.3 par 6) and denied and chilled protection by suit or bodily harm

3

1  when they issued RVR at Comp.p.20. There is no penological goal in staging inmate fights

2  after " plaintiff explained to Limon that Duran was not compatible with him and would

3  assault plaintiff..." (Compl. p. 3 par. 4). Plaintiff's conduct and right to discussion

4  with the appropiate staff" see (Compl. at 23, CDC form 602. Top of form line 1-3)

5  is protected as "speech" when plaintiff discussed the problem with Limon and Liles.

6  Plaintiff failed to state this on the complaint but will on an amended complaint.

7  thus retaliation for engaching in limited protected speech within the scope

8  of the CDC 602 form. right to protection Civil Code 43

9             3. Unreasonable Seisure.

10             Defendants position of the IV Cause of action (Compl p. 8 par. 24-28) is

11  that as an inmate plaintiff does not have Fourth Amendment protections. It is

12  recognized by numerous courts of Law that the reasonablenes in search and

13  seizures extends to incorcerated prisoners. Defendants Motion to Dismiss this issue

14  should be denied.

15             4. Due process claims.

16             On plaintiffs transfer to unit 8 creating atypical hardship (Compl. at

17  8-9 par 29-35) Cause V defendants alleged plaintiff was only subjected to a

18  departure of ordinary incidents of prison life for 21 days not causing atypical and

19  significant hardship (MD. at 11 par 19-23); On failure to give constructive notice of a

20  Rule or Regulation (Compl at 9 par. 36-42) Cause VI. defendants alleged plaintiff was

21  given verval notice by limon and liles the day the yard hold on plaintiff was

22  implemented (MD. at 12 par. 2-8); On deprivation of liverty interest without due

23  process Cause VII. (Compl p. 10 par 43-46) Defendants do not address the facts of this

24  cause of action. it is addressed on a one liner at (MD at 12 par. 27-28); On

25  deprivation of liverty interest (in ones Classification) Cause VIII (Compl. at 10)

26  defendants alleged [non Cognizable claim] under due process concerns (MD. at 12

27  par. 11-15 at 14-15). Due process was required before or after deprivation of

28  liverties in ones aquired interests.

4

To determine whether a liberty interest has been created by state law, the Court must inquire into (1) whether state status or regulations restrict the power of prison officials to impose the deprivation; (2) whether the liberty in question is one of "real substance". A liberty interest of real substance occurs when deprivation places "an atypical or significant hardship on plaintiff in relation to the ordinary incidents of prison life". Plaintiff alleged on the fifth cause of action that defendants Limon and Liles "...without first conducting a review of inmate statements that inmate Duran was incompatible and of plaintiff and durans case factors ... required by the double cell review ..."(Compl. at 8 par. 30.) see factors at (Compl. p. 55 Double Cell Review Form at 2 and 3) Five factors would preclude the double celling, Factor 5 "... may threaten institutional security or safety of others." restricted Limon, Liles and Cota to order double celling but as Lt. Pederson found "... All available information sources were not review ..."(Compl. p. 8 par 27). Plaintiff privileges Library, Law Library, yard and enviromental stimulation to his mental illness are of "real substance" and the 24 hour Isolation for 80 days place plaintiff in atypical and significant hardship in relation to the amenities already aquired at unit 6 (Compl. p. 9 par 33) thus Limon, Liles and Cota failure to perform a substantive attempt to verify or disprove plaintiff safety concerns against Duran restricted their power to impose a "yard hold" and 24 hour Isolation at Unit and thus violated plaintiffs Due process. Defendants Motion should be denied on this cause of action.

Defendants failure to give fair notice of a rule before being sanction for its violation violated Due process. two hour notice is not fair notice when vague verval notice is given. defendants Motion to dismiss should be denied on this ground. (Cause VI).

Cause of Action VII De fendants, Limon, Liles, Cota, Cowan and Hernandez deprived plaintiff of yard a liverty interest starting on September 25, 2006. The yard hold was implemented two hours after plaintiffs refusal to double cell or signed the agreement. Limon, Liles and Cota were the moving force. On October 10, 2006 This moving force action, the yard hold spawn the CDC 115, Rule violation requiring defendants Cota Cowan and Hernandez torturous aproach to Isolate plaintiff at Unit 8. The loss of liverty interest

5.

1  in outdoor exercise required a hearing before or after. When some type of hearing was
2  denied the Due process violation was deniedand completed. the yard hold was never address
3  even after plaintiff was transfer to unit 7 receiving less that the yard time legally required.
4  Defendants Motion to Dismiss must be denied.

5         Liverty Interest in ones classification exist where a liverty is derived by
6  that classification. (Compl. at 10.) Defendants confused plaintiffs eighth amendment
7  claims. Plaintiff made no Failure to protect claims, all defendants deprived plaintiff of
8  freedoms created by the Safety Concerns classification. protection is aqquired by such
9  classification. Inmates Sandora and Robinson general population inmates were classified as
10  safety concerns temporarily and interacted with plaintiff at the same yard. Inmate duron was in
11  a Gang group yard, after plaintiff was ask to double cell with Duran, the next Inmate having
12  contact with him was stabed on the face and neck with a chank Duran Fashion from a
13  teflon spoon. Plaintiffs classification comes along with protection from other inmates.
14  because Defendants and all of them knew plaintiff would be place in yard hold and then
15  a 24 hour Isolation Due process was due. Stablished at the double cell agreement form
16  (Compl. at 55). Defendants argue plaintiff "double up" constitutional claims (MD. p.12. par 16)
17  alleging claim VIII is an Eighth Amendment claim. plaintiff here in par. 5 to 17 supra or
18  Complaint at 10 par 47-51 and p. 11 par. 52.) does not alleged infliction of pain as the
19  violation. but denial of process due before he is subject to condition violative of eighth
20  amendment standard. process never given. defendants Motion to Dismiss must be denied.
21         b) State Claims
22         1) Ninth Cause of action state Unreasonable Seizure (Compl. at 11)
23  Defendants alleged a simple transfer from unit to unit at the prison is not violative of the
24  states peoples rights. (MD. at 13 and 14 at 14 par. 11-13) the watch word of the U.S. Cons.
25  Fourth amendments and no cogent reason for this court to depart from the Fourth Amend.
26  analisis construing a provision of the state Constitution is "reasonableness". Defendants
27  24 hour Isolation and Yard hold used as coercion to double celled plaintiff constituted a
28  seizure at Unit 8. these Coercion is unreasonable. Def. Motion to Dismiss should be denied.

6

2). Interference with the exercise of Civil Rights. Causes of action Ten, eleven, Twelf, and Thirteenth. plaintiff draw these actions by California Civil Code S2.1 (a) and (b). But miswrote the section as 52 (a). Section 52 (a) requires allegation of some race based or class discrimination. Section 52.1 (a) and (b) requires that an atempt or deprivation of a right be done by coercion, intimidation or threat. Plaintiff Cause of action Eighteenth reflects his intended purpose (Compl. p.15 par. 110 ~114). Defendants Chalenge is causation as the same defect of the eighth amendment claims (MD p.14 par 24-28 and p.15 par. 1-2) The court may assume cause of action eighteenth cures the defect or may give plaintiff an opportunity to amend the complaint.

3) Cause of action Fourteenth and Fifteenth. (Compl. at 13-14) defendant alleged causation the same as the eighth amendment claims.(MD p.14 par 24-28 and p.15 par 1-2). plaintiff alleged "... defendants and all of them infringed upon plaintiff rights as stated on par 1 to 80 supra." (Compl. at 13 par 83) Yes. this argument is redundant, plaintiff has to allege with specifity what each defendant did to breach duties alleged at par.84. plaintiff should be given an opportunity to cure these difects. the fifteenth Cause of action is properly stated. Def. Mot. to Dismiss should be denied.

4) Negligence. plaintiff alleges defendant that "...(OP) #85 does not requires that yard be used as punishment." (Compl. at 14 par. 99) defendants alleged "notice"as plaintiffs defect (MD at 15 par. 3-9) Defendants Interpret Operational Plan # 85 as "refusing an order to double cell" see (Compl. at 20 "specific acts." [Box] CDC 115 Form) and as (" willfully- Delaying /Obstructing a peace officer in performing of duties") (Compl. at 51. "Specific act [box] CDC 115 Form) their negligence resulted in plaintiff injuries loss of yard ext. thus the Cause of action is stated. Notice of Rules is required by CCR section 3002 subsections (a),(b) and (c). plaintiff drew upon Government code Sec. 11340.5 (a). he should be given an opportunity to amend the complaint and defendants Mot. to dismiss denied. on 16 Cause of ac. Cause of action Seventeenth sufers from the some defect of notice drawed upon the Government code as the source of duty imposed on defendants. CCR section 3002 should be the source of duty imposed. Amending the complaint will cure the defect. def. Mot. Diss. should be denied.

7

5) The eighteenth Cause of action. This cause of action is redundant and plaintiff again alleges preceeding paragraphs to link defendants. It should be amended to specified what each defendant did. Defendants Motion to dismiss should be denied.

## CONCLUSION

Defendants actions are subject to scrutiny under section 1983. Defendants Motion to Dismiss should be denied and plaintiff given an opportunity to cure any defects. Unserved defendants will be served timely and would not be dismissed.

Dated July 12, 2008.                                    Respectfully Submitted

                                                        Victor Porra

                                                        In pro se.

# VERIFICATION

## STATE OF CALIFORNIA
## COUNTY OF SAN DIEGO

Case No. 08 CV 0191 H·CAB

### (C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, Victor Parra _____ DECLARE UNDER PENALTY OF PERJURY
THAT: I AM THE Plaintiff _____ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS _12_ DAY OF: JULY _____ 20 08 AT Richard J.
Donovan Corr. Fac. San Diego CA. 92179

(SIGNATURE) Victor Parra _____
(DECLARANT/PRISONER)

---

## PROOF OF SERVICE BY MAIL

### (C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, Victor Parra _____ AM A RESIDENT OF Richard J. Donovan Corr. Fac. San Diego
County, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT
A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 799002, San Diego
CA. 92179

ON July 12 20 08 I SERVED THE FOREGOING: Answer to defendent's
Motion to Dismiss

### (SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S),
WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED
AT Richard J. Donovan Corr. Fac. P.O. Box 799002. San Diego CA. 92179

(To the Clerk)
United States District Court
Southern District of California
880 Front Street, Suite 4290
San Diego CA. 92101-8900

Sylvie P. Snyder
Deputy Attorney General
110 West A Street, Suite 1100
San Diego CA. 9001
P.O. Box 85266
San Diego CA. 92186-5266

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: July 12, 2008 _____ Victor Parra _____
(DECLARANT/PRISONER)

9

VICTOR PARRA
CDC No. P-58682
P.O. Box. 799002
San Diego CA. 92179
In Pro se

UNITED STATES. DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

VICTOR PARRA

        Plaintiff

    V.

R. HERNANDEZ et.al.,

        Defendants

Case No. 08CV0191 H CAB

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS ANSWER TO DEFENDANS MOTION TO DISMISS.

Hearing   :   July 22, 2008
Time      :   9:00 a.m.
COURTROOM :   E
Judge     :   The Honorable
           Cathy Ann Bencivengo

I

History of the Case

    Plaintiff Victor Parra Jr., proceeding pro se, filed a Civil Rights Complaint pursuant to 42 U.S.C. Section 1983. On January 31, 2008. Plaintiff also seeked pendent jurisdiction pursuant to 28 U.S.C. Section 1367(a) regarding State Claims. On March 13 2008 This Court granted Informa Pauperis motion and perform a Sua Sponte screening. On May 23, 2008 Defendants filed Motion to Dismiss. Defendants Limon, Liles, Hernandez and Cowan have been served. Only the Department of Corrections and A.L. Cota defendants have not been served. The Motion to dismiss is set for hearing on July 22, 2008.

1

## II

### LEGAL STANDARD FOR MOTION TO DISMISS

A Federal Rule of Civil Procedure (Fed.R.Civ.P) 12(b) expressly enumerates a list of six defenses that can be asserted in a motion to dismiss, including for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A complaint may be dismissed for failure to state a cognizable legal theory or for failure to state sufficient facts under a cognizable legal theory. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Fed.R.Civ.P 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N.A.; 534 U.S. 506, 512 (2002) a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief..." Rule 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rest." Swierkiewicz, 534 U.S. at 512.

In deciding a motion to dismiss for failure to state a claim upon which relief can be granted, this Court must accept as true the plaintiff's allegations contained in the Complaint and view them in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236. 94 S.Ct. 1683, (1974) Wileman Bros & Elliott, Inc. v. Giannini, 909 F.2d 332, 334 (9th Cir. 1990). Thus a Complaint must stand unless it appears beyond doubt that the plaintiff has alleged no facts that would entitle him to relief. Conely v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957). A Complaint may be dismissed as a matter of law for two reasons; (1) lack of a cognizable legal theory or (2) insufficient facts alleged under a cognizable legal theory. Balistreri V. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988.) In essence, as the Ninth Circuit has stated. "[T]he issue is not whether a plaintiff's success on the merits is likely but rather whether the claim is entitle to proceed beyond the threshold in attempting to establish his claims." Dela Cruz V. Tormey, 582 F.2d 45, 48 (9th Cir. 1978). Cert.denied, 441 U.S. 965, 99 S.Ct. 2416 (1979). The court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiffs claims. Id.

When a plaintiff proceeds pro se the pleadings must be read more liberally that pleadings drafted by a lawyer. Haines V. Kerner. 404 U.S. 519, 520-21, 92 S.Ct. 544 (1972) and afford the plaintiff any benefit of the doubt. Karim-Panahi V. Los Angeles Police Dep. 839 F.2d 621 (9th Cir. 1988).

1   However, "a prose litigant is not excused from knowing the most basic pleading
2   requirements." American Ass'n of Naturopathic Physicians V. Hayhurst, 227 F.3d 1104, 1107-08
3   (9th Cir. 2000). The court is bound to give the plaintiff the benefit of every reasonable inference
4   to be drawn from the "well-pleaded" allegations of the complaint. see Retail Clerks Intern.
5   Ass'n, Local 1625, AFL-CIO V. Schermerhorn, 373 U.S. 746, 753 (n7 6, 83 S.Ct. 1461 (1963)
6   Thus, the Plaintiff need not necessarily plead a particular fact if that fact is a reasonable
7   inference from facts properly alleged. see Id; see also Wheeldin V. Wheeler, 373 U.S. 647,
8   648, 83 S.Ct. 1441 (1963) (inferring fact from allegations of complaint.) While a court
9   generally cannot consider material outside the pleadings in deciding a motion to dismiss, the
10  Court may consider exhibits attached to, or referenced in, the complaint, and matter
11  which is properly subject to judicial notice. Arpin V. Santa Clara Valley Transp. Agency,
12  261 F.3d 912, 925 (9th Cir. 2003.) Also see Fed. P. Civ. P. Rule 10 (c)"... A copy of any
13  written instrument which is an exhibit to a pleading is a part thereof for all purposes." See Park
14  Univ. Enters., Inc. V. American Cas. Co. of Reading, PA, 442 F.3d 1239, 1244 (10th Cir. 2006)
15  In ruling on a motion to dismiss, the court may consider not only the textual averments of
16  the pleading itself, but also the contents of all exhibits attached to the pleading. Meehan
17  V. United Consumers Club Franchising Corp., 312 F.3d 909, 913 (8th Cir. 2002)
18          A court must give pro se litigant's leave to amend the complaint "Unless it
19  determines the pleading could not possibly be cured by the allegations of other facts"
20  Lopez V. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) citing Doe V. United States,
21  58 F.3d 494, 497 (9th Cir. 1995). And before a pro se complaint may be dismissed,
22  the Court must provide the plaintiff with a statement of the deficiencies in the
23  Complaint. Karim-Panahi, 839 F.2d at 623.

24                                III

25                 THE EIGHTH AMENDMENT CLAIMS ARE
26              PROPERLY STATED AGAINST ALL DEFENDANTS
27          Plaintiffs first, second and third causes of action are for violation of the
28  Eighth Amendment based on cruel and unusual prison conditions.

                                3

1.) Eight Amendment Standard

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or involves the "Unnecesary and wanton infliction of pain" Ingraham V. Wright; 430 U.S. 651, 670 (1977) Citing Estelle V. Gamble, 429 U.S. 97, 102-03 (1976). An Eighth Amendment claim contains both an objective and a subjective component. see Wilson V. Seiter. 501 U.S. 294, 298 (1991); Osolinski V. lane, 92 F.3d 934, 937 (9th Cir. 1996) The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." Rhodes V. Chopman, 452 U.S. 337, 347 (1981); see also Hudson V. McMillian, 503 U.S. 1, 8-9 (1992). " Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society"... "Only those deprivations denying denying " the minimal civilized measures of life's necessries "are sufficiently grave to form the basis of an Eighth Amendment violation'" Hudson, 503 U.S. at 8-9. (Quoting Rhodes, 452 U.S. at 347.) The subjective component requires the plaintiff to demonstrate that the prison offial acted wantonly, with a reckles disregard of a substantial risk of serious harm. see Farmer V. Brenan. 511 U.S. 825, 834-36 (1994); wilson. 501 U.S. at 298-99.

The Supreme Court has listed as basic human needs "Food, Clothing, Shelter, medical care and reasonable safety Helling V. Mckinney, 509 U.S. 25, 113 S.Ct. 2475, 2480 (1995) citing Deshaney V. Winnebago County Dept. of Social Services, 489 U.S. 189, 199-200, 109 S.Ct. 998 (1989). As well as warm th [and] exercise. Wilson Id at 501 U.S. 304. Further In Eighth Amendment cases, Courts ask whether conditions" alone or in combination, ... deprive inmates of the minimal civilized measure of life's necessities." Rhodes 452 U.S. at 347. This principle is sometimes called the " totality of the circumstances" approach. Rhodes at 363 (Brennan, J., Concurring). It does not mean that merely unpleasant conditions automatically become unconstitutional when you add them together. Rather, conditions must have "a mutually enforcing effect that produces the deprivation of a single identifiable human need" Wilson 111 S.Ct. at 2327 Examples of this "mutually enforcing effect" include "Isolation and environmental deprivation... presenting substantial risk to mentaly ill inmate Madrid V. Gomez 889 F.Supp 1146-1242 C.N.D. Cal.

1   1995).

2       " What is necessary to show sufficient harm for purposes of the Cruel and Unusual

3   Punishment Clause depends upon the claim at issue ..." Hudson. " The objective component of

4   an Eighth Amendment claim is ... contextual and responsive to contemporary standards of

5   decency." Id at 8. May it be extreme deprivations of basic human need Hudson 503 U.S.

6   at 8-9, Rhodes 452 U.S. at 347. or the wanton and unnecessary infliction of pain Rhodes

7   at 347. Jordan V. Gardner, 986 F.2d 1521, 1530 (9th Cir. 1993)(en banc) " serious psychological

8   pain." on inmates to serve " minor [correctional] concerns.' " "routine and automatic security

9   concerns," or " pragmatic interest of lesser significance [ is unconstitution].

10      In Eighth Amendment conditions cases, the plaintiff must prove that the

11  defendants acted with "deliberate indifference." This was first applied by the Supreme Court

12  to medical care cases Estelle, supra. The Court later extended it to all conditions of confinement

13  cases in wilson supra. reasoning that if deprivations are not specifically imposed as part of a prisoner's

14  sentence, they are not really "punishment" unless the officials imposing them "possessed a sufficiently

15  culpable state of mind." Id 111 S.Ct. at 2323. The Court then decided deliberate indifference was

16  the appropriate state of mind requirement for conditions cases. Accord, Farmer, supra

17  Deliberate indifference falls somewhere between mere negligence (carelesness) and actual

18  malice (intent to cause harm) Farmer at 114 S.Ct. 1978; wilson 111 S.Ct. at 2326. That is,

19  it amounts to recklessness Farmer at 1978. Farmer held that in an Eighth Amendment

20  case a prison official can be found reckless or deliberately indifferent if " the official knows

21  of and disregards an excessive risk to inmate health or safety ..." Id at 1979

22          2) Defendants Limon, Liles and Cota are properly linked to the

23              deprivation to outdoor exercise yard at Unit 6 and Unit 8.

24      Defendant opposition to Cause of action I is that of "Causation" (MD p. 7 par. 1-17)

25  and argue a "disconect " (MD. p. 7 par. 11-12) and discussed causation as a required element

26  of a 1983 claim (MD. p. 7 par. 18-23) because " ... Plaintiff does not alleged Limon and Liles

27  instituted Operational Plan No. 55 ..." (MD p. 7 par. 13 - 14) "Transfer plaintiff to unit 8, or

28  that they were responsible for the conditions in unit eight" (MD. p. 7 par. 14-15).

5.

1  "A person 'subjects' another to the deprivation of a constitutional right, within the
2  meaning of [§] 1983, if [that person] does an affirmative act, participates in anothers
3  affirmative acts, or omits to perform an act witch [that person] is legally required to do that
4  causes the deprivation of which complaint is made." Johson V. Duffy, 588 F.2d 740,743(9thCir.1978)
5  the "requisite casual connection can be established not only by some kind of direct personal
6  participation in the deprivation, but also by setting in motion a series of acts by others which
7  the actor knows or reasonably should know would cause others to inflict the constitutional
8  injury." Id at 743-744.
9       Plaintiff proceeds on both of these theories, that(1) "plaintiff was order to sign
10  a double cell agreement or he would be placed on Yard hold and move to unit 8" (Compl. p.3 par.
11  3). And "... Limon,Liles, and A.L.Cota enforced plan #8's and effectivly deprived plaintiff of
12  outdoor exercise yard from September 25,2006 to April 2007" (Compl. p.3 par. 7). "defendants
13  affirmative act, On September 25,2006 cause the deprivation [of yard] and indid(2) "set
14  in motion a series of acts by others" the transfer to unit 8. which they "knew or
15  reasonably should know would cause others to inflict the constitutional injury" 24 hour
16  Isolation perpetuated by administrators of unit 8 facility 2. in furderance of the CDC
17  115 and yard hold issue. (see Compl. p.20 CDC 115) effecting a yard hold. Defendants Motion to
18  Dismiss should be denied.
19       Defendants oppose Cause of action II only against Limon and Liles. (M.O. p.7 par. 1-17)
20  and claim Limon and Liles have no liability for the conditions of confinement of which plaintiff
21  complaints (M.O. p.7 par.20-28) as previously alleged it takes the actions of Limon,
22  Liles and Cota to be the precursors of a Unit transfer. Johson at 743-744. defendants
23  policy to transfer inmates to unit 8 untill they double cell is still enforced at the present
24  day. They knew plaintiff would be transfer to the 24 hour Isolation and they
25  knew plaintiff was mentally ill because they view ICC (Committee) decision to asigned
26  plaintiff as double cell when they tried to double cell plaintiff. (see Compl. p.20. Limon, Liles and
27  cota citing "ICC assignment to double cell" par 1 line 2-3). plaintiff so alleged at the
28  Compl. p.4 par 14. Thus they had knowledge of plaintiff likely hood of decompensation.

6.

acted reckless when they tryed to put plaintiff at risk of assault without performing the review required

by the double cell agreement Compl. p.55. and ignored that others would inflict the 24 hour

Isolation to the likelyhood of decompensation do to plaintiffs mental illness. Thus deliberate

indifference by Liman, Liles and Cota to plaintiffs medical needs is stablished. Johnson, supre.

Defendants tortorous methods to inflict spychological pain to plaintiff when

they knew he was mentaly ill and placement in a 24 hour Isolation meet the objective

requirement in Rhodes 452 US. at 347 and their deprivation of life necessity outdoor

exercise meets the Hudson requirement of objective component. Did defendants knew

of plaintiffs illness? (see Compl. at 4 par 14) yes. Did they acted recklesly?.

Defendants ignored plaintiffs safety concerns and likelyhood of decompensation. and that he

would be deprived of outdoor exercise and subject plaintiff to severe psychological pain. and

acted wantonly when they give plaintiff a Rule Violation Report and subjected plaintiff to

seven month of no yard or limited yard "deliberate indiference" is stablished. and the casual

conection stated. First, Secon and third Causes of action are properly stated against defendants

Liman, Liles and Cota. Defendant Motion to Dismiss should be denied.

Plaintiff made a: Cause I, denial of basica need, Yard " (Compl. p.3 par. 8) Cause II Del. Ind.

to medical needs (Compl. p 4 par.18.) And Cause III infliction of psychological pain (Compl p. 5 par. 23)

plaintiff made no failure to protect claim.

3) Retaliation First Cause of Action

Plaintiff failed to allege the conduct and right to "discusion with the

appropiate staff " is protected as "speech" when plaintiff complaint regarding the double cell

proposed by defendants .(see statement at answer to defendants motion to dismiss ". p. 3 par 22-

28 and p. 4 par. 1 -8) plaintiff should be given leave to amend and fix the deficiency of this

cause of action . Karim-Panahi, supra.

4) Unreasonable Seisure

Defendants position of the Fourth Cause of action is that as an inmate plaintiff

doesnot have Fourth Amendment protections (MD p.9 par. 17-28). As the Ninth Circuit held

in Thompson. V. Souza, 111 F.3d 694 (9th Cir. 1997) " The Fourth Amendment right to be secure

7

1  against unreasonable searches and seizures "extends to incarcerated prisoners." Id at 699

2  Prisoners 4th Amendment reasonable seizures are evaluated under the "reasonableness" standard

3  rather than the "warrant" clause of the 4th Amendment Harrison V. Lewis 124 F.3d 197

4  (6th Cir. 1997) Thompson Nicholas V. Douglas, 112 F.3d 504 (2nd Cir. 1996) U.S. V. Lilly, 576

5  F.2d 1240 (5th Cir. 1978). "the reasonableness of a particular search [or seizure] is

6  determined by reference to the [detention] context." Michenfelder V. Summer, 860 F.2d 328,

7  332 (9th Cir. 1988); As with any detained person, there are concerns that mirror those

8  that arise in the prison context: i.e. "the safety and security of guards and others in the

9  facility, order within the facility and the efficiency of the facility's operations." Andrews V.

10  Neer, 253 F.3d 1052, 1061 (8th Cir 2001). The "reasonableness" of a search or seizure is a

11  fact-intensive inquiry see, i.e.; Thompson, 111 F.3d 694 (9th Cir. 1997) (evaluating the reasonableness

12  of a strip search based on the manner and scope of the search, the place, and the justification). Plaintiff

13  alleged he was unreasonably seized "at Unit 6 and removed... in retaliation for refusing to give them his

14  signature." (Compl. p.8 par.24.) That "removal and placement at Unit 8 exceeded the legitimate purpose of

15  detention..." (Compl. p.8 par 25) because "... at Unit 8 plaintiff would still be single cell." par 26. And

16  "even after complying with the double cell request ..." par. 27 and 28. plaintiff was arbitrarily

17  Isolated at Unit 8 for 80 days. At present this practice is still use as a form of coercion. And it has

18  resulted in prisoners being assaulted by other prisoners in order to avoid Unit 8. Inmate Dale CDC

19  # T last two numbers 49 was slice with a razor blade after a sergeant "Tom" threatened him if he

20  not agree to double cell he will be placed at Unit 8. Indid, unreasonable seizure is a fact intensive

21  inquiry that cannot be determined at an early stage. Regarding seizures when officers severely

22  restricted movement of detainees and threatened continued detention to force detainees to submit

23  to interrogations The Ninth Circuit in Ganwich V. Knapp at 319 F.3d 1115, 1125 (9th Cir. 2003)

24  stated, holding "that this sort of coerced interrogation is a serious intrusion upon the

25  sanctity of the person. It may inflict great indignity and arouse strong resentment."

26  Id at 1120-1121. Defendants offer no legal authority or argument why plaintiffs seizure

27  at Unit 6 and 8 was not unreasonable or justified their actions. Defendants Motion to

28  Dismiss should be denied.

8

5) Due process claims ...

    Plaintiff alledged transfer to Unit 8 created atypical hardship (Compl at 8-9 par.29&15) defendant's position is that he was only subjected to a departure of ordinary incidents of prison life for 21 days not causing atypical and significant hardship (M8 at 11 par. 19-23)

    To determine whether a liberty interest has been created by state law, the Court must inquire into: (1) whether state status or regulations restrict the power of prison officials to impose the deprivation; and (2) whether the liberty in question is one of "real substance". Sandin V. Conner 515 U.S. 472, 477-487 (1995). A liberty interest of "real substance" occurs when deprivation places "an atypical or significant hardship on plaintiff in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 483, 487. Plaintiff alleged that (1) Limon and Liles "...without first conducting a review of inmate statements that Duron was incompatible under case factors required by the double cell review..." (Compl at 8 par. 30) see factors at (Compl. p. 55 Double cell Review Form at 2 and 3) Five factors would preclude double celling. Factor 5 "...may threaten institutional security or safety of others." restricted Limon, Liles and Cota to order double celling but as Lt. Pederson found "... All available information sources were not review..." (Compl. p. 8 par. 27). Plaintiff's ordinary incidents of prison life acquired at Unit 6 Library recreational books, Law Library, yard and environmental stimulation to his mental illness are of "real substance" and the 24 hour Isolation for 50 days place plaintiff in atypical and significant hardship in relation to the amenities already acquired at Unit 6 (Compl. p.9 par. 33) Thus Limon, Liles and Cota failure to perform a substantive attempt to verify or disprove plaintiff safety concerns against Duron restricted their power to impose a "Yard hold" and 24 hour Isolation at Unit 8 and thus Violated plaintiff's Due process. Drawed from the form and its standard application making specific the regulation to administer double cell agreements was denied. Defendant's Motion to Dismiss should be denied.

    Notice of Rules or Regulation is required before plaintiff could be sanction for its violation. Defendant's argue plaintiff was given verval notice that Operational Plan #8's make specific the law of double cell agreements and refusing to double cell will result in a yard hold or 24 hour Isolation at Unit 8. (Compl. p.12 par 2-8). Two hour notice is not fair notice when vague verval notice is given.

1       " Due process requires that inmates receive fair notice of a rule before they can be sanctioned

2 for its violation." Forbes V. Trigg, 976 F.2d 308, 314 (7th Cir. 1992), cert. denied, 113 S.Ct. 1362 (1993);

3 accord, Reeves V. Pettcox, 19 F.3d 1060, 1061 (5th Cir. 1994) (prisoner was entitled to notice of special rules

4 in segregation unit) Further, defendants regulation mandates that within 14 days of transfer

5 to another institution, the new arrival shall be given a written summary of local procedures

6 governing conduct ... California Code of Regulations (CCR) Id at Section 3002 (a) (8).

7       A plaintiff claiming violation of due process through application of vague regulation

8 must as a threshold matter, alleged that a regulation affects constitutionally protected conduct

9 williams V. Vidmar 367 F.Supp.2d 1265 (N.D. Cal. 2005). Operational Plan 85 fails to

10 provide a reasonable degree of certainty of meaning see Lanzetta V. New Jersey (1939) 306 U.S. 451

11 453, 59 S.Ct. 618. This failure leaves the regulation susceptible of arbitrary or discriminatory

12 enforcement and overbroad application and fails to provide adequate notice to those who must

13 observe its structure. Rios V. lane 812 F.2d 1032, 1038 (11th. Cir. 1987) and it does not

14 give the person of ordinary intelligence a reasonable opportunity to know what the statutes

15 prohibit (see Grayned V. City of Rockford (1972) 408 U.S. 104, 108, 92 S.Ct. 2294, 2298-2299.

16       Officers interpret (OP) #85 as willfull interference in the Duties of a peace officer see

17 (Compl. p. 51. CDC 115 form) or Refusing an order to double cell at (Compl. p 20. CDC 115 form). if

18 it has been refuse to double cell. This enforcement resulted in inmate Dale CDC No T-lost two

19 49 in being cut with a blade and denied his right to protection from inmate violence. 18 U.S.C.

20 4042 (a) and protected Constitutional activity in protection derived from Farmer 511

21 U.S. at 834, 837 and California Civil Code 43. Plaintiff properly stated a due process violation

22 Defendants Motion to dismiss should be denied.

23       Defendants Limon, Liles, Cota, Cowan and Hernandez deprived plaintiff of

24 yard a liberty interest starting September 25, 2006. The yard hold was implemented two hours after

25 plaintiff refusal to double cell or signed the agreement. Limon, Liles and Cota were the moving force. they

26 authored a CDC 115 requiring defendants Cota, Cowan, and Hernandez torturous aproach to Isolate

27 plaintiff at Unit 8. The loss of liberty interest in outdoor exercise yard required a hearing before

28 or after. CCR Section 3322 (c) place a limit. only ten days of yard are allowed to be imposed

1  as a disciplinary measure. Sandin, regulation restrict the power of prison officials. And Yard

2  liverty interest is of real substance therefor any type of hearing regarding yard hold was

3  required. But none was ever given to address the yard hold. Defendant's Motion to

4  dismiss should be denied.

5        Liverty Interest in ones classification exist where a liberty is derived by that

6  classification. (Compl. of 10) Defendants confused plaintiff's eighth amendment claims. Plaintiff have

7  no Failure to protect claims. Defendant's deprived plaintiff of freedoms created by the Safety Concerns

8  classification. See Sandin (holding that a state-created liberty interest in ones classification may

9  exist where classification imposes "atypical and significant hardship"); see also Barnett V.

10 Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (holding that a prison inmate was deprived of

11 liberty and property because he was reclassified thereby losing certain privileges). Plaintiff's

12 Classification comes along with protection from other inmates. because defendant's and all

13 of them knew plaintiff would be place in yard hold and then a 24 hour Isolation. Due

14 process was due. Was Inmate Duron SNY or safety concerns? No. Defendant's

15 argue plaintiff "double up" constitutional claims (MD. p.12. par 16) alleging claim VIII

16 is an Eighth Amendment Claim. The only problem with this argument is that plaintiff

17 did not made a failure to protect claim. and the liverty interes in protection was denied by defendants

18 as stated by lieutenant Pederson (Compl. p.8 par 27) Defendants motion to dismiss should be

19 denied.

20        6) State Claims

21        Pursuant to 28 U.S.C. Section 1367 (a) the district court has jurisdiction

22 over all other claims that are so related to claims to claims in the action within such original

23 jurisdiction that they form part of the same case or controversy. Once judicial power

24 exist under 1367 (a), retention of supplemental jurisdiction over state law claims under 1367

25 (c) is discretionary. Acri V. Varian Assoc., Inc. 114 F.3d 999, 1000 (9th Cir. 1997).

26        7) Plaintiff Ninth Cause of action is state Constitution Article I, section 13

27 unreasonable seizure, having no congent reason for this court to depart from the

28 Fourth Amendment analisis construing a provision of the state Constitution. Plaintiff

.11

1  realleges the Unreasonable Seizure argument at p.7 par. 25-28 and p. 8 par. 1-28.
2  Defendant's motion to dismiss must be denied.
3      8) Interference with the exercise of civil Rights Causes of action Ten, eleven, Twelf and
4  Thirteenth Plaintiff drawed these actions by California civil Code 52.1(a) and (b). But
5  miswrote the section as 52 (a). Section 52 (a) requires allegations of some race based or class
6  discrimination, Section 52.1 (a) and (b) requires that an attempt or deprivation of a right be done
7  by coercion, intimidation or threat.[1] Plaintiff Cause of action Eighteenth reflects his intended purpose
8  (Compl. p. 15 par. 110-114). Defendant's Challenge is causation as the same defect of the eighth
9  amendment claims (MD. p. 14 par 24-28 and p.15 par. 1-2). The court may assume cause of
10  action eighteenth cures the defect see Fed. R. Civ. P. 10 (c) see Retail Clerks Intern. supra
11  373 U.S. 7 465-76. drawing inference from "well pleaded" allegations and Wheeldin supra 373 U.S.
12  647 inferring facts from allegations of complaint, and rule 10 (c) incorporating facts by
13  reference. OR. the court may grant leave to amend and cure the defects, Karim-panahi. 839 F2d
14  at 623
15      9) Cause of action Fourteenth and Fifteenth (Compl. at 13-14) defendant's alleged causation
16  the same as the eighth amendment claims. (MD. 14. par. 24-28 and p. 15 par. 1-2). Plaintiff
17  alleged "... defendants and all of them infringed upon plaintiffs rights as stated on par 1-80
18  supra" (Compl. p.13 par 83) Under Fed. R. Civ. P. Rule 10 (c) plaintiff may incorporate by
19  reference paragraphs of the complaint. This practice is discourage and plaintiff may cure
20  these defects on a leave to amend the complaint.
21      10) Negligence, plaintiff drew upon Government Code section 11340.5 (a) as
22  the means duty imposed designed to protect plaintiff. Under this guidelines plaintiff has no
23  case. Plaintiff should have alleged CCR section 3002 (a)(2) as the duty imposed designed to
24  protect plaintiff. Plaintiff should be given leave to amend and fix the defects Karim-panahi
25  839 F2d at 623.
26
27
28  1/ Jones v. Kmart Corp. 70 Cal. Rptr.2d 844 (Cal1998) at 846

12

1  11) The eighteenth Cause of action is redundant and plaintiff again incorporates by

2  reference paragraphs, to link defendants. it should be amended to specified what

3  each defendant did. Defendant's Motion to dismiss should be denied.

4

5                    CONCLUSION

6        Defendants actions are subject to scrutiny under section 1983. Defendants

7  Motion to Dismiss should be denied and plaintiff given an opportunity to cure any defects

8        Unserved defendants will be served timely and would not be dismissed

9  Additionally The Department of Corrections is only sued under state Law. There is

10  no  Eleven Amendment immunity concerns.

11

12

13  Dated: July 12, 2008              Respectfully Submitted

14                                    Victor Parra

15                                    In Prose.

16

17

18

19

20

21

22

23

24

25

26

27

28

# *VERIFICATION*

## STATE OF CALIFORNIA
## COUNTY OF *SAN DIEGO*

*Case No. 08CV-0191 H CAB*

### (C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, *Victor Parra* DECLARE UNDER PENALTY OF PERJURY THAT: I AM THE *Plaintiff* IN THE ABOVE ENTITLED ACTION; I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS *12* DAY OF: *July* 20 *08* AT *Richard J. Donovan, San Diego California*

(SIGNATURE) *Victor Parra*
(DECLARANT/PRISONER)

---

## *PROOF OF SERVICE BY MAIL*

### (C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, *Victor Parra* AM A RESIDENT OF *Richard J. Donovan Corr. Fac. San Diego County*, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM /NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX

ON *July 12* 20 *08* I SERVED THE FOREGOING: *Memorandum of points and authorities in support of plaintiffs Answer to defendants response to*

#### *(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)*

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT *Richard J. Donovan Corr. Fac. P.O. Box 799001. San Diego CA. 92179*

*(To the Clerk)*
*United States District Court*
*Southern District of California*
*880 Front Street, Suite 4290*
*San Diego CA. 92101-8900*

*Sylvie P. Snyder*
*Deputy Attorney General*
*110 West A. Street, Suite 1100*
*San Diego CA. 9201*
*P.O. Box. 85266*
*San Diego CA. 92186-5266*

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: *July 12, 2008*        *Victor Parra*
                              *(DECLARANT/PRISONER)*

*14*