PARRA VICTOR
CDC No. P-58682
P.O. Box. 799002
San Diego CA. 92179
In pro se

FILED
2008 AUG 12 PM 3:44
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

NUNC PRO TUNC
AUG - 7 2008

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR PARRA<br>Plaintiff<br>V.<br>R. HERNANDEZ et, al.,<br>Defendants | Case No. 08CV0191 H(CAB)<br>MOTION FOR PRELIMINARY INJUNCTION<br>Return date : August 11, 2008<br>Judge : The Honorable Cathy Ann Bencivengo |

I

JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivations under color of state law, of rights secured by the Constitution of the United States, and Federal guidelines. Jurisdiction is based on 28 U.S.C. Section 1331 and 1343. The Court also has pendent jurisdiction over the state claims pursuant to 28 U.S.C. Section 1367. Plaintiff seeks a preliminary Injunction pursuant to Federal Rules of Civil Procedure. Rule 65 (a).

II

PARTIES

2. Plaintiff Victor Parra is at all times mentioned herein a prisoner of the state of California, in the custody of the California Department of Corrections and Rehabilitations (CDCR). Confined at Richard J. Donovan Correctional Facility (RJD) and

confined at Unit 8 Facility 2. Administrative Segregation Unit (ASU).

3. Defendant Hernandez R. is the current Warden at (RJD) and legally responsible for the operation of (RJD) and for the welfare of all inmates of that prison.

III

INTRODUCTION TO FACTS

4. This request for preliminary Injunction arises from defendants Policies one called Operational Plan No. 85 (OP-85) which mas specific the law or regulation to implement and enforce assignment of inmates to double cell occupancy and:

(a) fails to give notice to inmates as to what conduct is required by (OP-85) violating California Code of Regulations (CCR) section 3002 et, seq.

(b) fails to give notice to Correctional Officers as to what specific act is required in order to be concidered a violation of (OP-85).

(c) Violates (CCR) Section 3322 (c) when deprivation of more than 10 days of yard is effected as a predisciplinary disposition without a pre or post deprivation hearing pursuant to the practice and use of a yard hold as coercion to achieve enforcement of (OP-85) and violates (CCR) section 3343 (h) when prisoners are transfer to Unit 8 a 24 hour Isolation and perpetual deprivation of all out door exercise opportunities.

(d) violates 18 U.S.C. 4042 (a); California Civil Code Section 43 and the Constitutional Rights created in Farmer [1] by the U.S. Supreme Court. Freedom from assault from other prisoners.

(e) has resulted in loss of outdoor exercise yard to numerous inmates

(f) has resulted in serious assaults with weapons and while hand cuffed.

(g) has resulted in confiscation of inmates legal documents and text books

(h) has resulted in deprivation of law library opportunities as coercion in order to efect the purpose of (OP-85).

---

1/ Farmer V. Brennan 511 U.S. 825, 833, 114 S.Ct. at 1977 (1994).

IV

## STATEMENT OF FACTS

5. Plaintiff a mentally ill prisoner was housed at (ASU) Unit 6 Cell 204 with Inmate Sandora Mark.

6. On September 24. Sandora left the cell. year of 2006.

7. On September 28, 2006 as stated on the Rule Violation Report (RVR) plaintiff was order by defendants Limon and Liles to double cell with inmate Duran pursuant to (OP-85) (Compl. p. 3 par 1-2), Plaintiff was classified as Safety Concerns and Duran General Population (GP) (Compl. p. 3 par. 1-2), Limon and Liles order plaintiff to signe a double cell agreement or else he would be placed on yard hold and moved to Unit 8 (Compl. p. 3 par 3) plaintiff explained to Limon that Duran was not compatible becouse Duran was in a different yard group and Duran would assault Plaintiff (Compl. p. 3 par 4) Limon threatened plaintiff with a (RVR) if plaintiff did not sign the double cell agreement (Compl. p3 par. 5) Plaintiff agreed to double cell with Duran with the condition he would not sign the double cell agreement and would file suit if Duran assaulted him. (Compl. p. 3 par. 6) On October 10, 2006 Plaintiff was given a (RVR) by Limon, Liles and Cota, for refusing to obey orders to double cell (Compl. p3 par 6) from September 25, 2006 to Janvary 1, 2007 Plaintiff received no yard at all (Compl. p 3 par. 8) The deprivation of yard had injurious effect on plaintiff mental health which defendants knew was a possibility (Compl. p4 par. 14-16)

8. On June 6, 2007 inmate Duran fashion a chank out of a teflon spoon and stabed another inmate on the head face and neck during the (ASU) yard.

9. Plaintiff is again housed at Unit 8 with no yard and has been threatened with confiscation of his Legal documents as is the new practice. Plaintiff has current active cases at the Southern District Court Case No. 05CV1966 JAH (PCL) and 08CV0472 (CSP).

V

## EFFECT OF (OP-85)

10. Atleast since September 25, 2006 to the present, defendants have enforced (OP-85).

11. Defendants gave a verval vavgue notice of what (OP-85) requires of plaintiff, see (Compl. at 20 first paragraph line 3-6 CDC 115 (RVR) dated 9-28-2006).

12. Defendants have refused to fully publish (OP-85) violating CCR section 3002 et,seq. "Notice of program, Behavioral and Participation Expectations"

13. Defendants (OP-85) is so vavgue it vested correctional Officers virtually complete discretion to determine whether an individual has to comply with (OP-85) Ignoring the definite guidelines five factors in the State CDCR Form double cell agreement (Compl. at 55 double cell agreement form) and even allowes them a standarless sweep by which officers indulge their personal predilections in calling the specific prisoners refusal to double cell as an act of Refusing an order to double cell (see Compl. at 20) or Willfully Delaying / Obstructing a Peace officer in performing his duties see (Compl. at 51).

14. Upon Inmates refusal to double cell. defendants imediately effect a yard hold see. (Compl. at 20 and at 51 (RVR's). The initial yard hold last more than 10 days. and Violates CCR Section 3322(c) permiting only 10 days loss of yard as a disciplinary measure.

15. Pursuant to an obscure rule of enforcement spawned by (OP-85) a more torturous method is used as coercion against inmates. They are transfer to Unit 8, a 24 hour Isolation Unit. Which violates CCR Section 3343 (h) mandating 10 hours of yard a week, including Unit 8. And since 2007 confiscation of all property, Legal documents including, is effected as further coercion violating CCR section 3331 (i) and (j) (duty not to obstruct with court access).

16. The Administrative Segregation Unit houses mentally ill patients, black, white, Hispanic and Asian gang members, Homosexuals and Protected Custody inmates called Sencitive Needs Yard (SNY).

17. Defendants have a duty to protect inmates from violence, 18 U.S.C. 4042 (a).

18. Inmates have a right to personal protection Cal. Civil. Code. 43 and Farmer.

19. Defendants refusal to follow and complete the double cell agreement form has resulted in prisoner assaults. and denial of outdoor exercise yard "Constitutional Rights" and as late as July 27, 2008 an attempted rape against Inmat Miguel Lopez at Unit 7.

20. Inmate Dale CDC No. T-02549 was sliced with a rasor blade after officers refused to complete the Five steps at the double cell agreement and threatened Dale with a yard hold and Unit 8 Isolation if he did not signed the double cell agreement see (Exhibit A, Declaration by inmate Dale James T-02549 dated August 3, 2008) Upon filing an inmate appeal CDC-602 Form "Inmate Appeal" The Chief deputy Warden Silvia Garcia upon responding inmates Dale appeal stated "...The inmates signatures are not required on this form. [CDC-1882]..." see (Exhibit B CDC 602 by inmate James Dale pages 1-6 Log No. RJD-08-0602) response from Garcia deputy warden pages 3-5 at 4 par 4 line 3 to 4.

21. Plaintiff has recently obtained the reviced (OP-85) see (Exhibit C, Operational Plan # 85 revised July 22, 2008) at page 5 subsection D the (ASU) placement and movement is outlined. subsection (C) (3) at 6 and 7 dictate in part that: "CDC-1882-B [Form] is generated for each inmate in ASU who will house together. The form shall be completed in its entirety with both signatures." Not even the Chief Deputy Warden understand (OP-85) apparently.

22. Witness inmate A. Navarro CDC No. P-13215 wrote a letter to the administration about this incident and unsafe practice to coerce inmates into agreeing to double cell, and sing the agreement or double cell without agreeing to see (Exhibit D Responce from Silvia Garcia Chief Deputy Warden).

23. During the month of March 2008, A General Population Inmate (GP) at Unit 6 cell 230 was coerced into moving to cell 217 with a Safety Concerns inmate. Upon entering the cell cuffed behind his back, he was assaulted. The inmate at cell 217 was Safety Concerns. The incident was witnessed by officer Perry and documented also.

24. Inmate Jonny Delatorre CDC No. K-74444 spent 8 months at Unit 8 without yard, filed an inmate appeal but was never moved out of unit 8 untill he found a cell partner.

25. Inmate Chester Ray Wiseman CDC No. K-65722 was deprived of Law Library as punishment for not finding a cellmate while pursuing legal maters at the 9th Cir. he also file an appeal.

26. Recently On July 27, 2008. Inmate Miguel Lopez was moved from

Unit 8 to Unit 7 cell 204. The Inmate at Unit 7 was at the hospital when he cameback Lopez was at the cell. If the inmate at cell 203 wanted to get to his property and in the cell he had to sign the 1882-B Form. at night. Inmate Lopez accused the other inmate of attempted rape.

VI

REQUEST FOR PRELIMINARY INJUNCTION

27. Plaintiff has a strong likelihood of success on the merits, Defendants did not moved to dismissed the second, eleventh, twelfth, thirteenth and Fourteenth causes of action against Hernandez and Cowan. Out door exercise is a life necesity regarding prisoner Isolation cases and doesnot excape constitutional scrutiny. Defendants power to issue yard holds is restricted by CCR 3322(c) and 3343(h). These two prongs needed to state a dueprocess state created liverty interest claim which plaintiff alleged at (Compl. par. 47-52) are easily proven and projected the strong likelyhood of success on the merits of the complaint.[1]

28. If plaintiff is not granted preliminary injunction he will continue to deteriorate psychologicaly at Unit 8 due to no access to the exercise yard. Further, deprivation of his legal documents or law library opportunities as coercion will interfere with protected constitutional activities, access to the courts and right to protection from harm; other prisoners as well will continue to be assaulted.

29. Comparing the assaults and atempted rape already perpetrated to inmates, Inmate Delatorre, wiseman and plaintiffs injuries the balance of hardships tips heavily toward plaintiff he is currently subjected to unbarible conditions at Unit 8. and the likelyhood of assault or posible rape or denial of law library or legal documents outweight defendants interest in presuring inmates to double cell.

[1] The Court has dismissed this claim at [Doc No. 19-1] Plaintiff will respectfully object and Point out the factual and legal errors employeed in the standard of Review the court employeed in dismissing the claim.

30. The public and politicians have an interest in safe prisons and rehabilitation of prisoners including psychological stability of inmates. Being coerced to double cell at the risk of being assaulted and being subjected to conditions that deteriorate the mental state of prisoners runs afoul of correctional goals of security and rehabilitation. Being psychologically fit to integrate society is a California State public interest. see Exhibit E CDC 128G "Classification chrono dated 2-6-08 authored by P.A. Cortez Councelor II at "Staff Assistant" (SA) paragraph mental health needs "likelihood of decompensation. Also see Exhibit F. notice of parole suitability hearing dated June 20, 2008 "October 14, 2008 parole hearing"

31. As alleged at par, 26 to 29. plaintiff states a convination of success on the merits and the possibility of irreparable injury or serious questions raised on the valance of harships.

VII

RELIEF REQUESTED

32. Pursuant to (Fed. R. Civ. P.) Rule 65 (d) plaintiff requests that the court:

(1) Declare (OP-85) a vavgue overbreath regulation and unenforcible.

Order defendant Hernandez his sucesor Assistant and officers to:

(2) Stop enforcing (OP-85) a vavgue and over breath rule at (RJD).

(3) Stop effecting perpetual Denial of yard at Unit 8 at (RJD).

(4) Stop confiscating Legal documents as coercion to double cell inmates at (RJD).

(5) afford plaintiff at least 10 hours of yard in no less than 3 days a week.

(6) Plaintiffs Legal documents not be confiscated or Law Library denied.

(7) Any relief the Court deems just even monetary fines.

Dated August 1, 2008

Respectfully Submitted
Victor Parra
In pro se

# VERIFICATION

STATE OF CALIFORNIA
COUNTY OF SAN DIEGO

Case No. 08CV0191 H (CAB)

(C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, VICTOR PARRA DECLARE UNDER PENALTY OF PERJURY THAT: I AM THE Plaintiff IN THE ABOVE ENTITLED ACTION; I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS 3 DAY OF: August 2008 AT Richard J. Donovan Corr. Fac. 480 Alta Road, San Diego CA. 92179

(SIGNATURE) Victor Parra
(DECLARANT/PRISONER)

---

## PROOF OF SERVICE BY MAIL

(C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, VICTOR PARRA AM A RESIDENT OF Richard J. Donovan Corr. Fac. San Diego County, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / ~~NOT~~ A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 799002. San Diego CA. 92179

ON August 3 2008 I SERVED THE FOREGOING: Motion for Preliminary Injunction

*(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)*

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT Richard J. Donovan Corr. Fac. 480 Alta Road, San Diego CA. 92179-9002

(To the Clerk)
U.S. District Court
Southern District of California
880 Front Street, Suite 4290
San Diego CA. 92101-8900

Sylvie P. Snyder
Deputy Attorney General
110 West A. Street, Suite 1100
San Diego CA. 92101

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: August 3, 2008

Victor Parra
*(DECLARANT/PRISONER)*

# *EXHIBIT A*

# *DECLARATION*

# DECLARATION

I DALE JAMES, DECLARES AS Follows

1. I MAKE this declaration on Personal Knowledge And will testify competently if called upon.

2. I AM A prisoner At Richard J. Donovan Correctional Facility

3. On April 11, 2008 I was the Sole occupant of cell 7-227

4. Officers GONSALES and Bustos Attempte to assigned me to doublecell with inmate Medina. which I Refused.

5. I was threatened with the issuance of a Rules Violation Report, coerced and intimidated into signing an agreement to double cell with Medina which I Refused. I had secured a double cell agreement with Another inmate.

6. "You can not choose who you can cell up with" Gonzalez & Bustos said.

7. Motivated by the concern of Medina's affiliation as a gang member "25" I Refused to sign the agreement.

8. Captain Brian Morris then approached me and threatened me with a Security Housing Unit (SHU) Term "I will see to it you get A SHU term and I'm going to take your property." He said.

9. I was moved to Medinas cell without signing the agreement and deprived of my Right to Security, freedom from assault and protection from other inmates do to the threats by defendants And the eventual cuts and Laceration inflicted upon me

DATED August 3, 2008

Respectfully

[signature]

DALE JAMES T-02549

# VERIFICATION

STATE OF CALIFORNIA
COUNTY OF SAN DIEGO

(C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, JAMES DALE DECLARE UNDER PENALTY OF PERJURY THAT: I AM THE Declarant IN THE ABOVE ENTITLED ACTION; I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS 3 DAY OF: AUGUST 2008 AT Richard J. Donovan, Correctional Facility, 480 Alta Road, San Diego CA 92179

(SIGNATURE) [signature]
(DECLARANTIPRISONER)

## PROOF OF SERVICE BY MAIL

(C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, ______ AM A RESIDENT OF STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX

ON ______ 20__ I SERVED THE FOREGOING: ______

(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: ______ ______
(DECLARANTIPRISONER)

# *EXHIBIT B*

RECEIVED
APR 16 2008
RICHARD J. DONOVAN CORR. FAC.
APPEALS

APR 21 2008

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. RJD | 1. 08-602 | 9-C |
| 2. | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| DALE | T-02549 | — | 6-207 |

**A. Describe Problem:** On 4/11/08 I was assaulted by C/os Bustos and [illegible] in [illegible] Unit 7 cell 227 when I [illegible] [illegible] [illegible] [illegible] to [illegible] to cell [illegible] [illegible] [illegible] [illegible] [illegible] I [illegible] [illegible] because [illegible] my documented [illegible] C/O Bustos stated [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] that I [illegible] [illegible] [illegible] [illegible] 25 [illegible] of Bustos

If you need more space, attach one additional sheet.

**B. Action Requested:** That I be given an override to a lower level [illegible] [illegible] [illegible] [illegible] [illegible] there are 25ers at every [illegible] level [illegible] [illegible]. That I be [illegible] [illegible] dollars in damages. That I be removed from this institution

Inmate/Parolee Signature: [signature] Date Submitted: 4/[illegible]/08

**C. INFORMAL LEVEL** (Date Received: ______)

Staff Response:

BYPASS

Staff Signature: ______ Date Returned to Inmate: ______

**D. FORMAL LEVEL**

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: ______ Date Submitted: ______

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: 08-602

08-602

First Level ☐ Granted ☒ P. Granted ☐ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: APR 21 2008 Due Date: MAY 29 2008

Interviewed by:

See Attached

Staff Signature: [signature] Title: LT Date Completed: 5/26/08

Division Head Approved Signature: D/K McBride Title: AW (A) Returned Date to Inmate: MAY 30 2008

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

~~I~~ verbally agreed to go in the cell with I/M Medina. I Never Sign the 1882 Form which is the Policy A(C)(1), Ad Seg. My witness was never Spoken to I/M Harrold J-X1785. He can attest to [illegible] ensure this appeal should be fully granted

Signature: [signature] Date Submitted: 6/11/08

Second Level ☐ Granted ☒ P. Granted ☐ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: JUL 01 2008 Due Date: JUL 30 2008

☐ See Attached Letter

Signature: [signature] Date Completed: JUL 25 2008

Warden/Superintendent Signature: [signature] Date Returned to Inmate: JUL 29 2008

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

I am dissatisfied because Second Level Review claim that the 1882 Form was Appropria completed, ~~when~~ I never signed the 1882 As the operations Plan 85(D)(C)(3) States that both inmate shall ~~be signed by both~~ sign the 1882 Form. The SLR also states that inmates signatures are not Required on this form which goes agains the operational Plan 85. The SLR states that A review of my C-File does not indicate 2-5 gang members as enemies, when in fact in the year of 2007 I gave

Signature: [signature] Date Submitted: 8-5-08

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

☐ See Attached Letter

Date:

CDC 602 (12/87)

Told [illegible]
Both C/o's Bustos and Gonzalez Walked [illegible]
[illegible] Captain [illegible] and told [illegible] that
[illegible] have to do, [illegible]
I get A [illegible] I Stated [illegible]
And [illegible] He Stated [illegible]
[illegible] have [illegible] Move You Over, [illegible]
[illegible] yelled [illegible] Captain [illegible] don't [illegible]
After [illegible] then Captain [illegible] walked [illegible]
Cell 242 [illegible] I was [illegible]
the wrong. [illegible] I Never [illegible]
[illegible] I was told [illegible] have to move [illegible] I
I was [illegible] and [illegible]
[illegible] and [illegible] was [illegible]
[illegible] coming [illegible]
[illegible]. I was cut in my right eye
Right [illegible] and a [illegible] Scratches [illegible]
[illegible] and Stomach. I was Sent to the
outside hospital. Where I receive Approx. [illegible]
Stitches and 13 Staples. Upon my return from
the hospital. the next day I was [illegible]
Cell 6.207. I [illegible] for my property
from my old cell [illegible]
[illegible] and I received

Only Half of my Ad-seg Allowable property, my legal work, my 128 C, 114D, Personal Letters, Tumi Sweat pants and Sweat shirt was not returned. I was informed by c/o. Garcia Grim 2/w 7 that he packed my property and he can not find the rest of my property. I told him it was all together on the top shelf. he said he can't find it. I told him that he didn't even bring me my canteen my soaps and coffee he asked me do I have a receipt and I said yes then he walk away.

I/M Harrold J-81765 is a [illegible] to this action

---

due to the fact that staff [illegible] at R.J.D. [illegible] to put my life in danger. That I be given all time [illegible] while in Ad-seg [illegible]

onfidential information on all the 2-5 gang members that were housed at RJDCF Facility 3 stay. Therefore if my C-File was Review as the SLR stated she would have seen this. Furthermore I never said that I no longer feel staff were conspiring to cause me harm. I was placed in Ad-seg on 6-1-08 and the reason I was placed in Ad-seg was because staff falsefied a 114-D stating that I made Allegations that staff were conspiring to cause me harm. I told ICC that I never made those statements. However I do feel that some staff here at RJDCF are still conspiring to get me therefore I don't want to go back to Fac. 3

State of California Department of Corrections and Rehabilitation

# Memorandum

Date: July 25, 2008

To: DALE J.
T02549
Richard J. Donovan Correctional Facility

Subject: **SECOND LEVEL APPEAL RESPONSE LOG NO.:RJD 08-0602**

**ISSUE:**

The appellant is submitting this appeal relative to his allegations that he was erroneously double-celled with inmate MEDINA CDCR# J77196 who is a Two-five gang member (2-5) and enemy. Appellant states that he advised staff that he could not double-cell with MEDINA because 2-5 members are documented enemies of his (appellant's). Appellant claims that he was ordered to sign a bed move chrono and refused. Appellant states that the Facility Captain told him to move or he would have staff move him to cell F2-6-242 or appellant would receive a Security Housing Unit term. Appellant claims he packed his property and moved. He states that four hours later, while he was using the toilet, MEDINA attacked him with a razor blade. Appellant states he received numerous wounds and was sent to the outside hospital where he received 39 stitches and 13 staples. Appellant states that upon his return the next day he was placed in cell F2-06-207 and requested his property from cell F2-6-242. He claims he received only half of his ASU property.

The appellant's requested remedies are that he receives an override to a lower level prison due to the fact that there are 2-5 gang members at every SNY level-IV prison. He also requests that he be given 100,000 dollars in damages, that he be removed from this institution and that credit loss for his time in the ASU be restored.

**INTERVIEWED BY:** K. SPENCE, Correctional Lieutenant at the First Formal Level of Review (FLR).

**REGULATIONS:** The rules governing this issue are:

CCR 3269 Inmate Housing Assignments

CCR 3269.1 Integrated Housing

CCR 3377 Inmate Custody Designations

A review of the "Effective Communication List for Inmates with Test of Adult Basic Education Reading Scores of 4.0 or Less" reveals that the inmate does not require assistance in order to achieve effective communication.

On April 18, 2008, this appeal was processed as a staff complaint as outlined in Administrative Bulletin #05-03 – Processing of Adult Inmate/Parolee Appeals, which Allege Staff Misconduct. The appeal was reviewed and processed in accordance with the normal appeals process by the Hiring Authority.

In the First Level Response (FLR) dated May 27, 2008, a review of appellant's appeal issue was conducted by D. McBRIDE, Associate Warden(A). The FLR partially granted this appeal stating that appellant was double-cell clear by the Institution Classification Committee and that both inmates were double-cell eligible and agreed to cell together. A review of the Central file revealed no information that would indicate incompatibility with MEDINA. The FLR further states that attempts will be made to locate appellant's alleged missing property.

On June 1, 2008, appellant claimed he was dissatisfied with the FLR as he did not verbally agreed to cell with MEDINA. He states he never signed the CDC 1882-B, Administrative Segregation Unit/Security Housing Unit Double Cell Review (CDC 1882-B) and that his witness was never interviewed.

The Second Level Review agrees with the FLR as the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant modification of the FLR. The CDC-1882 was appropriately completed per policy. The inmates' signatures are not required on this form. Inmates are expected to double cell as directed by staff. A review of appellant's Central file does not indicate 2-5 gang members as enemies.

It is noted that appellant received multiple lacerations during this incident and MEDINA has been issued an RVR charging him with this in-cell slashing assault. Since the time of the appeal being accepted at the Second Level, per CDC 128-G dated June 4, 2008, appellant has advised the ASU ICC; that he no longer feels staff were conspiring to cause him harm.

Appellant will not receive an override to a lower level prison as requested. Two-five gang members can be found at all SNY level prisons, not only level IV. Appellant's request for damages are beyond the scope of this appeal and will not be addressed. Concerning removal from the institution; appellant is currently endorsed for transfer to MCSP-IV SNY however, a hold has been placed on this transfer per ICC action dated June 11, 2008, pending clarification of allegations made against appellant of possible felonious behavior. Regarding credit loss while in the ASU, appellant's work group status is determined by the ICC after reviewing circumstances of ASU placement and retention.

The appellant's request for administrative action against staff is denied as inmates shall neither dictate nor be privy to employee personnel actions which are considered confidential matters.

**APPEAL DECISION:**

The appeal is PARTIALLY GRANTED at the Second Level of Review.

DALE T02549
APPEAL NO. 08-0602
PAGE 3

The appellant is advised that this issue may be submitted for a Director's Level
of Review if desired.

SILVIA H. GARCIA
Chief Deputy Warden
Richard J. Donovan Correctional Facility

DATE: May 27, 2008

NAME: Dale, J.

CDC #: T-02549

APPEAL #: RJD-2-08-00602 FIRST LEVEL REVIEW

APPEAL DECISION: PARTIALLY GRANTED

APPEAL ISSUE: You allege that custody staff in the Administrative Segregation Unit (ASU) made you move in with another inmate that you did not know; more so, the inmate is a Duce Five (25) gang member and all 25 members from Facility III are documented enemies in your Central File.

ACTION REQUESTED: You are requesting to be compensated by moving you to a lower level institution, to be given one hundred thousand dollars ($100,000.), and to be removed from R. J. Donovan Correctional Facility.

APPEAL RESPONSE: In reaching a decision on this issue, a thorough review of your appeal has been conducted. The attached supporting documents, and applicable sections of the California Code of Regulations (CCR), Title 15 have been reviewed.

On Sunday, May 26, 2008, you were interviewed by Lieutenant K. Spence regarding this appeal. During the interview you reiterated that custody staff set you up. You also stated that you were forced to move in the cell by Captain Morris, and not even four (4) hours later, after you were forced to move in this cell, while using the bathroom, an unknown inmate assaulted you with an inmate-manufactured weapon by stabbing and slicing you, causing you to go to an outside hospital where you received approximately thirty-nine (39) stitches and thirteen (13) staples.

Mr. Dale, you were interviewed by correctional staff assigned to the ASU in regard to finding a cellmate in the unit. You were double-cell cleared by the Institutional Classification Committee. You also verbally agreed to cell with Inmate Medina, J-77196. After a review of your file at the time you were double-celled, there was no information available to indicate you were incompatible with Inmate Medina.

You also claim you have not received all your property. Attempts will be made to locate your missing property and return it to you.

Based on the aforementioned, your appeal is **PARTIALLY GRANTED** at the First Level of Review.

K. SPENCE
Program Lieutenant
Facility II

D. K. MCBRIDE
Associate Warden (A)
Facilities II/IV and Records

# *EXHIBIT C*



RICHARD J. DONOVAN CORRECTIONAL FACILITY
AT ROCK MOUNTAIN
SAN DIEGO, CALIFORNIA

Revision Date: July 2008

I. **PLAN NUMBER AND TITLE:**

Operational Plan #85
Single/Double Cell Procedures

II. **PURPOSE AND OBJECTIVES:**

A. The purpose of this plan is to establish policies and procedures for single/double celling of inmates.

B. The objectives of this plan are to:

1. Define responsible staff.

2. Outline responsibilities by staff member.

III. **REFERENCES:**

A. California Code of Regulations, Title 15, Sections **3269, 3315 and 3335**.

B. Department Operations Manual, Chapter 62000, Subchapter 62010, Section 62010.4.3.2.

C. Operational Procedure #164

IV. **APPROVAL AND REVIEW:**

A. This operational plan is to be reviewed annually during the month of December by the Associate Warden, Housing Facilities 2/4 and Reception Center (RC) Records.

B. This plan and any revision to it must be approved by the Warden prior to its implementation.

C. Date of last review: December 2006.

V. RESPONSIBILITY:

A. The Associate Warden, Housing Facilities 2/4 and RC Records, is to ensure that current departmental policies are incorporated in this operational plan.

B. **The Chief Deputy Warden** has the responsibility of implementing and administering this procedure.

C. The Warden is responsible for compliance with all departmental/ institutional procedures.

VI. METHODS:

**Inmates shall accept Inmate Housing Assignments (IHAs) as directed by staff. It is the expectation that all inmates double cell, whether being housed in a Reception Center, General Population (GP), an Administrative Segregation Unit (ASU), a Security Housing Unit (SHU), or specialty housing unit. If staff determines an inmate is suitable for double cell living, based on the criteria as set forth in this section, the inmate shall accept the housing assignment or be subject to disciplinary action for refusing. IHAs shall be made on the basis of available documentation and individual case factors. Inmates are not entitled to single cell assignment, housing location of choice, or to a cellmate of their choice.**

A. GENERAL RESPONSIBILITIES:

**All housing assignments/movement of inmates must be approved by a Correctional Lieutenant or above. A Correctional Sergeant may approve housing assignment changes if he/she is the highest ranking official on the facility. Prior to Central Control facilitating a housing assignment change, the Watch Commander shall approve the move via an Inmate Transfer Housing/Assignment Change (GA-154) (Attachment A).**

Inmates are not entitled to single cell assignment, housing location of choice, nor cellmate of choice. An inmate is expected to share occupancy with another inmate in a cell setting or with other inmates in a dormitory setting unless staff determines that an inmate's case factors or security concerns warrant single cell assignment **(S Suffix).**

B. PROCESSING NEW ARRIVALS FROM COUNTY JAILS

All inmates being processed through the Richard J. Donovan Correctional Facility (RJDCF) Reception Center (RC) shall be screened for possible **housing** placement concerns. The Screening Lieutenant or designee **(no lower than an experienced Correctional Sergeant)** will review the RC inmates relating to single or double cell assignment. This process/review shall be conducted immediately upon the inmate's arrival into the institution and thereafter, at any time there is a need to review the inmate for a classification action (Initial, Annual, Classification Staff Representative [CSR] Referral, Administrative Segregation Unit [ASU], or Program Review).

The approving authority of temporary placement on single cell assignment shall be at the level of Correctional Lieutenant, Correctional Counselor II, or above. Final placement of "S" suffix designation is to be authorized by an Institution Classification Committee (ICC) action.

1. **County** Bus Screening and Processing (RC):

a. The Facility 5 Lieutenant **has been designated as the screening lieutenant and** will be responsible for the following:

(1) **Interviewing each inmate on the day received and** completing the Initial Housing Review (CDCR-1882) **(Attachment B)**. The **screening lieutenant** will sign as the Reviewing Officer. **Contagious diseases, mental health concerns and violent behavior toward inmates while incarcerated are primary factors in considering an inmate for temporary Single Cell Status.**

2) Review the Probation Officer's Report, Legal Status Sheets, Abstract(s) of Judgment, County Jail Disciplinary Reports, etc.) relating to a history of in-cell sexual abuse, assaultive behavior toward a cell partner or verification of predatory behavior toward a cell/dormitory partner.

3) In the event the **screening lieutenant deems it appropriate to place an inmate on temporary Single Cell status, he/she shall mark** the flimsy file and inmate's Central Control bed card in red, bold letters, "Single Cell Status Inmate". **This will be only be a temporary** placement and will require further review by the RC CCIII.

4) The **screening lieutenant** will alert the RC CCIII **of all inmates that were placed on temporary Single Cell Status via personal discussion, voice mail or electronic mail on the date of intake and/or decision for temporary Single Cell Status.**

C. <u>PROCESSING NEW ARRIVALS FROM CDCR FACILITIES</u>

1. **CDCR** Bus Screening and Processing (General Population) (GP):

a. The Watch Commander **and all on duty Facility Lieutenants are designated as the screening lieutenant and** will be responsible for the following:

1) **Reviewing each C-File of the received inmates, specifically their last ICC action (CDC-128G) for an "S" suffix, or any special housing needs and any possible enemy concerns that may exist. Additional documents that require review are;** CDC-840, CDC-115, CDC-128-A, CDC-128-B, CDC-128-Cs, and Confidential Memos.

2) **Interviewing each inmate on the day received and** completing the Initial Housing Review (CDCR-1882) **(Attachment B).** The **screening lieutenant** will sign as the Reviewing Officer. **Contagious diseases, mental health concerns and violent behavior toward inmates while incarcerated are primary factors in considering an inmate for temporary Single Cell Status.**

3) In the event the **screening lieutenant deems it appropriate to place an inmate on temporary Single Cell status, he/she shall mark** the CDCR-1882 and inmate's Central Control bed card in red, bold letters, "Single Cell Status Inmate". **This will be only be a temporary** placement and will require further review by the **Classification and Parole Representative (C&PR).**

4) The **screening lieutenant** will alert the **C&PR of all inmates that were placed on temporary Single Cell Status via personal discussion, voice mail or electronic mail on the date of intake and/or decision for temporary Single Cell Status.**

D. <u>ADMINISTRATIVE SEGREGATION UNIT (ASU) PLACEMENT AND MOVEMENT (GP & RC)</u>

a. **In the event a newly arrived inmate or currently housed inmate at the RJDCF requires ASU placement, the correctional lieutenant or above is responsible for the following:**

(1) Preparing a CDC-114-D, CDC-114-A and CDC-114-A1 pertaining to the particular case factors as to why the inmate is being viewed as a threat to the safety and security of the institution, if an inmate is being housed in the ASU. Also, reflect the recommendation of single cell status on the CDC-114-A1 in the "celling limitations/restrictions" section under Special Information.

b. The Facility/Correctional Captain will be responsible for the following:

(1) Reviewing all ASU placements from his/her assigned areas within 24 hours of placement or the first workday following placement. Review/reevaluate single cell assignment to ensure its appropriateness. (County inmate placement is reviewed by the RC Facility

Captains. The GP inmate placement is reviewed by the Correctional Captain.)

(2) Documenting on the CDC-114-D in the "Decision" section the recommendation for housing (cell) placement. Sign and date/ time/entry.

(3) Ensuring that the inmate appears before the ICC within 10 days of placement for review/ confirmation of ASU placement and single cell assignment.

**(4) Ensuring that the reason for single cell retention or removal is noted appropriately on the CDC 128-G (Classification chrono).**

**(5) When an inmate is released from the ASU to the RC and/or GP, a CDC-128B General Chrono (Attachment D) shall be generated. The chrono shall include the facility and/or unit he is to be assigned, the releasing authority's name and signature and his cell status (single or double).**

c. The ASU Sergeant and ASU Overflow Sergeant will be responsible for the following:

(1) Review all incoming GA-154's, Inmate Transfers, and ensuring that inmates designated for single/**double** cell status are housed appropriately.

(2) Maintaining a tracking system which monitors/identifies all inmates currently assigned to single cell assignment in the ASU. **Affix the words "Single Cell Status" on their cell door name tag.**

(3) **Once an inmate is approved for double cell housing and his yard compatibility status is reviewed, the inmate is interviewed and a** Administrative Segregation Unit/Security Housing Unit Double Cell Review (CDCR 1882-B) **CDC-1882-B (Attachment C) is**

**generated for each inmate in ASU who will house together. The form shall be completed in it's entirety with both inmates signature.**

d. The C&PR/Reception Center CC III will be responsible for the following:

Ensuring that upon dictation of the CDC 128-G for the ICC (ASU) action, the case factors relating to the assessment or removal of single cell assignment is clearly documented.

**After an inmate has been assigned an exercise yard by ICC and it has been determined that there are no enemy concerns, these inmates can be assigned cells together.**

e. CC II/III's (RC) will be responsible for the following:

(1) Reviewing any and all cases presented from the RC CC I's requiring the possible assessment of the "S" suffix.

(2) Notifying the Facility 2 or 4 Lieutenant or the Facility 2 or 4 Captain to place the designation of single cell assignment, if so warranted. Also, if designation is given, prepare inmate for appearance before the ICC within 10 days.

(3) Tracking and monitoring all inmates to ensure cases are presented before the CSR in a timely manner.

(4) Prepare a Single Cell Status Report and submit it weekly to the Facility Captain.

f. CC I's (RC) will be responsible for the following:

(1) Reviewing any other incoming documents received after the original intake (last minute paperwork from the county agencies, inmate's current C-File and archive file) for possible housing concerns.

(2) Conducting a personal interview with all inmates requiring possible placement on single cell assignment.

(3) Advising your Supervisor of any inmate who may qualify for temporary single cell assignment.

E. **GP AND RC BED MOVES**

a. The Facility Lieutenants will be responsible for the following:

If an inmate refuses to cell with any other inmate, the Facility Lieutenant will review the Central File, or all available documents, ensuring the inmate has no documented need to single cell. The Facility Lieutenant will additionally notify the Facility CC II so the inmate can be scheduled for the next available UCC for confirmation of cell status.

b. The Central Control Sergeant will be responsible for the following:

(1) Advising/training subordinates to identify those inmates with a color-coded bed card (original bed card - white, single cell bed card - blue). The bottom portion of the blue bed card shall state "Single Cell Only" in red ink.

(2) Housing each inmate identified on single cell status in the designated housing units (2, 3, 6, 7, 16, and 20). However, based on cell availability, single cell status can be designated in any available housing unit with the Watch Commander's approval.

(3) Recording all inmate movement on the CDC-117 (Daily Record of Housing and Employment Change) and note in the custody level/suffix column the letter "S."

(4) Advising the Watch Commander/Facility Lieutenant immediately upon any problem with the housing of these inmates in the general population. Subsequently, arrangements can be made in a timely manner if placement in

Facility 2, ASU #6, #7, and #8 (overflow) is deemed necessary on a temporary basis pending bed availability in the general population.

ROBERT J. HERNANDEZ
Warden

7/22/08
DATE

Attachments:

Attachment A - Inmate Transfer Housing/Assignment Change (GA-154)
Attachment B - Initial Housing Review (CDCR-1882)
Attachment C - Administrative Segregation Unit/Security Housing Unit Double Cell Review (CDCR-1882-B)
Attachment D – CDC-128B, General Chrono

ATTACHMENT A

STATE OF CALIFORNIA
GA 154 (Rev. 10/03)

DEPARTMENT OF CORRECTIONS

# INMATE TRANSFER/HOUSING ASSIGNMENT CHANGE

TIME: ____________________

DATE: ____________________

| CDC NUMBER | INMATE'S NAME | FROM QUARTERS | TO QUARTERS | REASON |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

DISTRIBUTION:
White Copy - Control Room
Yellow Copy - Sending Facility
Pink Copy - Receiving Facility
Goldenrod Copy - Approving Authority

______________________________
Signature and Title of Approving Authority
(Correctional Lieutenant or above)

ATTACHMENT B

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDCR 1882 (Rev 02/07)

# Initial Housing Review

Prior to housing, the aforementioned information was obtained during a private screening process and the review of available documents pertaining to this inmate.

| CDC# | NAME OF INMATE (Last, First, MI) | | | | RECEIVING INSTITUTION |
|---|---|---|---|---|---|
| ETHNICITY | DATE OF BIRTH | AGE | WEIGHT lbs | HEIGHT ft In | PLACE OF BIRTH |
| DOES THE INMATE CLAIM TO BE A FOREIGN NATIONAL? ☐ YES ☐ NO | | | | | |
| RELEASE TYPE & DATE | COUNTY OF COMMITMENT | | SENDING JAIL / INSTITUTION | | CSR ENDORSEMENT |
| SENTENCE | | ARRIVAL STATUS | PRIOR CDC NUMBER | | PSYCLASS SCORE |
| COMMITMENT OFFENSE / PAROLE VIOLATION(S) | | | | | C-FILE AVAILABLE FOR THIS REVIEW ☐ YES ☐ NO |
| OUT TO COURT RETURN ☐ YES ☐ NO | If yes and I/M received a significant sentence increase complete MH referral and notify Psych Tech | | ESCAPE HISTORY? ☐ YES ☐ NO | | CUSTODY LEVEL |

Inform Inmate: - The Department has a integrated housing policy. All inmates will be housed based on housing availability. Housing assignments are not made based on your race but are based on information available at the time of housing, individual case factors and objective criteria. Inmates who refuse to comply with this policy will receive progressive discipline consistent with the specific act.

INTEGRATED HOUSING:

Ask Inmate: - While incarcerated (jail/prison), have you ever been in a race based incident(s):

(Check applicable items. Explain and/or give details of checked items below)

☐ as a Victim ☐ as an Assailant ☐ part of a Race Riot ☐ None

EXPLANATION / DETAILS / INMATE COMMENTS

☐ Inmate Claims ☐ Documented

RESTRICTED ETHNIC GROUP(S) (Check applicable code(s))

| | | | |
|---|---|---|---|
| ☐ WHI | ☐ BLA | ☐ HIS | ☐ AMI |
| ☐ CAM | ☐ CHI | ☐ COL | ☐ CUB |
| ☐ FIL | ☐ GMN | ☐ GUA | ☐ HAW |
| ☐ IND | ☐ JAM | ☐ JPN | ☐ KOR |
| ☐ LAO | ☐ MEX | ☐ NIC | ☐ OA |
| ☐ OTH | ☐ PI | ☐ PR | ☐ SAL |
| ☐ SAM | ☐ THA | ☐ VIE | ☐ NONE |

**Note: Restricting an ethnic group should be based on inmate interview and individual case factors.**

DDPS IHC CODE: ________

ENTERED BY: ________

☐ RR ☐ RT

LOCAL ENEMY / SAFETY CONCERNS
(Check applicable items)

☐ Documented ☐ Inmate Claims ☐ None

Summarize Inmate's Enemy/Safety claim and/or list applicable documents (type and date), CDC #, Name, and Housing of known enemies at this Institution.

HISTORY OF AGGRESSION
(Check applicable items)

☐ Towards Staff ☐ Towards Inmates

☐ Use of Wpn ☐ Unknown ☐ None

List inmate's act(s) of aggression, as well as supporting documentation (type and date).

☐ Inmate Claims ☐ Documented

IN-CELL ASSAULT HISTORY
(Check applicable items)

☐ As a Victim ☐ As an Assailant

☐ Unknown ☐ None

Summarize inmate's claim and/or list all documents (type and date) reflecting in-cell assaults.

☐ Inmate Claims ☐ Documented

ROUTING/DISTRIBUTION
CONTROL
PROGRAM OFFICE
C-FILE

ATTACHMENT B

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDCR 1882 (Rev 02/07)

# Initial Housing Review

Prior to housing, the aforementioned information was obtained during a private screening process and the review of available documents pertaining to this inmate.

Initial Housing Review (continued)

CDC #

NAME OF INMATE (Last, First, MI)

IN-PRISON SEXUAL ASSAULTS

Inmate Interview: - While incarcerated (jail/prison), have you ever been involved in a sexual related assault, i.e. pressured, fondled, raped: (Check applicable items. Explain and/or give details of checked items below)

☐ As a Victim ☐ As an Assailant ☐ None ☐ Inmate Claims ☐ Documented

EXPLANATION / DETAILS / INMATE COMMENTS

PRIOR SINGLE CELL STATUS IDENTIFIED BY (Check if applicable)

☐ Documentation ☐ Inmate Claims
☐ Jail Personnel

SUMMARIZE:

HOUSING STATUS INFORMATION (Check applicable item)

☐ Double Cell ☐ Single Cell
☐ Dorm

SINGLE CELL STATUS JUSTIFICATION

SINGLE CELL STATUS APPROVAL AUTHORITY (LIEUTENANT OR ABOVE)

☐ Approved ☐ Disapproved

SIGNATURE: ____________________

TITLE: ____________________

PRINTED NAME: ____________________

PREVIOUS HOUSING STATUS (Check Only if applicable)

☐ ASU / SHU / PHU / PSU
☐ GP ☐ SNY
☐ BMU ☐ DMH
☐ RC

Source:
☐ OBIS ☐ DDPS
☐ DOCUMENTATION / C-FILE

AFFILIATION INFORMATION

| Affiliation | Space to specify affiliation if known |
|---|---|
| ☐ NORTHERN | ____________________ |
| ☐ SOUTHERN | ____________________ |
| ☐ BULLDOG | ____________________ |
| ☐ CRIP | ____________________ |
| ☐ BLOOD | ____________________ |
| ☐ WHITE | ____________________ |
| ☐ OTHER: | ____________________ |
| ☐ NON AFFILIATED | |

AKA's:

HEALTH INFORMATION / CONCERNS

HEALTH COMMENTS:

MENTAL HEALTH LEVEL OF CARE ☐ GP/NONE ☐ CCCMS ☐ EOP ☐ MHCB ☐ DMH

PRIOR SUICIDE ATTEMPTS: ☐ NO ☐ YES: ____________________

DDP CODE: ____________________ (CLARK) __________ (DATE)

VICTIMIZATION CONCERNS: ☐ YES ☐ NO

DPP CODE: ____________________ (ARMSTRONG) __________ (DATE)

TB CODE: ____________________

☐ LOWER/1ST TIER ☐ LOWER/BOTTOM BED ☐ WHEELCHAIR ACCESSIBLE BED

☐ ASTHMA ☐ DIABETIC ☐ SEIZURES ☐ DIALYSIS ☐ OTHER __________ ☐ NONE NOTED

ADDITIONAL COMMENTS / CONCERNS

SCREENING / ARRIVAL DATE

SCREENERS PRINTED NAME

TITLE

SIGNATURE

STATE OF CALIFORNIA
CDC 1882-B

ATTACHMENT C
DEPARTMENT OF CORRECTIONS

# ADMINISTRATIVE SEGREGATION UNIT/SECURITY HOUSING UNIT DOUBLE CELL REVIEW

| Name of Inmate (Last, First, MI) | CDC Number | Housing |
|---|---|---|
| Name of Inmate (Last, First, MI) | CDC Number | Housing |

The above-listed inmates are being processed for occupancy of the same cell.

1. The request is being initiated per:

☐ Administrative assignment by staff.

☐ Request from one ☐ or both ☐ inmates to be assigned to the same cell.

2. During the interview with:

| Staff Witness Printed Name | Signature |
|---|---|
| | |

☐ Both inmates stated agreement to the cell assignment and signed below to indicate compatibility.

Signature of Inmate ____________________ Signature of Inmate ____________________

☐ Both inmates stated agreement, but one or both refused to sign the acknowledgment of compatibility.

☐ One or both inmates refused the cell assignment.

3. After a review of the inmates' statements and the case factors in each inmate's C-file, it has been determined that:

☐ There is no information available to indicate that the inmates are incompatible.

☐ There is information which leads to the belief that the assignment of these inmates to the same cell is contrary to legitimate penological interests, or may threaten institution security or the safety of others.

4. Based on this evaluation, the double cell occupancy request is: ☐ APPROVED ☐ DISAPPROVED

APPROVING AUTHORITY

Signature: ____________________

Printed Name: ____________________

Title: ____________________

DATE:

DISTRIBUTION:
C-File
Facility Captain
Housing Unit
Correctional Counselor I(s)
Inmate

Attachment D

State of California | Department of Corrections

**NAME and NUMBER** | **CDC-128-B (REV.4/74)**

On this date, ________________the above inmate was released to Facility: I II III IV, Housing Unit #__________from Administrative Segregation per actions of:

1) Institutional Classification Committee
2) Facility Captain
3) Lieutenant

The inmate is approved for: single cell / double cell living.

ORIG: Central File
CC: Inmate
ASU

______________________
Signature

Date: AD-SEG/RJDCF GENERAL CHRONO

# *EXHIBIT D*

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date : April 30, 2008

To : A. NAVARRO
P-13215
F2-07-228U

Subject: **ADMINISTRATIVE SEGREGATION UNIT HOUSING**

This memorandum is in response to your letter dated April 11, 2008, in which you voice your concerns in regards to alleged unsafe double celling procedures in the Administrative Segregation Units. You cite a specific example of this unsafe practice of an incident that occurred on April 10, 2008, at approximately 2000 hours, in Housing Unit 7.

The California Code of Regulations, Title 15, states in part, "Inmates shall accept Housing Assignments (IHA's) as directed by staff. All inmates are expected to double cell regardless of their housing location if staff determines that they are suitable for double celling .....". "Inmates are not entitled to single cell assignments, or a housing location or cellmate of their choice."

There is an In Cell Assault Review and Tracking procedure when violence occurs inside of a cell. The incident that you address on April 10, 2008, is being reviewed per policy.

If you have any further concerns, please address an Inmate Request for Interview Form to Facility Captain B. Morris.

SILVIA H. GARCIA
Chief Deputy Warden
Richard J. Donovan Correctional Facility

# *EXHIBIT E*

STATE OF CALIFORNIA ... OF CORRECTIONS & REHABILITATION
CLASSIFICATION CHRONO, CDC-128G

| NAME: PARRA, V. | CDCR#: P58682 | HOUSING: F2-06-232U |
|---|---|---|

| RELEASE DATE | CUSTODY | CS | WG | PG | ANN REV | MHSDS | DDP/DPP |
|---|---|---|---|---|---|---|---|
| MEPD 4/13/2007 | MAX | 99 | D1 | D | 10/08 | CCCMS | NCF/N/A |

**COMMITTEE SUMMARY**

ASU REVIEW / GUILTY RVR BATT INMATE F3-07-468 / **RTN 1 WK WITH NEW 114D** / RM-A & DC

**COMMITTEE DISCUSSION**

Inmate Parra (I/M) made a personal appearance before the Institutional Classification Committee (ICC) for the purpose of an ASU Review. I/M stated he was in good health and doing "alright." I/M meets criteria for inclusion in the MHSDS. Level of care: CCCMS. DDP: NCF. Reading GPL: 12.9.

**ASU REASON:**

I/M was placed in ASU on 11/6/07, after he was accused of battering Inmate Parra P00388.

**STAFF ASSISTANT (SA):**

Mental Health (MH) staff described I/M's treatment needs and likelihood of decompensation if retained in ASU. Refer to CDC 128-C dated 11/15/07. MH staff said SA is not necessary, as I/M is able to comprehend the issues. Therefore, ICC elected to unassign the SA.

**RVR INFO:**

The related RVR log# F3-07-468 is was adjudicated, and I/M was found guilty. I/M was assessed 90 days of work credit loss.

**ICC ACTION:**

I/M is overdue for ICC. ICC noted that I/M's previous 128-G incorrectly listed the victim's CDCR number. The victim's CDCR number is P00388. When looking to mitigate or aggravate a SHU term for the aforementioned RVR, ICC noted that I/M was previously found guilty of RVR dated 5/14/06 for Battery on a Peace Officer, log# F2-06-232(R). ICC assessed a SHU term on 3/14/07; however ICC vacated the SHU term on 5/23/07 indicating that a MOD order mandated that the RVR be reissued. Upon calling Facility Two, CC-II Cortez was told that RVR F2-06-232(R) was not reissued again. In the interest of justice, the CDW (A) reduced the RVR to that of a non-MERDable offense. **ICC retained I/M in ASU and ordered that this case be returned in one week with a new 114D specific to enemy concerns. Next week ICC will bring closure to RVR F3-07-468.**

**CASE FACTORS:**

I/M's custody is MAX. WG/PG is D1/D effective 11/6/07. Confidential file is noted and has been reviewed.

**CELL STATUS:**

I/M approved for double-cell status as he has not demonstrated a pervasive pattern of in-cell violence. ICC retained I/M on the Re-integrated Mixed exercise yard, Group A [Safety Concerns].

**PARTICIPATION:**

Use of Force policy explained to I/M. I/M actively participated in today's hearing and indicated he understood ICC's decision. MH staff concurred with ICC's decision. I/M is satisfied with his cell status and exercise yard designation. I/M advised of his appeal rights. No additional case concerns at this time.

**COMMITTEE MEMBERS**

E. MARRERO, AW (A); M. DIAZ, FC (A); T.K. MILLER, C&PR; M. VALASKANTJIS, PSYCHOLOGIST

D. MORRIS, CDW (A)

P.A. CORTEZ, CC-II RECORDER

**DATE: 2/6/08** **(pac)** **CLASSIFICATION: ICC/CSR/ AD-SEG** **INST: RJDCF-IV**

# *EXHIBIT F*

STATE OF CALIFORNIA - Department of Corrections and Rehabilitation Arnold Schwarzenegger, Governor
**Board of Parole Hearings**
Post Office Box 4036
Sacramento, CA 958124036

**NOTICE OF HEARING**

REVISED 6/20

date & time change 8245

**DATE:** **June 20, 2008**

**TO:** **EDWIN AIMUFUA**
**6320 CANOGA AVE #1500**
**WOODLAND HILLS CA 91367**

**RE:** **Attorney Retained at Parole Hearing - VICTOR,JR, PARRA**
**P58682** 10/14/08 7-238L

**Dear** **EDWIN AIMUFUA**

**This is your confirmation to represent the above individual as follows:**

**Type of Hearing:** **Initial Suitability Hearing**
**Date / Time:** **October 14, 2008 03:00 PM**
**Institution:** **Richard J. Donovan Correctional Facility**
**408 ALTA RD.**
**SAN DIEGO, CA 92179**

**Attorney Retained By:** **State**

**Please make arrangements to interview your client and review his/her file at least 30 days prior to the hearing. To ensure arrangements will be made for your client to report promptly for the interview, contact the Institution Hearing Coordinator no later than 48 hours before the interview.**

**You should anticipate a representative from the district attorney's office will participate in the hearing, either by sending a representative to the institution or via video conference. In addition, participation by the victim of the crime or the victim's next of kin may also occur with their appearance at the hearing or via video conference.**

**If you have any questions regarding this matter, please contact Linn Austen at (916) 324-0800.**

**Sincerely,**

**Linnette Austen, Manager**
**Hearing Support Unit**

**cc: C-File, Inmate**

COPY INMATE