1 PARRA VICTOR
2 CDC No. P-58682
3 P.O. Box 799002
4 San Diego CA. 92179
5 In pro se

FILED
2008 AUG 12 PM 3:44
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____RM____ DEPUTY

NUNC PRO TUNC
AUG - 7 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

11 VICTOR PARRA
12          Plaintiff
13    v.
14 R. HERNANDEZ et.al.,
15          Defendants

Case No. 08CV0191 H (CAB)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION.

Return date: August 11, 2008
Judge       : The Honorable
              Cathy Ann Bencivengo

I

HISTORY OF REQUEST FOR PRELIMINARY INJUNCTION

On February 26, 2008 Plaintiff submitted a request for preliminary injunction. On March 13, 2008 due to lack of jurisdiction upon defendants [DOC. 4 at 4 par. 20-28] The court denied the motion without prejudice. The court further deemed plaintiffs threat of future injury as "conjecttual" or "hypotetical" [DOC 4 at 5 par. 1-7]

II

FACTS GIVING EFFECT TO NEW REQUEST

The previous request for preliminary injunction [DOC No. 3] was aimed at preventing plaintiff from deprivations of exercise yard. Plaintiff is now confined at Unit 8 since June 30, 2008 and subject to 24 hour Isolation and psychological pain along with the real potential threat of an unwanted unvoluntary double cell assignement and assault.

1.

# III
## STANDARD OF REVIEW

Rule 65(a) contains two distinct conceps. The first portion of the Rule ensures that courts will not grant application for preliminary injunction until affected parties receive notice and an opportunity to oppose the proposed preliminary injunction. The second part of Rule 65(a) provides that the court may consolidate all application for a preliminary injunction with a trial on the merits, to the extent that consolidation is feasible under the facts of the particular case Id Fed. R. Civ. P. Rule 65(a)(1) and (2)

(1) "NOTICE" RULE 65(a)(1)

Prohibits issuance of a preliminary injunction without notice to the opposing party. Granny Goose Foods, Inc. V. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 437 n.7 94 S.Ct. 1113, 1122 (1974) (same day notice is inadequate; distinguishing between less formal notice requirements of restraining order versus requirement of Rule 65(a) that "implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition").

(2) CONSOLIDATION OF HEARING WITH TRIAL ON THE MERITS Rule 65(a)(2)

Standard of consolidation.

The court has discretion to consolidate the preliminary injunction hearing with the trial on the merits. see Teva Pharmaceuticals USA, Inc V. Food & Drug Administration, 441 F.3d 1, 3 (D.C. Cir. 2006) (Permiting consolidation of hearing on preliminary injunction with motion for summary judgment.) If the case on the merits is not yet ripe for trial, as when discovery is not yet completed, Courts will not consolidate the trial with the preliminary injunction hearing Pughsley V. 3750 lake Shore Drive Coperative Building, 463 F.2d 1055, 1057 (7th Cir. 1972).

# IV
## FACTORS IN DECIDING PRELIMINARY INJUNCTION

(1) NOTICE AND JURISDICTION

As a preliminary matter, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. see Murphy Bros, Inc. V. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999).

2.

### (2) IN GENERAL

There are substantial variations in the requirements from one circuit to another in deciding whether to grant an injunction. Generally considering some or all of the following factors: "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to the plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)" Beardslee V. Woodford, 395 F.3d 1064, 1067 (9th Cir. 2005) citing Johnson V. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995)). In the ninth circuit, Injunctive relief could be granted if the movant "demonstrates' either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor" Id. "These two alternatives represent 'extremes of single continuum,' rather that two separate test." Clear Channel Outdoor Inc V. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003)

### (3) Rule 65(d)

Rule 65(d) governs the information that must be contained in injunctions Schmidt V. Lessard, 414 U.S. 473, 476, 94 S.Ct. 713, 715 (1974) ("the specificity provisions of Rule 65(d) are no mere technical requirements. The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunction orders, and avoid the possible founding of a comptempt citation on a decree to vague to be understood." also see Fortyune V. American Multi-Cinema, Inc., 364 F.3d 1075, 1087 (9th Cir. 2004) (district court has no duty to explain how to enforce injunction, only to explain what must or must not be done); Rule 65(d) also explain categories of persons who are bound by an injunction, "the parties to the action, their officers, agents, servants, employees, and attorneys, and... those persons in active concert or participation with them who receive actual notice of the order." Id. The district court must, therefore, tailor the injunction to affect only those persons over which it has power. see Gardner V. Westinghouse Broadcasting Co, 437 U.S. 478, 481 (1978) Also Planned Parenhood of Columbia/Willamette, Inc. V. American Coalition of life activists, 290 F.3d 1058, 1088 n.19 (9th Cir. 2002) (en banc) And "in any civil action with respect to prison conditions injunctive relief must be narrowly drawn." 18 U.S.C. §3626(a)(2).

## V
## REQUEST FOR PRELIMINARY INJUNCTION

1. The Notice requirement of Rule 65(a)(1) and Jurisdiction requirement of 65(b) are meet. Defendant Hernandez is before the court and has been served with a summons and complaint.

2. Whether Plaintiff can demonstrate the General requirements for a Preliminary Injunction

(a) A strong likelihood of success on the merits.

On their motion to dismiss (MD) Defendants admit the allegations stated in the complaint at causes of action second, eleventh, twelfth, thirteenth and fourteenth stated against defendant Hernandez and Cowan. see (MD at Memorandum of Points and authorities p.16 par.21-23 and p.17 par 1-2).

Even if defendants object, plaintiffs Eighth cause of action "denial of Due process" state created liberty interest (Compl. at 10 and 11) is suficient to show any success on the merits.

Plaintiff has to satisfy two prongs under Sandin V. Connor. 515 U.S. 472 (1995)

(1) Whether state status or regulation restrict the power of prison officials to impose the deprivation and

(2) Whether the liberty in question is one of "real substance" Id at 477-487.

A liberty interest of "real substance" occurs when deprivation placess "an atypical or significant hardship on the ordinary incidents of prison life." Prong (1) is easily meet. Deprivation of outdoor exercise yard is restricted to 10 days by CCR Section 3322(c) as a disciplinary measure and CCR section 3343(h) imposes on prison officials a minimum of 10 hours of yard a week including at Unit 8. The second prong is easily meet also.

Out door exercise is a life necesity when discussing Isolation of inmates, Wilson V. Seiter 501 U.S. 294 (1991). Defendants had knowledge plaintiff was subject to decompensation see (Compl. p.4 par. 14)(giving notice to defendants of plaintiffs illness). and Isolating him at Unit 8 for 24 hours everyday during 80 days, will cause said atypical or significant hardship in the ordinary incidents of prison life. see McClary V. Kelly, 4 F.Supp.2d 195, 208 (W.D.N.Y. 1998) "[the notion] that prolonged isolation from social and enviromental stimulation increases the risk of developing mental illness doesnot strike this Court as rocket Science."; Miller V.

4.

1  Stewart, 231 F.3d 1248, 1252 (9th Cir. 2000) "It is well accepted that conditions such as
2  those present in the SMU II [SHU]... can cause psychological decompensation to the
3  point that individuals may become incompetent."; Comer V. Steward, 215 F.3d 910, 915
4  (9th Cir. 2000) "We and other courts have recognized that prison conditions remarkably similar
5  to [SMU II][SHU] can adversely affect a person's mental health." Plaintiff easily can state
6  the violation of due process arising out of state created liberty interest.
7        Plaintiff has a strong likelyhood of success on the merits of the complaint.
8        (b) Possibility of Irreparable Injury to the Plaintiff if preliminary Injunction
9           not Granted.
10       As a matter of law, the continuing deprivation of constitutional rights constitutes
11 irreparable harm. Elrod V. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976). Since June 30, 08
12 Plaintiff has been once again subject to a 24 hour Isolation at Unit 8 and is subject to the
13 effect of Operational Plan No. 85. Plaintiff has a continuous headache and a growing influence
14 of a quantum of suiside. Plaintiff has sufered anciety and panic attacks that restrict his
15 breathing and has no opportunity to outside exercise yard. Plaintiff will now sufer the potential
16 8 month Isolation as Jonny Delatorre, because defendants refuse to release plaintiff out of
17 ASU or transfer him to a prison where he can be release.
18       Plaintiff is subject to the same potential harm sufered by Inmate Dale and Lopez of
19 assault, and Coercion of Law Library denials like inmate wiseman, all for the purpose to coerce
20 plaintiff to accept a double cell asignement.
21       Plaintiff's mental illness and any interferance with his avility to prosecute cases
22 05-CV-1966 JAH (PCL) and 08-0472-J (LSP) and the present case will have irreparable
23 consequences. Which are real as it is happening as letely as July 28, 2008 attempted rape
24 against Miguel Lopez. City of Los Angeles V. Lyons, 461 U.S. 95, 102 (1983) the future
25 threat is "real" not just "conjectural" or "hypothetical" should the court not grant a
26 preliminary Injunction.
27       Additionally (OP-85) is so vague it vested correctional officers virtually
28 complete discretion to determine whether an individual has to comply with (OP-85) see kolender V.

5

Lawson, 461 U.S. 352, 358, 103 S.Ct. 1855, (1983) The high court found the statute unconstitutional because it vested virtually complete discretion in police officers to determine whether an individual had complied with the statute 461 U.S. p.358, 103 S.Ct. at pp. 1858-1859. This complete discretion has resulted in plaintiffs Isolation and yard hold because defendants do not understand (OP-85). Defendants standarless sweep by which officers indulge their personal predilections in calling the specific prisoners refused doublecell asignement as an act of Refusing an order to double cell (see Compl. at 20) or willfully Delaying/Obstructing a peace officer In performing his duties see (Compl. at 51) and punishing an inmate consist of a perpetual yard hold, 24 hour Isolation at Unit 8. Loss of Law Library access, and threats and coercion tha affects protected conduct, right to protection from bodily harm and freedom from assault see 18 U.S.C. Section 4042(a). California Civil Code 43 and Farmer V. Brennan 511 U.S. 825, 833, 114 S.Ct. at 1977 (1994) at extreme occasions inmates like Kevin Burton have been held at cages 39 inches by 39 for eight days without opportunity to use the restroom see. (Complaint file at U.S. Dist. crt. Worthen district of California Case No. C-07-4967 PJH (PR)) Such standarlessness is violative of constitutional protections Kolender supra. (a criminal statute may deny due process by allowing a "''standardless sweep''" by which police, prosecutors and juries may indulge their personal predilections 103 S.Ct. at 1858-1859) because (OP-85) fails to provide a reasonable degree of certainty of meaning to officers or any notice to prisoners see Soto V. City of Sacromento 567 F.Supp. 662, 684-85 (E.D.Cal.1983) And Lanzetta V. New Jersey (1939) 306 U.S. 451, 453, 59 S.Ct. 618, 619 This failure, leaves the statute [OP-85] susceptible to arbitrary or discriminatory enforcement and overbroad application.

    Defendants may penalice inmates for alleged misconduct, but engaging in right to protection 18 U.S.C. 4042(a), Civil Code 43 and Farmer while refusing a double cell asignement and complaining about it through constitutionally protected expression of disent places plaintiff and others beyond (OP-85) legitimate sweep. And thus enforcement of (OP-85) Vague and over-breath language violated due process. New York V. Ferber (1982) 458 U.S. 747, 768-769, 102 S.Ct. 3348, 3360-3361, "Overbreadth ... must not only be real, but substantial as well. judged in relation to the statutes plainly legitimate sweep."

1  Although constitutional rights are generally said to be personal, a well-established exception is found in the overbreadth doctrine associated with First Amendment jurisprudence. Wurtz V. Risley (9th Cir. 1983) 719 F.2d 1438, 1440) Under this doctrine, litigants may challenge a statute not because their own rights of free expression are violated, but because the very existence of an overbroad statute may cause others not before the court to refrain from constitutionally protected expresion (Broadrick V. Oklahoma (1973) 413 U.S. 601, 612, 93 S.Ct. 2908, 2915-2916, Wurtz V. Risley, supra, 719 F.2d at p. 1440.) Inmate Dale is the perfect example he refrained from exercising his rights to protection and expresion and abandone his security after Captain Morris B. threatened him with an RVR and move dale anyway despite warnings that he would get assaulted. The injuries suffered so far are irreparable, not like money or loss capable of recoupment. See In re Arthur treachers Franchisse Litigation. 689 F.2d 1137, 1145 (3d Cir. 1982).

(c) A Balance of Hardships Fabors the Plaintiff

In deciding whether to grant preliminary injunction, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. see Mitchell V. Cuomo, 748 F.2d 804, 808 (2d Cir. 1984) holding that dangers posed by prison crowding outweighed statutes financial and administrative concerns); Duran V. Anaya, 642 F. Supp 510, 527 (D.N.M. 1986) (holding that prisoners interest in safety and medical care outweighed states interest in saving money by cutting staff). Pell V. Procunier 417 U.S. 817, 94 S.Ct. 2800 (1974) central to all other correction goals is institutional... security within the correctional facilities themselfs 417 U.S. at 823.

So far inmates have been assaulted Lopez, Dale, deprived of yard for up to 8 months Delatorre, denied Law Library Wiseman and subjected to torturous psychological deterioration plaintiff.

The suffering defendants will experience if the court grant the injunction will consist of taking the plaintiff to the schedule yard Monday, Thrusday and saturday. and performing the five steps of the double cell agreement form something defendants are required to do anyway. Defendants hardships amount to no more than business as usual.

(d.) The Relief Sought will Served the public Interest.

Llewelyn V. Oakland County Prosecutor's Office, 402 F. Supp. 1379, 1393 (E.D. Mich. 1975) " the Constitution is the ultimate expression of the public interest."

California has enacted state legislation covering mentally disordered offenders serving their parole time to be civilly comitted to protect the public Cal. Penal Code section 2962, 2964. And Cal. Penal Code 2684 covering mentally ill prisoners transferred to State Hospitals for psychiatric stabilization. As stated by Doctor Dennis Huffman ASU retention of inmates causes decompensation and denial of exercise yard may regress the gains in stability and impulse control achieved with therapy. It is within the public interest that mentally ill inmates be stabilized prior release from prison, access to outdoor exercise yard helps inmates mental state.

Additionally constitutionally administered prisons are a public interest.

(E) Plaintiff demonstrates conbination of alternatives in support of Injunction.

Injunctive relief could be granted if the movant "demonstrates 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'": Beardslee V. Woodford, 395 F.3d 1064, 1067. Clear Channel Outdoor Inc. V. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003).

Factors having been shown validate the need for a preliminary Injunction. Plaintiff respectfully request the court grants a preliminary injunction and draft an order consisten to action requested at the motion enclosed herein page 7.

Dated: August 3, 2008

Respectfully Submitted
Victor Parra
In pro se.

8.

# *VERIFICATION*

| STATE OF CALIFORNIA COUNTY OF SAN DIEGO | Case No. 08CV0191 H CAB |
|---|---|

(C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, __VICTOR PARRA__ DECLARE UNDER PENALTY OF PERJURY THAT: I AM THE __Plaintiff__ IN THE ABOVE ENTITLED ACTION; I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS __3__ DAY OF: __August__ 2008 AT __Richard J. Donovan Corr. Fac. 480 Alta Road. San Diego CA. 92179-9002__

(SIGNATURE) __Victor Parra__
(DECLARANT/PRISONER)

## *PROOF OF SERVICE BY MAIL*

(C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, __VICTOR PARRA__ AM A RESIDENT OF __Richard J. Donovan Corr. Fac. San Diego County__, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / ~~NOT~~ A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX __799002, San Diego CA. 92179-9002__

ON __August 3__ 2008 I SERVED THE FOREGOING: __Memorandum of Points and Authorities in support of motion for Preliminary Injunction__

(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT __Richard J. Donovan Corr. Fac. 480 Alta Road, San Diego CA. 92179__

(To the Clerk)
U.S. District Court
Southern District of California
880 Front Street, Suite 4290
San Diego CA. 92101-8900

Sylvie P. Snyder
Deputy Attorney General
110 West A. Street, Suite 1100
San Diego CA. 92101
P.O. Box. 85266
San Diego CA. 92179

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: __August 3, 2008__         __Victor Parra__
(DECLARANT/PRISONER)

9.