UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR PARRA, Jr., <br><br> Plaintiff, <br><br> v. <br><br> R. HERNANDEZ, et al., <br><br> Defendants. | Civil No.   08cv191 H (CAB) <br><br> **REPORT AND RECOMMENDATION REGARDING DEFENDANT COTA'S MOTION TO DISMISS** <br> **[Doc. No. 39.]** |

## I. INTRODUCTION

Plaintiff Victor Parra, Jr., a state prisoner proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983. On October 2, 2008, Defendant Cota moved to be dismissed entirely from the Complaint.[1] Plaintiff did not submit an opposition. The Court finds this matter suitable for submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, this Court recommends Defendant's motion be **GRANTED**.

///

///

///

---

[1] Defendant Cota filed a separate motion to dismiss because he was not served with the Complaint until September 18, 2008. On July 22, 2008, this Court issued a Report and Recommendation regarding the motions to dismiss filed by Defendants CDRC, Liles, Cowan, Limon, and Hernandez. [Doc. No. 19.] That Report and Recommendation is currently pending before the Honorable Marilyn L. Huff.

1

## II. BACKGROUND

At all relevant times, Plaintiff was incarcerated at R.J. Donovan State Prison. The Complaint and attached exhibits[2] allege the following facts:

Plaintiff has an anxiety disorder and at the time of the incident was classified as having safety concerns. (Complaint at ¶¶ 2, 11.) On or about September 28, 2006, Plaintiff, who had been housed in administrative segregation, was ordered by Defendants Limon and Liles to double cell with inmate Duran.[3] (Complaint at ¶ 2.) Inmate Duran was classified as a general population inmate. (Complaint at ¶ 1.) Plaintiff had double celled with at least two other general population inmates in the past without incident. (Complaint at ¶ 49.) Defendant Limon notified Plaintiff that Operational Plan #85 required inmates to double cell, and that he would be issued a Rule Violation Report ("RVR") if he did not sign the agreement. (Complaint at ¶ 5; Plaintiff's Exhibit A ("Exhibit A").)

Plaintiff told Defendant Limon that Inmate Duran was not compatible with Plaintiff because he belonged to a different yard group. (Complaint at ¶ 4.) Plaintiff was told that if he did not sign a double-cell agreement he would be placed on a yard-hold and moved to Unit 8, where no yard, library, or other state created services were available. (Complaint at ¶ 3.) Plaintiff agreed to double-cell with inmate Duran, but would not sign the corresponding double-cell agreement form. (Complaint at ¶ 6.)

On or about September 28, 2006, Plaintiff was placed on a yard-hold. (Plaintiff's Exhibit B at 3 ("Exhibit B").) On October 4, 2006, Plaintiff was formally issued a RVR for "refusing an order to double cell." (Exhibit A.) On October 9, 2006, Plaintiff was transferred to Unit 8. (Exhibit B at 3.) On October 10, 2006, Plaintiff received a copy of the RVR. (Exhibit A.) On October 30, 2006, a hearing was held on the RVR and the reviewing officer found Plaintiff not guilty of refusing to obey an order to double-cell because: (1) Plaintiff was in compliance with the order at the time of the hearing; and (2) Plaintiff's claims of incompatibility were not checked against all available sources of information

---

[2] When a complaint is accompanied by attached documents, the documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim. *Roth v. Garcia Marquez*, 942 F.2d 617, 625 n.1 (9th Cir. 1991). If the allegations in the complaint are refuted by an attached document, the court need not accept the allegations as being true. *Id*.

[3] The Complaint states the incident occurred on September 25, 2006, but based on Plaintiff's Exhibit A, it appears the incident actually occurred on September 28, 2006.

because the officers only checked against his administrative segregation file, not his central file. (*Id.*) The senior hearing officer determined that further disciplinary action against Plaintiff was unnecessary and dismissed the RVR. (*Id.*)

From on or about September 28, 2006, to January 1, 2007, while he was on a yard-hold and during his subsequent housing in Unit 8, Plaintiff was not allowed in the exercise yard. (Complaint at ¶¶ 6, 8, 24-25.) Defendants Warden Hernandez, Assistant Warden Cowan, and Facility Captain Cota, created Unit 8, which was on permanent lockdown and did not afford any access to the exercise yard, law library, or recreational reading books. (Complaint at ¶ 13.) From January 1, 2007, to April 2007, Plaintiff was housed in Unit 7, where he was allowed less than 5 hours in the exercise yard per week. (Complaint at ¶ 15.) Facility 2 includes Housing Units 7 and 8. (Exhibit B, Director's Level Appeal Decision).

### III.  DISCUSSION

With respect to the above facts, Plaintiff alleges numerous claims for violations of his rights under the First, Fourth, Eighth, and Fourteenth Amendments, as well as several state law causes of action.

**A.   Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) dismissal motion 'can be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim.'" *Holley v. Crank*, 400 F.3d 667, 674 (9th Cir. 2005) (internal citation omitted). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). The dispositive issue is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Civil rights complaints are construed liberally. *See Holley*, 400 F.3d at 674. Moreover, courts "have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 (9th Cir. 1985) (*en banc*) (internal citation omitted). "However, a liberal interpretation of a

civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (internal citation omitted). Furthermore, courts do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

**B.    Count One**

Plaintiff alleges claims against Defendant Cota for cruel and unusual punishment in violation of the Eighth Amendment and retaliation in violation of the First Amendment.

**1. Eighth Amendment Deprivation of Humane Conditions of Confinement**

Plaintiff alleges Defendant Cota violated his rights under the Eighth Amendment when he enforced Operational Plan #85, which deprived Plaintiff of time in the outdoor exercise yard.  The Eight Amendment imposes a duty on prison officials to ensure that inmates receive adequate food, clothing, shelter, and medical care.  *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).  Additionally, "[e]xercise has been determined to be one of the basic human necessities protected by the Eighth Amendment," and a long-term deprivation of outdoor exercise for inmates is unconstitutional.  *LeMaire v. Maass*, 12 F.3d 1444, 1457-58 (9th Cir. 1993); *see also Spain v. Procunier*, 600 F.2d 189, 200 (9th Cir. 1979) (declaring unconstitutional the deprivation of outdoor exercise for inmates held longer than four years); *Allen v. Sakai*, 48 F.3d. 1082, 1087 (9th Cir. 1994) (holding a plaintiff made an objective showing of an Eighth Amendment violation where he was only allowed outside for 45 minutes per week during a six-week period).  However, "[t]he Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Wilson v. Seiter*, 501 U.S. 294, 299-302 (1991) (rejecting a reading of the Eighth Amendment that would allow liability to be imposed on prison officials solely because of the presence of objectively inhumane prison conditions).

A plaintiff alleging deprivation of humane conditions of confinement must not only make an objective showing that the deprivation was "sufficiently serious" to form the basis for an Eighth Amendment violation, but also a subjective showing that the prison official acted "with a sufficiently culpable state of mind."  *Wilson*, 501 U.S. at 298.  The subjective requirement, relating to a prison official's state of mind, requires deliberate indifference.  *Lopez v. Smith*, 203 F.3d 1122, 1133 (9th Cir.

2000) (en banc). "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id*. at 838.

Here, Plaintiff fails to provide any allegations that would establish deliberate indifference on the part of Defendant Cota in regards to the enforcement of Operational Plan #85. Plaintiff's only allegation in regards to this claim was that Defendant Cota was the "Facility 2 Captain." (Complaint at ¶ 11.) The remainder of Plaintiff's allegations involve actions taken by Defendants Limon and Liles and do not mention any actions taken by Defendant Cota. (*See* Complaint at ¶¶ 2-6.) Based on the RVR itself, it appears the only action taken by Defendant Cota was to classify the reported violation, i.e., refusing to obey an order from a correctional officer, as serious. (Exhibit A.) This action alone does not demonstrate "a sufficiently culpable state of mind" on the part of Defendant Cota. Accordingly, this Court recommends Defendant's motion be **GRANTED** and the Eighth Amendment claim in Count One be **DISMISSED without prejudice and with leave to amend**.

**2. First Amendment Retaliation**

Plaintiff alleges Defendant Cota retaliated against him in violation of the First Amendment in regards to the enforcement of Operational Plan #85. (Complaint at ¶ 9.) Within the prison context, a claim of First Amendment retaliation contains five basic elements: (1) a state actor took an adverse action against the plaintiff; (2) because of; (3) the plaintiff's protected conduct; and that such action (4) chilled the plaintiff's exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). In regards to the fourth element, the Ninth Circuit has indicated an allegation of "harm that is more than minimal," may suffice if a plaintiff fails to allege a chilling effect. *Id*. at 567 n.11. However, Prisoner retaliation claims should be evaluated in light of *Sandin v. Conner*, 515 U.S. 472 (1995), in which the

///
///
///

Supreme Court expressed disapproval of excessive judicial involvement in day-to-day prison management.[4] *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).

Here, Plaintiff was issued an RVR when he refused an order to double-cell, pursuant to Operational Plan #85. (Exhibit A.) While a prisoner's First Amendment right extends to established prison grievance procedures, *see Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), Plaintiff's refusal to comply with an order to double-cell, especially when evaluated in light of *Sandin*, is not protected conduct for purposes of a First Amendment retaliation claim.

Furthermore, as discussed above, Plaintiff does not allege any specific actions on the part of Defendant Cota in regards to this claim. It appears from the RVR that the only action taken by Defendant Cota was to classify the reported violation as serious. To the extent this could be construed as an adverse action, Defendant Cota would have had a legitimate penological reason to classify an inmate's refusal to comply with a direct order from a correctional officer as a serious violation. Accordingly, this Court recommends Defendant's motion be **GRANTED** and the First Amendment claim in Count One be **DISMISSED without prejudice and with leave to amend**.

### C.     Count Two

Plaintiff alleges Defendant Cota, along with Defendants Hernandez and Cowan, violated his Eighth Amendment right to be free from cruel and unusual punishment when he created a housing unit that was on permanent lockdown and did not allow for outdoor exercise. As stated above, a plaintiff alleging deprivation of humane conditions of confinement must not only make an objective showing that the deprivation was "sufficiently serious" to form the basis for an Eighth Amendment violation, but also a subjective showing that the prison official acted "with a sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298. Additionally, because Congress did not intend to impose § 1983 liability on a person who did not cause the deprivation of a federal constitutional right, *Monell v. Department of Social Services*, 436 U.S. 658, 692 (1978), a prisoner-plaintiff must demonstrate the individual defendant was in a position to take steps to avert the harm, but failed to do so intentionally or with deliberate

---

[4] In particular, the Supreme Court noted "the view expressed in several of our cases that federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment," especially with regard to "the fine-tuning of the ordinary incidents of prison life, a common subject of prisoner claims" under section 1983. *Sandin*, 515 U.S. 482-83.

indifference, *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).  This causation inquiry requires "a very individualized approach which accounts for the duties, discretion, and means of each defendant." *Leer*, 844 F.2d at 633-34.

Here, Plaintiff appears to name Defendant Cota solely because of his position as facility captain. Aside from his general allegation that Defendant Cota, along with Defendants Warden Hernandez and Assistant Warden Cowan, created the conditions of permanent lockdown that constituted the Eighth Amendment deprivation, (Complaint at ¶ 11), Plaintiff does not include any allegations involving actions on the part of Defendant Cota.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998); *Ivey*, 673 F.2d at 268 (stating vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim).  While this Court may presume a warden and assistant warden, Defendants Hernandez and Cowan respectively, had the authority to establish and maintain the alleged conditions of 24-hour lockdown, no access to the law library, and no recreational reading books, it is unclear a facility captain would have such broad authority.  Plaintiff alleges no facts which would account for the "duties, discretion, and means" of a facility captain in relation to the alleged Eighth Amendment deprivation.  *See Leer* 844 F.2d at 633-34; *cf*. *Ivey*, 673 F.2d at 268 (stating "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled").  Accordingly, because the allegations fail to demonstrate a causal link between Defendant Cota and the Eighth Amendment deprivation, this Court recommends Defendant's motion be **GRANTED** and the Eighth Amendment claim in Count Two be **DISMISSED without prejudice** and **with leave to amend**.

### D. Count Three

Plaintiff's allegations in Count Three present essentially the same Eight Amendment claim as in Count One.  Namely, the enforcement of Operational Plan #85 resulted in the deprivation of outdoor exercise time for Plaintiff. As discussed above in regards to Count One, Plaintiff fails to provide any allegations that would establish deliberate indifference on the part of Defendant Cota in regards to the enforcement of Operational Plan #85.  Plaintiff's allegations involve actions taken by Defendants Limon and Liles and do not mention any actions taken by Defendant Cota.  (*See* Complaint at ¶¶ 2-6.)  Based on

the RVR itself, it appears the only action taken by Defendant Cota was to classify the reported violation, i.e., refusing to obey an order from a correctional officer, as serious. (Exhibit A.) This action alone does not demonstrate "a sufficiently culpable state of mind" on the part of Defendant Cota. Accordingly, this Court recommends Defendant's motion be **GRANTED** and the Eighth Amendment claim in Count Three against Defendant Cota be **DISMISSED without prejudice and with leave to amend**.

### E.  Count Four

Plaintiff alleges Defendant Cota violated his Fourth Amendment rights when he transferred Plaintiff from his cell in Unit 6 to Unit 8. However, this claim is without merit because assuming *arguendo* Defendant Cota was responsible for the transfer of Plaintiff to Unit 8, the transfer of an inmate within a prison does not violate his Fourth Amendment rights. *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985). As a result, this Court recommends Defendants' motion be **GRANTED** and the Fourth Amendment claim in Count Four be **DISMISSED**. Furthermore, it is appropriate to dismiss the Fourth Amendment claim against Defendant Cota **without leave to amend** because the pleading could not be cured by the allegation of other facts. *See Lopez*, 203 F.3d at 1130.

### F.  Counts Five and Seven

Plaintiff alleges his Fourteenth Amendment due process rights were violated when he was placed on yard-hold, and subsequently housed in Unit 8, without first receiving a "case factors" review or other hearing. In the prison context, the United States Supreme Court has significantly limited the instances in which due process can be invoked. Although prisoners do not shed all constitutional rights at the prison gate, *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974), "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system," *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125 (1977) (quotations omitted).

"Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). As a result, constitutionally protected liberty interests are "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484; *See also May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (convicted

inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998) (finding a two and a half year term in administrative segregation did not constitute an "atypical and significant" hardship). The state does not create protectable liberty interests by way of mandatory language in prison regulations. *Sandin*, 515 U.S. at 481-84.

Here, Plaintiff claims he had a constitutionally protected liberty interest in not being placed on a yard-hold or sent to Unit 8 because the conditions in Unit 8 constituted an atypical and significant hardship. However, this claim should be dismissed as to Defendant Cota because Plaintiff alleges no facts that indicate Defendant Cota was either directly or indirectly responsible for his placement in Unit 8. As discussed above, it appears the only action taken by Defendant Cota was to classify the reported violation as serious. In the absence of any specific allegations against Defendant Cota, this Court recommends Defendant's motion be **GRANTED** and the Fourteenth Amendment claims in Counts Five and Seven be **DISMISSED without prejudice** and **with leave to amend**.

### G.     Count Six

Plaintiff claims Defendant Cota, along with Defendants Limon, Liles, Cowan, and Hernandez, violated his Fourteenth Amendment rights under the Due Process Clause when they issued him a RVR for failure to comply with Operational Plan #85, without first notifying him that he was expected to abide by Operational Plan #85 and that failure to do so would result in a transfer to a harsh lock-up and 24-hour isolation unit. As discussed above, Plaintiff does not allege any specific actions on the part of Defendant Cota. In any event, Plaintiff's allegations in regards to this claim are contradicted by both his allegations in relation to Count One and by his own Exhibit A. Specifically, Plaintiff alleged he "was ordered to signed [sic] a double cell agreement or he would be placed on Yard hold and move [sic] to Unit 8 where no yard, library or other created services are available." (Complaint at ¶ 3.) Additionally, Plaintiff's Exhibit A, the RVR itself, states in pertinent part:

> On Thursday, September 28, 2006 . . .I informed Inmate PARRA . . . that he had been assigned to Double Cell status by I.C.C. I informed Inmate PARRA of Operational Plan #85, Single/Double Cell Procedures, which states, in part, "Inmates are not entitled to single cell assignment, housing location of choice, or cellmate of choice. An inmate is expected to share occupancy with another inmate in a cell setting...unless staff determines that an inmate's case factors or security concerns warrant single cell assignment. I informed Inmate

> PARRA that he would have to get a cellmate due to the overcrowding situation in ASU. I also informed Inmate PARRA that his refusal to get a cellmate would result in him being issued a CDC-115 for "Refusing to Obey Orders to Double-Cell." I further advised Inmate PARRA that a "Yard Hold" would be in effect, due to this pending CDC-115. Inmate PARRA indicated he didn't want a cell-mate, and refused to double cell, stating, "NO." Inmate PARRA is aware of this report.

(Exhibit A.)

When a complaint is accompanied by attached documents, the documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim. *Roth v. Garcia Marquez*, 942 F.2d 617, 625 n.1 (9th Cir. 1991). If the allegations in the complaint are refuted by an attached document, the court need not accept the allegations as being true. *Id*. Because the allegations in relation to Count One, as well as the information contained in Exhibit A, directly contradict Plaintiff's claim that he was not provided notice of the need to comply with the order to double-cell, this Court does not accept Plaintiff's allegation that he was not provided notice as true. *See id*. Accordingly, this Court recommends Defendant's motion be **GRANTED** and Plaintiff's claim in Count Six be **DISMISSED without leave to amend** because the pleading could not be cured by the allegation of other facts. *See Lopez*, 203 F.3d at 1130.

### H.      Count Eight

Plaintiff claims Defendant Cota, along with Defendants Limon, Liles, Cowan, and Hernandez, deprived him of his state-created liberty interest in being classified as having "safety concerns" when they assigned him to double cell with a general population inmate. However, assuming *arguendo* Defendant Cota was involved in the decision to house Plaintiff with a general population inmate, prisoners do not have a constitutionally recognized liberty interest in a particular security classification. *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987); *see also Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Accordingly, this Court recommends Defendant's motion be **GRANTED** and Plaintiff's Fourteenth Amendment claim in Count Eight be **DISMISSED without leave to amend** because the pleading could not be cured by the allegation of other facts. *See Lopez*, 203 F.3d at 1130.

### I.      Counts Nine and Eleven through Eighteen

Plaintiff alleges numerous state law causes of action against Defendant Cota. Section 1983 "is not itself a source of substantive rights, but a method for vindicating *federal* rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v.*

*McCollan*, 443 U.S. 137, 144 n.3 (1979) (emphasis added). A claim for violation of state law is not cognizable under § 1983. *See Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990); accord *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995) ("We take this opportunity to emphasize that violations of state laws, state-agency regulations, and . . . state-court orders, do not by themselves state a claim under 42 U.S.C. § 1983."). Thus, Plaintiff's state law claims are not cognizable under § 1983 and are only before this Court pendant to Plaintiff's claims based on federal law.

Here, as discussed above, Plaintiff's federal claims against Defendant Cota must be dismissed from the complaint because he fails to state a cognizable claim for relief under § 1983. When federal law claims are removed from a lawsuit before trial and only state law claims remain, the balance of factors to be considered under the pendant jurisdiction doctrine will usually point toward declining to exercise jurisdiction over the remaining state law claims, and to dismiss the claims without prejudice. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial . . . the state claims should be dismissed as well"). In view of this Court's determination that Plaintiff fails to state a cognizable claim for relief under § 1983 against Defendant Cota, this Court refrains from determining the propriety of Plaintiff's state law claims against him until such time as Plaintiff files a viable federal claim. Accordingly, it is recommended the Court decline to exercise jurisdiction over Plaintiff's state law claims against Defendant Cota and these claims be **DISMISSED without prejudice**. *See* 28 U.S.C. 1367(c)(3).

## IV. CONCLUSION

Having reviewed the matter, this Court recommends:

1. Defendant's Motion to Dismiss be **GRANTED**;

2. Plaintiff's claims in Counts One through Three, Five, and Seven be **DISMISSED without prejudice and with leave to amend**;

3. Plaintiff's claims in Count Four, Six, and Eight be **DISMISSED with prejudice and without leave to amend**;

4. The Court decline to exercise jurisdiction over Plaintiff's state law claims against Defendant Cota and these claims be **DISMISSED without prejudice**; and

5.  Plaintiff be given **thirty days** from the date the final order regarding Defendant's motion is entered to file and serve a First Amended Complaint. Leave to amend should only be granted as to the previously brought claims for the purpose of curing pleading deficiencies. No new claims should be alleged. Plaintiff should be warned that the First Amended Complaint will be his final pleading.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636 (b)(1).

IT IS ORDERED that no later than **December 10, 2008**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties **within 10 days** of being served with the objections.

**IT IS SO ORDERED**.

DATED: November 10, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge