# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR PARRA JR., | CASE NO. 08-CV-0191 H (CAB) |
| Plaintiff, | **ORDER** |
| vs. | **(1) ADOPTING IN PART REPORT AND RECOMMENDATIONS** |
| | **[Doc. Nos. 19, 40]** |
| R. HERNANDEZ, Warden, et al., | **(2) GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS** |
| Defendant. | **[Doc. Nos. 12, 14, 39]** |

On January 31, 2008, Plaintiff filed a complaint under the Civil Rights Act, 42 U.S.C. § 1983 alleging constitutional violations against Defendants. (Doc. No. 1.) On May 23, 2008, Defendants P. Cowan, R. Hernandez, R. Limon, and W. Liles filed a motion to dismiss the complaint. (Doc. No. 12.) Defendant CDCR filed its motion to dismiss on July 10, 2008. (Doc. No. 14.) On July 21, 2008, Plaintiff filed a response to Defendants' motion to dismiss. (Doc. No. 23.) On July 22, 2008, the Magistrate Judge issued a Report and Recommendation that Defendants' motions to dismiss be granted. (Doc. No. 19.) On August 4, 2008, Plaintiff filed a document that the Court construed as an objection to the Report and Recommendation. (Doc. No. 25.) Defendant Cota filed his motion to dismiss on October 2, 2008. (Doc. No. 39.) On November 10, 2008, the Magistrate Judge issued a Report and Recommendation that

Cota's motion to dismiss be granted. (Doc. No. 40.) Plaintiff filed an objection to the Report and Recommendation on December 4, 2008. (Doc. No. 41.) For the following reasons, the Court adopts in part the Report and Recommendations of the Magistrate Judge and grants in part Defendants' motions to dismiss.

(1) The Court dismisses Plaintiff's first cause of action for retaliation as to all Defendants and denies leave to amend.

(2) The Court dismisses Plaintiff's first, second, and third causes of action for Eighth Amendment violations as to Defendants Liles, Limon and Cota and grants leave to amend.

(3) The Court dismisses Plaintiff's fourth cause of action for unreasonable seizure as to all Defendants and denies leave to amend.

(4) The Court dismisses Plaintiff's fifth and seventh causes of action for due process violations as to Defendants Liles, Limon and Cota and grants leave to amend.

(5) The Court dismisses Plaintiff's sixth cause of action as to all Defendants and denies leave to amend.

(6) The Court dismisses Plaintiff's eighth cause of action regarding classification and denies leave to amend.

(7) The Court dismisses Plaintiff's ninth cause of action for unreasonable seizure as to all Defendants and denies leave to amend.

(8) The Court dismisses with prejudice all claims against the California Department of Corrections and Rehabilitation (the "CDCR").

(9) The Court dismisses Plaintiff's tenth cause of action and denies leave to amend.

(10) The Court dismisses Plaintiff's eleventh, twelfth, and thirteenth causes of action as to all Defendants and grants leave to amend as to all Defendants other than the CDCR.

(11) The Court dismisses Plaintiff's fourteenth cause of action as to Defendants Liles, Limon and Cota and grants leave to amend.

(12) Court dismisses Plaintiff's seventeenth cause of action as to all Defendants and denies leave to amend.

1   (13)    The Court dismisses Plaintiff's eighteenth cause of action as to Defendants Liles,
2                Limon and Cota and grants leave to amend.

Plaintiff may submit an amended complaint remedying the highlighted deficiencies no later than **May 4, 2009**. Where the Court has denied leave to amend, Plaintiff would be required to submit along with his amended complaint a motion for reconsideration based on new facts or new law to maintain such claims.

### **Background**

At all times relevant to the Complaint, Plaintiff was incarcerated at Richard J. Donovan State Correctional Facility ("Donovan"). Plaintiff alleges that he suffers from an anxiety disorder and has been assigned a "safety concerns" classification from the prison. (Compl. ¶¶ 2, 13.)

The Complaint alleges that, on or about September 28, 2006, Defendants Limon and Liles, enforcing "Operational Plan #85," ordered Plaintiff to sign a double cell agreement and share a cell with another inmate named Duran, who was in the general population. (Compl. ¶¶ 1-3.) Plaintiff had shared a cell with at least one general population inmate in the past. (Compl. ¶ 49.) However, Plaintiff refused to double cell with Duran, explaining that he feared Duran would assault him. (Compl. ¶ 4.) Limon and Liles warned Plaintiff that, if he did not sign the double cell agreement, he would be issued a Rule Violation Report ("RVR") placed on yard hold and moved to Unit 8, where there are no yard or library services. (Compl. ¶ 3.) Plaintiff then agreed to double cell with Duran, but would not sign the agreement form. (Compl. ¶ 6.)

On October 4, 2006, Plaintiff was formally issued an RVR for refusing an order to double cell. (Compl. Ex. A.) Plaintiff states that, on October 9, 2006, he was transferred to Unit 8. (Compl. Ex. B at 3.) On October 30, 2006, following a hearing conducted at Donovan, the Hearing Officer found Plaintiff not guilty of the rule violation and ordered that the RVR be removed from Plaintiff's central file. (Compl. Ex. A at 2.) The Hearing Officer noted that Plaintiff was in compliance at the time of the hearing and that a central file review should have been conducted regarding Plaintiff's claims. (Id.) The Hearing Officer concluded that no

further disciplinary action was necessary. (Id.)

While on yard hold and while housed in Unit 8, Plaintiff was not allowed any time in the exercise yard. (Compl. ¶ 8.) On January 1, 2007, Plaintiff was transferred to Unit 7. (Compl. ¶ 15.) There, from January 1, 2007 through April 2007, Plaintiff was allowed less than five hours of exercise yard time per week. (Compl. ¶¶ 8, 15.)

## Discussion

Based on these events, Plaintiff alleges multiple causes of action under the First, Fourth, Eighth, and Fourteenth Amendments, as well as several state laws. Defendants move for the dismissal of all claims against Defendants Limon, Liles, Cota, and the CDCR, and for the dismissal of certain claims against Defendants Cowan and Hernandez.

### I.  Motion to Dismiss – Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). The Supreme Court has stated that the factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). If the complaint fails to "state a claim for relief that is plausible on its face," it should be dismissed. Twombly, 127 S. Ct. at 1960.

When a civil rights plaintiff appears pro se, courts construe the pleadings liberally. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). However, courts "may not supply essential elements of the claim that were not initially pled" and are "not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). In ruling on Defendants' motions to dismiss, the Court applies this standard to each challenged cause of action.

In general, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). However, a court may also consider "exhibits attached to the complaint and matter properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).

## II.     Plaintiff's Eighth Amendment Claims (Counts 1-3)

Plaintiff's first, second and third counts purport to allege causes of action for violation of Plaintiff's rights under the Eighth Amendment. Plaintiff argues that his lack of exercise yard time and library access constitute cruel and unusual punishment. Plaintiff alleges that the individual Defendants were deliberately indifferent to Plaintiff's anxiety disorder when they subjected him to the conditions in Units 7 and 8.

Generally, the Eight Amendment prohibits "excessive" punishment that involves "the unnecessary and wanton infliction of pain" or is "grossly out of proportion to the severity of the crime." Gregg v. Georgia, 428 U.S. 153, 173 (1976). The Eighth Amendment also requires prison officials to provide "humane conditions of confinement" and ensure that inmates receive "adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994).

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious." Farmer, 511 U.S. at 834. Here, Plaintiff alleges a deprivation of outdoor exercise. "Exercise has been determined to be one of the basic human necessities protected by the Eighth Amendment" and "the lack of outside exercise for extended periods is a sufficiently serious deprivation" to satisfy the objective test. LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993).

However, the Eighth Amendment "does not outlaw cruel and unusual 'conditions;' it outlaws cruel and unusual 'punishments.'" Farmer, 511 U.S. at 837. Accordingly, to establish an Eighth Amendment violation, an inmate must show that the prison official subjectively had a "sufficiently culpable state of mind" in causing the deprivation. Id. at 834. In prison conditions cases, the required state of mind is one of "deliberate indifference to inmate health or safety." Id. (internal quotes omitted). Additionally, when a plaintiff seeks to hold an

1 individual liable for damages based on an Eighth Amendment violation, courts must engage in a causation inquiry focusing on "whether the individual defendant was in a position to take steps to avert [the harm] but failed to do so intentionally or with deliberate indifference." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). This inquiry must account for "the duties, discretion, and means of each defendant." Id. at 633-34.

In this case, the Complaint states that Defendants Limon and Liles are correctional officers, not prison administrators. According to the Complaint, Limon's and Liles's only actions toward Plaintiff consisted of them ordering Plaintiff to double cell under Operational Plan #85, warning him of the consequences if he refused, and issuing Plaintiff and RVR in response to his refusal. (Compl. ¶¶ 1-7, Ex. A.) Such factual allegations do not show that Limon and Liles were individually in a position to take steps to avert the harm allegedly suffered by Plaintiff but failed to do so with the required culpable state of mind. See id. Plaintiff alleges no facts showing that Limon and Liles were responsible for Operational Plan #85 or the conditions in Unit 8. Considering the duties and discretion of a correctional officer, there is an insufficient causal link between Limon's and Liles's actions and Plaintiff's alleged deprivation.

Plaintiff's Complaint states that Defendant Cota is the Facility Two Captain at the prison. (Compl. ¶ 11, Ex. A.) Plaintiff alleges that, in that capacity, Defendant Cota worked with the warden and assistant warden to create the conditions in Unit 8. (Compl. ¶ 11, 13.) However, Plaintiff does not explain what it means to be a Facility Captain or explain Cota's role in creating those conditions. A plaintiff must plead more than conclusory allegations to show "plausible liability" and avoid dismissal. Bell Atlantic Corp. v. Twombly 127 S. Ct. 1955, 1966 n.5 (2007).

Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's Eighth Amendment claims as to Defendants Liles, Limon and Cota. Plaintiff's Eighth Amendment claims against Defendants Liles, Limon and Cota in Counts 1 through 3 are dismissed with leave to amend.

///

### III. Plaintiff's First Amendment Retaliation Claim (Count 1)

In a single paragraph, the Complaint alleges that Defendants' actions constituted retaliation for the exercise of a protected right in violation of Plaintiff's First Amendment rights. (Compl. ¶ 9.) For an inmate to make out a viable cause of action for First Amendment retaliation, his claim must contain "five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). With respect to the fourth element, "harm that is more than minimal will almost always have a chilling effect." Id. at 567 n.11.

However, a Plaintiff "must allege both that the type of activity he engaged in was protected under the first amendment and that the state impermissibly infringed on his right to engage in the protected activity." Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Here, instead of relying on rights afforded by the First Amendment, Plaintiff asserts rights under California Civil Code § 43, which states only that "every person has . . . the right of protection from bodily restraint or harm." (Compl. ¶ 9.); Cal. Civ. Code § 43. The First Amendment provides "freedoms of speech, press, religion, assembly, association, and petition for redress of grievances." Malloy v. Hogan, 378 U.S. 1, 5 (1964). Plaintiff's refusal to share a cell does not constitute protected speech or conduct under the First Amendment.

Accordingly, the Court grants Defendants' motions to dismiss as to Plaintiff's retaliation claim in Count 1 and dismisses that claim as to all Defendants without leave to amend because further amendment would be futile. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### IV. Plaintiff's Fourth Amendment Search & Seizure Claim (Count 4)

The Complaint alleges that Defendants "violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures" when they removed him from Unit 6 and placed him in Unit 8. (Compl. ¶ 24-28.) In objecting to the Magistrate Judge's Report and Recommendation, Plaintiff cites authority that is ultimately unavailing. Two of Plaintiff's

1  cited cases do not involve incarcerated individuals. Brower v. County of Inyo, 489 U.S. 593
2  (1989); Ganwich v. Knapp, 319 F.3d 1115 (9th Cir. 2003). These cases are minimally
3  instructive here, as the Supreme Court has held that the Fourth Amendment does not provide
4  full protection to prisoners. See Hudson v. Palmer, 468 U.S. 517, 528 n.8 (1984) (stating that
5  the Fourth Amendment does not proscribe unreasonable searches or seizures of property in
6  prison). Plaintiff's third case states that, notwithstanding Hudson, the Fourth Amendment right
7  to be free from unreasonable searches and seizures "extends to incarcerated prisoners," but
8  goes on to say that reasonableness must be "determined by reference to the prison context."
9  Thompson v. Souza, 111 F.3d 694, 699 (9th. Cir. 1997). In the prison context, the Ninth
10 Circuit has held that a Fourth Amendment claim based on a prisoner transfer "has no basis in
11 law," even when "the degree of confinement may be different and prison life may be more
12 disagreeable in one institution than in another." Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.
13 1985).

14 In light of Rizzo, Plaintiff may not assert a Fourth Amendment violation based merely
15 on his transfer from one unit to another. That Unit 8 prisoners experience a greater degree of
16 confinement does not change the analysis. Accordingly, the Court dismisses Plaintiff's fourth
17 cause of action as to all Defendants and denies leave to amend because further amendment
18 would be futile. See Lopez, 203 F.3d at 1127.

19 **V.      Plaintiff's Due Process Claims for Deprivation of Access  (Counts 5 & 7)**

20 In Counts 5 and 7, Plaintiff alleges that Defendants Limon, Liles and Cota violated his
21 Fourteenth Amendment due process rights when he was transferred to Unit 8 and lost access
22 to outdoor exercise and the library. (Compl. ¶¶ 29-35, 43-46.) Plaintiff contends that
23 Defendants should have conducted a review of his situation and formally adjudicated his guilt
24 before effecting the transfer. (Compl. ¶¶ 30, 43.)

25 However, the "requirements of procedural due process apply only to the deprivation of
26 interests encompassed by the Fourteenth Amendment's protection of liberty and property."
27 Burnsworth v. Gunderson, 179 F.3d 771, 774 (9th Cir. 1999). A prisoner possesses a liberty
28 interest "when a change occurs in confinement that imposes an 'atypical and significant

hardship . . . in relation to the ordinary incidents of prison life.'" Resnick v. Hayes, 213 F.3d 443, 448 (9th Cir. 2000) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). The Ninth Circuit has held that a prisoner does not suffer a due process violation when he is placed in a disciplinary segregation unit pending a disciplinary hearing, even when this move deprives the prisoner of outdoor exercise and access to the prison library. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997). Prisoners have "'no liberty interest in freedom from state action taken within the sentence imposed'" and "administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence." Id. (quoting Sandin, 515 U.S. at 480).

Here, as in May, Plaintiff alleges that the actions of Limon, Liles and Cota led to his being deprived of outdoor exercise beginning September 25 or 28, 2006. (Compl. ¶¶ 7, 8; Ex. A.) Plaintiff was transferred to Unit 8 on October 9, 2006. (Compl. Ex. B at 3.) On October 30, 2006, following a hearing conducted at Donovan, the Hearing Officer found Plaintiff not guilty of the rule violation, ordered that the RVR be removed from Plaintiff's central file, and concluded that no further discipline was necessary. (Compl. Ex. A at 2.) Plaintiff's lack of outdoor exercise following that hearing cannot be traced to any alleged action on the part of Limon, Liles or Cota. Even assuming the correctional officers were responsible for Plaintiff's yard hold and placement in Unit 8 pending the hearing, their actions resulted in only 32 days without yard privileges and 21 days in Unit 8. This short term deprivation cannot form the basis of a due process claim against these Defendants. See May, 109 F.3d at 565 (rejecting a plaintiff's due process and Eighth Amendment claims stemming from 21 days in disciplinary segregation without outdoor exercise pending a disciplinary hearing).

Accordingly, the Court dismisses Plaintiff's fifth and seventh causes of action against Defendants Liles, Limon and Cota and grants leave to amend.

**VI.    Plaintiff's Due Process Claim for Insufficient Notice (Count 6)**

Due process "requires fair notice of what conduct is prohibited before a sanction can be imposed." Newell v. Sauser, 79 F.3d 115, 117 (9th Cir. 1996). Plaintiff's sixth cause of action alleges that Defendants violated Plaintiff's due process rights by providing insufficient notice that he was expected to comply with Operational Plan #85. (Compl. ¶¶ 36-42.)

1  However, the Complaint and attached exhibits clearly indicate that Defendants Liles and
2  Limon provided Plaintiff with actual verbal notice of the relevant requirements of Operational
3  Plan #85 and the consequences for refusing to comply. (Compl. ¶¶ 3, 5; Ex. A.) "When
4  allegations of the complaint are refuted by an attached document, the Court need not accept
5  the allegations as being true." Roth v. Garcia Marquez, 942 F.2d 617, 625 n.1 (9th Cir. 1991).
6  Here, the allegations of Plaintiff's sixth cause of action are refuted by the attached RVR as
7  well as the Complaint itself.

8  Plaintiff's objection to the Magistrate Judge's Report and Recommendation cites a
9  Seventh Circuit case, Forbes v. Trigg, stating that due process "requires that inmates receive
10 fair notice of a rule before they can be sanctioned for its violation." 976 F.2d 308, 314 (7th
11 Cir. 1992). However, that court went on to conclude that the plaintiff in that case had received
12 adequate notice because a correctional officer had informed the inmate that he was subject to
13 the relevant rule, explained the consequences for refusing to obey, and gave the inmate a
14 chance to submit before reporting him. Id. Similarly, in this case, Plaintiff received sufficient
15 notice of the rule and penalties and was given a chance to comply before the RVR was issued.

16 Accordingly, the Court dismisses Plaintiff's sixth cause of action and denies leave to
17 amend because further amendment would be futile. See Lopez, 203 F.3d at 1127.

18 **VII.   Plaintiff's Due Process Claim Regarding Classification (Count 8)**

19 Plaintiff's eighth cause of action alleges that Defendants deprived him of a state created
20 liberty interest afforded by California Code of Regulations Title 15, § 3341.5 and his
21 classification as a prisoner with "safety concerns." (Compl. ¶ 47.) Section 3341.5 provides
22 that a prisoner with safety concerns "may be placed in the [protective housing unit]" providing
23 certain criteria are met. (Cal. Code. Regs. tit. 15, § 3341.5(a). However, these sources do not
24 provide Plaintiff with a protectable liberty interest.

25 "Liberty interests protected by the Fourteenth Amendment may arise from two sources
26 – the Due Process Clause itself and the laws of the States." Hewett v. Helms, 459 U.S. 460,
27 466 (1983). A state regulatory measure creates such an interest only when it imposes
28 "substantive limitations" that "eliminate all discretion." Hernandez v. Johnston, 833 F.2d

1316, 1318 (9th Cir. 1987) (quoting Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 844 (9th Cir. 1985)).  Section 3341.5 does not meet this standard.  Instead of using mandatory language eliminating discretion, the regulation is explicitly permissive.

With regard to Plaintiff's "safety concerns" classification, the Court notes that "a prisoner has no constitutional right to a particular classification status." Hernandez, 833 F.2d at 1318 (citing Moody v. Daggett, 429 U.S. 78, 97 (1976).  The Hernandez court went on to explain that "[a] different question might be presented if a prisoner's classification adversely affected his eligibility for parole or good time credits." Id.  Here, there are no allegations or evidence that Defendants' actions had any effect on Plaintiff's parole eligibility or time credits.

Accordingly, the Court dismisses Plaintiff's eighth cause of action and denies leave to amend because further amendment would be futile.  See Lopez, 203 F.3d at 1127.

**VIII.    Plaintiff's State Law Claim for Unreasonable Seizure (Count 9)**

Alleging the same facts as Count 4, Plaintiff asserts a claim under the California Constitution for unreasonable seizure. (Compl. ¶¶ 53-58.)  The California Constitution uses language identical to the Federal Constitution to prohibit unreasonable seizures and searches. Cal. Const. art. I, § 13; U.S. Const. amend. IV.  It is well settled in California law that "cogent reasons must exist before a state court in construing a provision of the state Constitution will depart from the construction placed by the Supreme Court of the United States on a similar provision in the federal Constitution." Raven v. Deukmejian, 52 Cal. 3d 336, 353 (Cal. 1990).  The Supreme Court has stated that the Fourth Amendment does not proscribe unreasonable searches or seizures of property in prison. Hudson v. Palmer, 468 U.S. 517, 528 n.8 (1984).  Consistent with this general principle that an incarcerated inmate does not receive full protection under the Fourth Amendment, the Court concludes that Plaintiff's claim for unreasonable seizure under the California Constitution lacks a cognizable legal theory.

Accordingly, the Court dismisses Plaintiff's ninth cause of action as to all Defendants and denies leave to amend because further amendment would be futile.  See Lopez, 203 F.3d at 1127.

///

### IX. Plaintiff's State Law Claims for Interference With Exercise of Civil Rights (Counts 10-13, 18)

As an initial matter, the Court notes that Plaintiff asserts counts ten through eighteen against Defendants including the California Department of Corrections and Rehabilitation. However, in the absence of "a waiver by the state or a valid congressional override, under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999) (internal quotes omitted). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." Id. at 1025-26. Accordingly, the Court dismisses with prejudice all claims against the California Department of Corrections and Rehabilitation (the "CDCR").

Plaintiff's tenth cause of action is based partly on California Civil Code § 43, which provides that "every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations." Cal. Civ. Code § 43. Plaintiff alleges that his refusal to share a cell with an inmate he feared was an exercise of that right. This argument has no legal basis. Plaintiff cites no authority for the proposition that this statute gives prisoners the right to refuse housing arrangements based on subjective apprehension of conflict. The Court dismisses Plaintiff's tenth cause of action and denies leave to amend because further amendment would be futile. See Lopez, 203 F.3d at 1127.

Plaintiff's eleventh, twelfth, and thirteenth causes of action involve the conditions in Unit 8 that led to Plaintiff's lack of access to outdoor exercise, reading material, and the law library. (Compl. ¶¶ 66-80.) However, Plaintiff alleges no facts showing how Limon, Liles and Cota were responsible for Operational Plan # 85 or the conditions in Unit 8. As mere correctional officers, they would not be responsible for such administrative decisions.

Additionally, Plaintiff's eleventh through thirteenth causes of action are explicitly based on California Civil Code § 52, which creates a cause of action for members of a protected class subject to discrimination. Cal. Civ. § 52(a). Plaintiff has alleged no facts showing that he was

the subject of discrimination because of his membership in a protected class. For these reasons, the Court dismisses Plaintiff's eleventh, twelfth, and thirteenth causes of action as to all Defendants and grants leave to amend as to all Defendants other than the CDCR.

Plaintiff's eighteenth cause of action alleges that Defendants interfered with Plaintiff's rights when they threatened Plaintiff with the deprivation of outdoor exercise and access to the law library. (Compl, ¶¶ 110-114.) Plaintiff asserts a right to sue under California Civil Code § 52.1(b), which provides that a person whose exercise of federal or state constitutional or statutory rights has been interfered with may sue for damages and injunctive relief. Cal. Civ. Code § 52.1(b). However, as discussed, Plaintiff's Complaint fails to show that Defendants Liles, Limon and Cota are responsible for the alleged violations of Plaintiff's rights, as they were not responsible for Operational Plan #85 or the conditions in Unit 8. Accordingly, the Court dismisses Plaintiff's eighteenth cause of action as to Defendants Liles, Limon and Cota and grants leave to amend.

## X.     Plaintiff's Claim for Violation of Mandatory Duties (Count 14)

Plaintiff's fourteenth cause of action alleges that Defendants infringed upon his rights by subjecting him to the conditions of Unit 8, in violation of California Civil Code § 1708, which states only that every person is bound to abstain from infringing upon another's rights. However, as discussed, Plaintiff has not alleged sufficient facts showing that Defendants Liles, Limon and Cota were responsible for those conditions or any other violation of Plaintiff's rights. Accordingly, the Court dismisses Plaintiff's fourteenth cause of action as to Defendants Liles, Limon and Cota and grants leave to amend.

## XI.    Plaintiff's Claims for Negligence (Counts 15 & 16)

The Complaint alleges that Defendants Limon, Liles and Cota were negligent in ordering Plaintiff to double cell without conducting a compatibility review as required by prison policy. (Compl. ¶¶ 87-90.) The elements of a negligence cause of action are: (1) a legal duty to use due care, (2) a breach of that duty, (3) the breach was the proximate cause of the resulting injury, and (4) actual loss or damage resulting from the breach. Brown v. Ransweiler, 89 Cal. Rptr. 3d 801, 817 (Cal. Ct. App. 2009). However, Plaintiff has alleged no facts

showing that, had Defendants performed the compatibility review, Plaintiff would not have been subjected to the conditions in Unit 8.  Count 15 is therefore deficient as to the third and fourth elements of negligence under Brown.  89 Cal. Rptr. 3d at 817.  The Court dismisses Plaintiff's fifteenth cause of action and grants leave to amend.

Plaintiff's sixteenth cause of action alleges that Defendants were negligent when they enforced Operational Plan #85 without giving proper notice to Plaintiff of its requirements and the consequences for disobeying.  However, the Complaint and attached exhibits clearly indicate that Defendants Liles and Limon provided Plaintiff with actual verbal notice of the relevant requirements of Operational Plan #85 and the consequences for refusing to comply.  (Compl. ¶¶ 3, 5; Ex. A.)  Accordingly, the Court dismisses Plaintiff's sixteenth cause of action as to all Defendants and denies leave to amend because further amendment would be futile.  See Lopez, 203 F.3d at 1127.

**XII. Plaintiff's Claim for Violation of California Government Code § 11340.5 (Count 17)**

Plaintiff's seventeenth cause of action alleges that Defendants violated California Government Code § 11340.5 when they enforced Operational Plan #85 without adopting it as a regulation and filing it with the Secretary of State.  Section 11340.5 requires agencies to engage in a series of steps before it issues or enforces any guidelines or other rules which are regulations under Section 11342.600.  Cal. Gov. Code § 11340.5(a).  Section 11340.5 explicitly places requirements on state agencies, which are immune from suit in federal court under the Eleventh Amendment.  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  The statute creates no cause of action against individuals.

Accordingly, the Court dismisses Plaintiff's seventeenth cause of action as to all Defendants and denies leave to amend because further amendment would be futile.  See Lopez, 203 F.3d at 1127.

**Conclusion**

Accordingly, the Court adopts in part the Report and Recommendations of the Magistrate Judge and grants in part Defendants' motions to dismiss.

(1) The Court dismisses Plaintiff's first cause of action for retaliation as to all Defendants and denies leave to amend.

(2) The Court dismisses Plaintiff's first, second, and third causes of action for Eighth Amendment violations as to Defendants Liles, Limon and Cota and grants leave to amend.

(3) The Court dismisses Plaintiff's fourth cause of action for unreasonable seizure as to all Defendants and denies leave to amend.

(4) The Court dismisses Plaintiff's fifth and seventh causes of action for due process violations as to Defendants Liles, Limon and Cota and grants leave to amend.

(5) The Court dismisses Plaintiff's sixth cause of action as to all Defendants and denies leave to amend.

(6) The Court dismisses Plaintiff's eighth cause of action regarding classification and denies leave to amend.

(7) The Court dismisses Plaintiff's ninth cause of action for unreasonable seizure as to all Defendants and denies leave to amend.

(8) The Court dismisses with prejudice all claims against the California Department of Corrections and Rehabilitation (the "CDCR").

(9) The Court dismisses Plaintiff's tenth cause of action and denies leave to amend.

(10) The Court dismisses Plaintiff's eleventh, twelfth, and thirteenth causes of action as to all Defendants and grants leave to amend as to all Defendants other than the CDCR.

(11) The Court dismisses Plaintiff's fourteenth cause of action as to Defendants Liles, Limon and Cota and grants leave to amend.

(12) Court dismisses Plaintiff's seventeenth cause of action as to all Defendants and denies leave to amend.

(13) The Court dismisses Plaintiff's eighteenth cause of action as to Defendants Liles, Limon and Cota and grants leave to amend.

///

///

1 | Plaintiff may submit an amended complaint remedying the highlighted deficiencies no later
2 | than **May 4, 2009**. Where the Court has denied leave to amend, Plaintiff would be required
3 | to submit along with his amended complaint a motion for reconsideration based on new facts
4 | or new law to maintain such claims.
5 | IT IS SO ORDERED.
6 | DATED: March 24, 2009

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT