# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR PARRA, Jr., | CASE NO. 08cv0191 - H (CAB) |
| Plaintiff, | **ORDER** |
| vs. | **(1) ADOPTING REPORT AND RECOMMENDATIONS** |
| R. HERNANDEZ, et al., | **(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| Defendant. | |

On June 17, 2009, Plaintiff Victor Parra, Jr. ("Plaintiff"), a state prisoner proceeding pro se, filed a first amended complaint ("FAC") pursuant to 42 U.S.C. § 1983 and named as defendants R. Limon, W. Liles, P. Cowan, R. Hernandez, and A.L. Cota (collectively "Defendants"), all of whom are employees of the California Department of Corrections and Rehabilitations at R.J. Donovan State Prison.  (Doc. No. 52.)  Plaintiff alleged Eighth and Fourteenth Amendment as well as state law violations.  (Id.)  On June 26, 2009, Defendants moved to dismiss the Fourteenth Amendment and state law claims.  (Doc. No. 53.)  Plaintiff did not oppose the motion to dismiss.  On September 11, 2009, the magistrate judge issued a Report and Recommendation ("R&R") recommending the Court grant in part and deny in part the motion to dismiss.  (Doc. No. 54.)  On October 5, 2009, Plaintiff filed objections to the R&R pursuant to 28 U.S.C. (b)(1)(C).  (Doc. No. 55.)

For the following reasons, the Court ADOPTS the R&R and GRANTS in part and DENIES in part Defendants' motion to dismiss.

**Background**

Plaintiff, a state prisoner incarcerated at R.J. Donavan State Prison, alleges that he has an anxiety disorder and at the time of the incident was classified as having safety concerns and housed in administrative segregation.  (FAC at ¶19; Plaintiff's Exhibit C.)  On or about September 28, 2006, Plaintiff was ordered by Defendants Limon and Liles to double-cell with Duran, a general population inmate.  (FAC at ¶¶18, 20.)  Plaintiff informed Limon and Liles that, according to prison policies, he and Duran were not appropriate cellmates.  (FAC at ¶19.)  Limon and Liles then warned Plaintiff that he would be issued a Rule Violation Report ("RVR") and placed on yard-hold unless he double-celled with Duran and signed a corresponding double-cell agreement.  (FAC at ¶23.)  Plaintiff agreed to double-cell with Duran but refused to sign the agreement.  (FAC at ¶27.)  Plaintiff was then placed on yard-hold.  (FAC at ¶35.)

On October 4, 2006, Plaintiff was formerly issued a RVR for "refusing an order to double cell." (FAC at Exhibit D.)  On November 3, 2006, Plaintiff appeared for a hearing on the RVR.  (FAC at ¶36.)  The reviewing officer found Plaintiff not guilty of refusing to obey an order and determined that further disciplinary action against Plaintiff was unnecessary.  (Id.)  On January 1, 2007, the yard-hold restrictions were lifted.  (FAC ¶38.)  Plaintiff alleges he was denied outdoor exercise and reading materials from September 28, 2006, through January 1, 2007, a total of about 95 days.  (Id.)

**Discussion**

Plaintiff alleges seven causes of action for violations under the Eighth and Fourteenth Amendments to the United States Constitution, as well as violations of California Penal Code section 673, Title 15 of the California Code of Regulations sections 3343 and 3322, and California Civil Code section 52.1.  Defendants move to dismiss all but the Eighth Amendment claims.  The magistrate judge recommends the Court grant the motion to dismiss with the exception of the claim based on California Civil Code section 52.1.  Plaintiff objects to this recommendation on the grounds that the motion to dismiss his Title 15 claims should also be denied.

After a de novo review, the Court ADOPTS the R&R and GRANTS Defendants' motion to dismiss the claims brought pursuant to the Fourteenth Amendment, California Penal Code section 673, and Title 15 of the California Code of Regulations sections 3343 and 3322. The Court DENIES the

1  motion to dismiss the claim brought pursuant to California Civil Code section 52.1, but Defendants

2  may move for summary judgment on the claim if appropriate.

3      Federal Rule of Civil Procedure 12(b)(6) allows a dismissal of a complaint for "failure to state

4  a claim upon which relief can be granted."  A motion to dismiss brought pursuant to Rule 12(b)(6) can

5  be granted when it appears that the plaintiff can prove no set of facts to support his claim.  Holley v.

6  Crank, 400 F.3d 667, 674 (9th Cir. 2005).  While courts must exercise liberal interpretation when

7  reviewing pro se complaints alleging civil rights violations, a court's interpretation may not supply

8  essential elements of a claim not contained in the complaint.  Bretz v. Kellman, 773 F.2d 1026, 1027

9  (9th Cir. 1985) (en banc); Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 268 (9th

10  Cir. 1982).  Moreover, courts do not assume the truth of legal conclusions merely because they are

11  cast in the form of factual allegations.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.

12  1981).

13      A district court "may accept, reject, or modify, in whole or in part, the findings or

14  recommendations" made by a magistrate judge.  28 U.S.C. § 636(b)(1).  If a party objects to any

15  portion of a magistrate judge's report, the court "shall make a de novo determination of those portions

16  of the report . . . to which objection is made."  Id.

17  **A**.     **Plaintiff's Title 15 Claims and Objections to the R&R**

18      The magistrate judge recommends the Court grant Defendants' motion to dismiss the claims

19  brought pursuant to Title 15 of the California Code of Regulations sections 3343[1] and 3322[2] on the

20  grounds that Plaintiff lacks standing to either enforce the regulations or receive damages under Title

21  15.  (Doc. No. 54 at 6.)  In his objections to the R&R, Plaintiff claims that sections 3343 and 3322 list

22  mandatory duties governing the actions of prison officials, and that California Government Code

23  section 815.6 grants him standing when Defendants breached these mandatory duties. (Doc. No. 55

24  at 4-6.)  After a de novo review of the matter, the Court concludes that California Government Code

25

26      [1]Section 3343 addresses conditions of segregated housing in California prisons. The FAC
   alleges violations of sections 3343(h) and 3343(i) relating to inmate exercise and availability of

27  reading material, respectively.  CAL. CODE REGS. tit. 15 § 3343 (West 2009).

28      [2]The FAC alleges violations of section 3322(c).  Section 3322(c) addresses the denial of
   exercise as a disciplinary measure.  CAL. CODE REGS. tit. 15 § 3322(c) (West 2009).

1  section 815.6 does not grant Plaintiff a private cause of action, nor do California Code of Regulations

2  sections 3343 and 3322.

3          Pursuant to California Government Code section 815.6, "a public entity under a mandatory

4  duty  imposed by an enactment...is liable for an injury...caused by its failure to discharge that duty."

5  Section 815.6 is applicable only when the plaintiff is suing a public entity.[3]  See CAL. GOV'T CODE §

6  815.6 (West 2009);  See also Aubry v. Tri City, 2 Cal.4th 962, 968 (Cal. 1992).  Plaintiff here is not

7  suing a public entity. (Doc. No. 52 at 2.)  All Defendants are sued in their individual capacities only.[4]

8  (Id.)

9          Furthermore, only mandatory duties are actionable under section 815.6.  Pierce v. County of

10  Orange, 526 F.3d 1190, 1208 (9th Cir. 2008).  The regulation at issue must be "obligatory, rather than

11  discretionary or permissive."  Id.   As evident in the text of sections 3343 and 3322, prison officials

12  are granted leeway to dismiss the duties outlined in the sections.  See CAL. CODE REGS. tit. 15 §§

13  3322(c), 3343(h), and 3342(i) (West 2009).  Moreover, as prison officials, the Court must grant

14  Defendants wide-ranging deference in the adoption and execution of policies needed to ensure

15  institutional order and inmate safety.  Norwood v. Vance, 572 F.3d 626, 629 (9th Cir. 2009).

16  Accordingly, the Court GRANTS the motion to dismiss the claims brought pursuant to Title 15 of the

17  California Code of Regulations sections 3343 and 3322.

18  **B.      Plaintiff's Claim Brought Pursuant to California Penal Code Section 673**

19          Plaintiff claims that California Penal Code section 673 imposes a mandatory duty on

20  Defendants to not "inflict any punishment that would impair the health of the prisoner."  (Doc. No.

21  52 at 16.)  Section 673 is a criminal statute designed to create criminal liability for those who inflict

22  cruel, corporal, or unusual punishment on inmates. CAL. PENAL CODE § 673 (West 2009).  Statutes

23  establishing criminal liability for certain deprivations of civil rights do not give rise to civil liability.

24  Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006).  Moreover, 42 U.S.C. § 1983

25

26          [3]California Government Code section 820(a), also cited by Plaintiff, is only applicable when
    the plaintiff is suing a public employee in the official capacity. See  CAL. GOV'T CODE § 820(a) (West
    2009).

27

28          [4]On March 24, 2009, Plaintiff's claims against the California Department of Corrections and
    Rehabilitations, and employees thereof, were dismissed with prejudice on grounds of immunity
    pursuant to the Eleventh Amendment to the United States Constitution. (Doc. No. 48 at 12.) Plaintiff
    has named no other public entities as defendants.  (Doc. No. 52.)

1    provides Plaintiff with a civil remedy for the type of conduct protected against by section 673, and he

2    is properly pursuing that remedy through his section 1983 claims.  Accordingly, the Court GRANTS

3    the motion to dismiss the claims brought pursuant to California Penal Code section 673.

4    **C.      Plaintiff's Claim Brought Pursuant to California Civil Code Section 52.1**

5          Plaintiff includes a cause of action pursuant to California Civil Code sections 52.1(a) and

6    52.1(b), premised on violations of his rights under the Eighth Amendment.  (Doc. No. 52 at 18.)

7    Section 52.1 establishes a private right of action for an "individual whose exercise of enjoyment of

8    rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution

9    or laws of [California], has been interfered with" by "threats, intimidation, or coercion, or attempts

10   to interfere by threats, intimidation, or coercion."  CAL. CIV. CODE § 52.1(a) (West 2009).  Defendants

11   move to dismiss this claim solely on the basis that it is identical to Plaintiff's federal claims and is

12   therefore unnecessary.  (Doc. No. 53 at 7.)

13         Plaintiff's claim under section 52.1 is allowed to proceed as long as the claim relies on a proper

14   constitutional claim.  See Harper v. Poway Unified School District, 345 F. Supp 2d 1096, 1115 (S.D.

15   Cal. 2004).  The FAC contains claims properly alleging Eighth Amendment violations.  (Doc. No. 52

16   at 2.)  Defendants' sole objection is that the claim is redundant, but Plaintiff is allowed to proceed on

17   multiple theories of liability.  In the absence of an alternative challenge to the claim, the Court

18   DENIES without prejudice the motion to dismiss Plaintiff's claim brought pursuant to California Civil

19   Code section 52.1.

20   **D.      Plaintiff's Fourteenth Amendment Due Process Claims**

21         In his fourth and fifth causes of action, Plaintiff alleges Defendants violated his Fourteenth

22   Amendment due process rights when they denied him access to outdoor exercise and reading

23   materials.  (Doc. No. 52 at 11-15.)  Defendants move to dismiss on the grounds that the alleged

24   violations are not grounded in a substantive due process claim.  (Doc. No. 53 at 5-6.)  The Court

25   agrees with Defendants.

26         Under the law, Plaintiff's claims are more appropriately governed by the Eighth Amendment

27   and should not be analyzed "under the rubric of substantive due process."  See Lanier v. United States,

28   520 U.S. 259, 272 n. 7 (1997).  A prisoner ordinarily does not suffer a due process violation when he

is placed in disciplinary segregation for a short period of time pending a disciplinary hearing.  May

1  v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997).  Accordingly, the Court GRANTS the motion to dismiss

2  Plaintiff's Fourteenth Amendment claims.

3                                              **Conclusion**

4          For the above reasons, the Court ADOPTS the Report and Recommendation and ORDERS the

5  following:

6          (1) The Court GRANTS the motion to dismiss Plaintiff's Fourteenth Amendment claims set

7  forth in his fourth and fifth causes of action.

8          (2) The Court GRANTS the motion to dismiss Plaintiff's state law claims set forth in his sixth

9  cause of action and brought pursuant to Title 15 of the California Code of Regulations sections 3343

10 and 3322 and California Penal Code section 673.

11         (3) The Court DENIES without prejudice the motion to dismiss Plaintiff's state law claim set

12 forth in his seventh cause of action and brought pursuant to California Civil Code section 52.1.

13

14 IT IS SO ORDERED.

15 Dated: November 13, 2009

16

17

18                          MARILYN L. HUFF, District Judge
                            UNITED STATES DISTRICT COURT

19

20

21

22

23

24

25 COPIES TO:
   All parties of record.

26

27

28